## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **In re:** | **Case No.: 19-34574-KRH** |
| **LeClairRyan PLLC,** | |
| **Debtor** | **Chapter 7** |
| | |
| **Lynn L. Tavenner, as Chapter 7 Trustee,** | |
| **Plaintiff,** | |
| **vs.** | **Adv. Pro. No.: _____** |
| **ULX PARTNERS, LLC and UNITEDLEX CORPORATION,** | |
| **Defendants.** | |

## COMPLAINT

Plaintiff, Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 Trustee (in such capacity, the "Chapter 7 Trustee" or, the "Trustee") of the bankruptcy estate (the "Estate") of LeClairRyan, PLLC ("LeClairRyan" or the "Debtor"), by her undersigned counsel, states the following in support of this Adversary Complaint against Defendants ULX Partners, LLC ("ULXP") and UnitedLex Corporation ("UnitedLex") (collectively, the "ULX Entities" or "Defendants"):

Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC 20007-5109
Telephone: (202) 672-5300
Telecopy: (202) 672-5399
emorabito@foley.com
bnelson@foley.com
*Special Counsel to Lynn L. Tavenner, Esq., the Chapter 7 Trustee of the Estate of LeClairRyan PLLC*

4850-3004-5648.2

**NATURE OF THE CASE**

1.      This case arises from the business failure of Richmond-based law firm LeClairRyan.  On or about the fall of 2017, the struggling law firm began negotiating a potential joint venture with a legal services provider, UnitedLex, which was intended to resolve the firm's financial problems with an infusion of much needed liquidity.  In the end, however, rather than resolving the Debtor's financial issues, the actions or inactions of the ULX Entities only served to plunge LeClairRyan further into insolvency.  In fact, the Defendants, along with certain of the Debtor's directors, officers, and agents (the "LCR Officers and Directors"), prioritized their own desires for financial gain and prolonged the Debtor's lifespan, enabling the Defendants and others to improperly and unfairly extract millions of dollars from the Estate, to the detriment of LeClairRyan's creditors.

2.      As more fully set forth below, the structure of the ULXP joint venture, and the way in which it operated in practice, bestowed insider status on the ULX Entities vis-à-vis the Debtor.  This resulted in, among other things, the creation of voidable liens and recoverable preferential transfers in an amount not less than $17,425,405.50.

3.      Irrespective of insider status, the ULX Entities are liable for not less than $19,357,282.51 in damages for fraudulent transfers.

4.      Moreover, the conspiracy between the ULX Entities and the LCR Officers and Directors caused damages in an amount of not less than $42,759,900, including but not limited to damages relating and/or arising out of (i) keeping the Debtor operating instead of winding down the insolvent law firm; (ii) the Debtor's conversion from a professional corporation to a professional limited liability corporation, a condition precedent to forming the joint venture with UnitedLex; (iii) the Debtor's liquidation of a retirement plan; and/or, (iv) the increase in trade payables and account receivables.

5.    Finally, the Defendants' actions also caused damages and harm to the Estate, in an amount of not less than $1,069,51.00 through their misappropriation of funds tendered by clients for specific expenses, which were used by the ULX Entities for improper purposes.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

7.    This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334 because this is a civil proceeding arising in or related to the Debtor's Chapter 11 Cases (under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")).

8.    This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

9.    This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

10.    This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(1), (2) and (8) to, among other things, determine the validity, priority, or extent of a lien or other interest in property, to disallow, recharacterize or subordinate claims, and to avoid and recover preferential and fraudulent obligations and transfers.

11.    Venue is proper in this District and this Division pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

12.    On September 3, 2019, the Debtor commenced the Chapter 11 case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4850-3004-5648.2

13.　　On October 4, 2019, Ms. Tavenner was appointed as the Chapter 7 Trustee for the Debtor.[1]  As Trustee, Ms. Tavenner has the sole authority to bring these claims on behalf of the Estate.

14.　　The Debtor was a law firm run, at different times, by a board of directors and/or managers.

15.　　The Debtor was organized under the laws of the Commonwealth of Virginia.

16.　　Defendant UnitedLex is a Delaware corporation with its principal place of business in Overland Park, Kansas.

17.　　In September 2018, UnitedLex became a portfolio investment of CVC Capital Partners ("CVC"), a private equity and investment advisory firm.

18.　　Defendant ULXP is a Delaware limited liability company.

19.　　ULXP was created in 2018 as a joint venture between the Debtor and UnitedLex, and was 99% owned by UnitedLex.

20.　　ULXP was also fully controlled and managed by a special purpose entity wholly owned and controlled by UnitedLex.

## STATEMENT OF FACTS

### A.　　LeClairRyan's Dire Financial Status Prior to 2017.

21.　　LeClairRyan was founded in 1988 by Dennis Ryan and Gary D. LeClair ("LeClair").  It initially operated as a regional corporate-focused law firm, headquartered in Richmond, Virginia.  But LeClairRyan rapidly expanded – ultimately opening offices or acquiring firms across the United States.

---

[1] *See* Appointment of Interim Trustee Lynn L. Tavenner, Dkt. No. 175.

4850-3004-5648.2

22. Fundamental issues of financial mismanagement plagued the firm for years, including, but not limited to, over-compensation of certain attorneys, declining revenues, which fell short of projections and budgets by millions of dollars, and improper and erroneous accounting for certain income and expense items.

23. Beginning at least in 2014, LeClairRyan consistently missed its budget and its revenue fell short of projections.

24. By at least the end of 2014, the Debtor was insolvent, or within the zone of insolvency, failing to generate sufficient revenue to pay its debts as they became due.

25. In 2017, searching for a lifeline, the Debtor turned to a potential joint venture with a third-party, the legal services provider UnitedLex, as a way to address the Debtor's financial difficulties.

**B.    UnitedLex and LeClairRyan Enter Into a Joint Venture.**

26. Upon information and belief, UnitedLex specializes in providing a number of non-legal services for law firms and legal departments.  These non-legal services include "back-office" services, such as accounting, marketing, technology, and human resources support.  These non-legal services also include legal support services, like patent mining, document management, and electronic discovery.

27. Upon information and belief, in approximately 2017 UnitedLex sought to move beyond merely being a vendor providing legal services to become more of a partner to a "constellation" of law firms.

28. The joint venture between UnitedLex and LeClairRyan was intended to be the foundation of this proposed "constellation" structure in the United States.

4850-3004-5648.2