David G. Barger (VSB No. 21652)
Thomas J. McKee, Jr. (VSB No. 68427)
J. Gregory Milmoe (admitted *pro hac vice*)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone:  (703) 749-1300
Fax:            (703) 749-1301
Email:  mckeet@gtlaw.com

*Counsel to ULX Partners, LLC and UnitedLex Corp.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| In re:<br><br>**LECLAIRRYAN PLLC,**<br><br>Debtor. | **Chapter 7**<br><br>**Case No. 19-34574 (KRH)** |
| **Lynn L. Tavenner, as Chapter 7 Trustee,**<br><br>Plaintiff,<br><br>vs.<br><br>**ULX Partners, LLC and UnitedLex Corporation**<br><br>Defendants. | Adv. Pro. No. 20-03142-KRH |

**DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE AND
MEMORANDUM IN SUPPORT THEREOF**

**\*\*RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT COURT JUDGE\*\***

ULX Partners, LLC ("**ULXP**") and UnitedLex Corporation ("**UnitedLex**" and together with ULXP, the "**Defendants**"), by counsel and pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a) and Local Bankruptcy Rule 5011-1, submit this motion (the "**Motion**") for an order withdrawing the reference of the claims brought against them by Lynn L.

Tavenner, as Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of LeClairRyan, PLLC ("**LCR**" or the "**Debtor**").

## INTRODUCTION

While certain of Trustee's claims against the Defendants would be considered statutory core proceedings under 28 U.S.C. 157(b)(2) for which the Bankruptcy Court can enter a final judgment, many are causes of action based upon Virginia common law and statute, premised on alleged circumstances or events that predate LCR's bankruptcy filing, and for which the Trustee seeks more than $140M in alleged damages from Defendants. The Defendants have a constitutional right to a jury trial for many of these claims, and the Bankruptcy Court cannot conduct a jury trial on such claims without the Defendants' consent. The Defendants have not given, and at this time do not intend to give, such consent. Accordingly, the Bankruptcy Court is respectfully not in a position to adjudicate these claims to final judgment. Instead, the Bankruptcy Court may hear argument on these claims and then make recommended findings of fact and conclusions of law to the District Court. In the likely event of an objection to the recommended findings of fact and conclusions of law, the District Court would be required to review such recommendations *de novo*. As the facts at issue with respect to the claims for which the Defendants have a right to a jury trial are substantially the same as the facts underlying those claims for which there may not be such a right, withdrawing the reference to the District Court of *all* of the claims asserted against the Defendants will promote the orderly and efficient resolution the claims and preserve judicial resources. Based on their jury trial rights and the risk of duplicative litigation with respect to the same, the Defendants' request for withdrawal of the reference should be granted so that the claims are adjudicated by the District Court.

## BACKGROUND[1]

1.  LCR was a law firm that was founded in Richmond, Virginia in 1988. In the decades that followed, the firm expanded by opening offices and acquiring other law firms across the United States. (Complaint ¶ 21.)

2.  In 2018, LCR and UnitedLex, a provider of non-legal and legal support services, entered into a joint venture, creating ULXP. (Complaint ¶ 19.)

3.  LCR originally operated as a professional corporation, managed by a board of directors. Prior to the creation of ULXP, LCR converted to a professional limited liability company and was thereafter managed by a board of managers. (Complaint ¶ 4, 14.)

4.  Shortly following the creation of the joint venture, ULXP began providing LCR with non-legal, support services, as outlined in that certain Master Services Agreement, entered into by LCR and ULXP as of April 4, 2018 and effective as of or around April 29, 2018 (the "**MSA**"). LCR was to compensate ULXP for the provision of such services as set forth in the MSA. (Complaint ¶¶ 78, 81, 83-84.)

5.  On September 3, 2019, after alleged years of fundamental issues with its financial management, LCR filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**"). (Complaint ¶¶ 12, 22.)

---

[1] The facts are based, in part, upon those alleged in the Complaint, and are referenced solely for purposes of the Motion. Defendants do not admit any of the allegations set forth in the Complaint at this time and will respond to each allegation when required to file an answer to the Complaint.

6. On October 4, 2019, the Bankruptcy Court entered the *Order of Conversion of Chapter 11 to Chapter 7* (Bankr. Docket No. 140)[2] and the *Supplemental Order on Conversion* (Bankr. Docket No. 154), and the Trustee was appointed as the Chapter 7 Trustee for the Debtor. (Bankr. Docket No. 175; Complaint ¶ 13.)

7. On October 23, 2019, the *Notice of Meeting of Creditors* (Bankr. Docket No. 177) was filed with the Bankruptcy Court; among other things, the notice established December 13, 2019 as the deadline for non-governmental parties to file proofs of claim against the Debtor. Accordingly, on December 12, 2019, ULXP filed a proof of claim in the amount of $8,563,288 on account of that certain prepetition promissory note executed by the Debtor in favor of ULXP and secured by a second priority lien on substantially all of the Debtor's assets. (Claim No. 174.)

8. Separately, on December 12, 2019, as amended on December 13, 2019, ULXP filed a proof of claim in the amount of $3,952,025 on account of outstanding fees owed under the MSA for services provided by ULXP to the Debtor prior to July 31, 2019. (Claim No. 175.)

9. On October 26, 2020, the Trustee commenced this adversary proceeding by filing a complaint (as corrected by that October 28, 2020 filing, the "**Complaint**") (Adv. Docket No. 4) against the Defendants. The Defendants were served with the Complaint and, in accordance with a stipulation agreed to with the Trustee, their responsive pleading is due no later than January 11, 2021. (Adv. Docket No. 7.)

10. In the Complaint, the Trustee alleges that the Defendants, along with certain of the Debtor's officers and directors, "prolonged" the Debtor's existence after the Debtor allegedly became insolvent, "improperly and unfairly extract[ing]" money through certain insider transactions to the

---

[2] References to "Bankr. Docket No. __" are to the Bankruptcy Court docket in the Debtor's main bankruptcy, case number 19-34574 (KRH). References to "Adv. Docket No. __" are to the Bankruptcy Court docket in this adversary proceeding, case number 20-03142 (KRH).

detriment of the Debtor's creditors. (Complaint ¶¶ 1, 4.) As discussed below, the Trustee alleges fourteen causes of action – one (1) solely against UnitedLex, three (3) solely against ULXP and the remaining ten jointly against the Defendants.

11. More specifically, the Trustee alleges multiple common law and state statutory claims against the Defendants, including claims for (a) conspiracy (Counts 10-11), (b) aiding and abetting breach of fiduciary duty by LCR directors and officers (Count 9),[3] (c) conversion (Count 12), (d) unjust enrichment (Count 13), and (e) alter ego (Count 14). The Trustee also brings claims for fraudulent conveyances under sections 548 and 544(b) of the Bankruptcy Code (Counts 1–3, 6), preference claims under section 547 of the Bankruptcy Code (Count 4) and claims for disallowance and/or recharacterization of ULXP's claims (Counts 7–8). The fourteen counts are as follows:

| Count | Cause(s) of Action | Cited Code Sections or Statutes (if any) | Applicable Defendant |
|---|---|---|---|
| 1 | Avoidance of Fraudulent Transfers – Actual Fraud | 11 U.S.C. § 548(a)(1)(A) | UnitedLex and ULXP |
| 2 | Avoidance of Fraudulent Transfers – Constructive Fraud | 11 U.S.C. § 548(a)(1)(B) | UnitedLex and ULXP |
| 3 | Avoidance of Fraudulent Transfers under Bankruptcy Code and Applicable State Law | 11 U.S.C. §§ 544(b) and 550 | UnitedLex and ULXP |
| 4 | Avoidance of Preferences | 11 U.S.C. § 547(b) | UnitedLex and ULXP |
| 5 | Avoidance of Lien and Recovery of Avoided Transactions | 11 U.S.C. §§ 544(b), 550(a) and 551 | ULXP |

---

[3] Courts in Virginia have not yet recognized this alleged cause of action. *See Infinity Tech., LLC v. Burney*, 2020 WL 6387378, at *6 (E.D. Va. June 4, 2020) (citing *MicroStrategy Servs. Corp. v. OpenRisk, LLC*, 2015 WL 1221263, at *3 (E.D. Va. Mar. 17, 2015) and *Calderon v. Aurora Loan Serv., Inc.*, 2010 WL 2306343, at *6 (E.D. Va. June 3, 2010), which declined to recognize an asserted cause of action for aiding and abetting breach of fiduciary duty). *But see In re Health Diagnostic Laboratory, Inc.*, 2018 WL 4676339, at *11 (Bankr. E.D. Va. Sept. 26, 2018) (noting that "A cause of action for aiding and abetting a breach of fiduciary duty has been recognized by the Fourth Circuit and Virginia courts."). However, as it is certainly not a cause of action stemming from bankruptcy law, the Defendants group it with other putative common law causes of action for purposes of this Motion.

| 6 | Avoidance of Fraudulent Transfer under Bankruptcy Code and Applicable State Law | 11 U.S.C. §§ 544(b) and 550 | ULXP |
|---|---|---|---|
| 7 | Disallowance of Claims | 11 U.S.C. §§ 502(d), 547 and 550 | UnitedLex and ULXP |
| 8 | Re-Characterization of Debt as Equity | | ULXP |
| 9 | Aiding and Abetting Breach of Fiduciary Duty | | UnitedLex and ULXP |
| 10 | Statutory Conspiracy | Va. Code §§ 18.2-499, et seq. | UnitedLex and ULXP |
| 11 | Common Law Conspiracy | | UnitedLex and ULXP |
| 12 | Conversion | | UnitedLex and ULXP |
| 13 | Unjust Enrichment | | UnitedLex and ULXP |
| 14 | Alter Ego Liability | | UnitedLex |

12.  On December 17, 2020, the Bankruptcy Court held a pre-trial conference in connection with this adversary proceeding. Following the conclusion of the conference, the Bankruptcy Court entered an order (the "**Pretrial Order**") (Adv. Docket No. 9) delineating the relevant deadlines for, among other things, discovery, dispositive motions and pre-trial filings. Pursuant to Paragraph 13 of the Pretrial Order, a party must move to withdraw the reference or for other appropriate relief within 30 days of the entry of the Pretrial Order or otherwise be deemed to consent to the entry of a final judgment by the Bankruptcy Court.

13.  The Defendants have not previously responded to the Complaint. Because many of the Trustee's claims principally concern non-core, non-bankruptcy causes of action for which the Defendants are entitled to a jury trial and the Defendants do not consent to the Bankruptcy Court conducting any such jury trial, to avoid duplication of litigation, the Defendants timely seek to

withdraw the automatic reference to the Bankruptcy Court with respect to all of the foregoing claims brought against them by the Trustee.[4]

## ARGUMENT

14. Under 28 U.S.C. § 1334, United States District Courts have original jurisdiction over all bankruptcy matters. District courts, however, may refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11" to a subordinate bankruptcy court. 28 U.S.C. § 157(a); *see also* the General Order of Reference from the United States District Court for the Eastern District of Virginia, dated August 15, 1984 (the "**Standing Order of Reference**").

15. Pursuant to 28 U.S.C. § 157(d), however, the District Court's automatic reference of claims to the Bankruptcy Court can be withdrawn in certain circumstances. Indeed, such withdrawal is even mandatory at times where "an issue or question of non-bankruptcy federal law must be essential or material to the disposition of the bankruptcy proceeding." *In re U.S. Airways Group, Inc.*, 296 B.R. 673, 679 (E.D. Va. 2003). Defendants respectfully submit that at a minimum, under the District Court's exercise of discretionary withdrawal, withdrawal of the reference is warranted in order to preserve their right to a jury trial on several of the alleged causes of action and to promote an economical use of the resources of the District Court, the Bankruptcy Court and the parties.

### A. CAUSE EXISTS TO WITHDRAW THE REFERENCE

16. Under 28 U.S.C. § 157(d), "[t]he District Court <u>may</u> withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, <u>for cause shown</u>." *Id.* (emphasis added). While "cause" is not defined in the statute, the district

---

[4] The Motion is the Defendants' first appearance with respect to the Complaint. They also intend to file a motion to dismiss certain of the claims asserted against them.

7

courts in the Fourth Circuit generally consider the following factors for discretionary withdrawal of the reference on a case by case basis – none of which is solely dispositive:

(i)  whether the proceeding is core or non-core;

(ii)  the uniform administration of bankruptcy proceedings;

(iii)  expediting the bankruptcy process and promoting judicial economy;

(iv)  the efficient use of debtors' and creditors' resources;

(v)  the reduction of forum shopping; and

(vi)  the preservation of the right to a jury trial.

*See In re El-Atari*, 2011 WL 5828013, at *5 (E.D. Va. Nov. 18, 2011) (citing *Tyler v. McLane Foodservices, Inc.* (*In re QSM, LLC*), 453 B.R. 807, 809-10 (E.D. Va. 2011); *see also In re U.S. Airways Group, Inc.*, 296 B.R. at 682 ("[D]iscretionary withdrawal of reference should be determined on a case-by-case basis by weighing all the factors presented in a particular case.").

17.  Applying these factors, the District Court should withdraw the reference for the claims asserted against the Defendants. Many of the claims are non-core, state law causes of action for which the Bankruptcy Court cannot enter a final judgment. In addition, withdrawal of all of the claims will promote uniformity in the litigation and preserve resources. Moreover, while initial disclosures have been made in accordance with the deadlines prescribed in the Pretrial Order, the Bankruptcy Court has not yet made any substantive rulings in this adversary proceeding, minimizing any concerns as to forum shopping. Finally, withdrawal will preserve the Defendants' right to a jury trial on many of the claims. Therefore, ample "cause" exists to withdraw the reference.

### (i)  Core vs. Non-Core

18.  The core/non-core distinction is significant because it can impact how a bankruptcy court may treat and rule upon a claim and, thus, impact the question of whether a district court is

instead the more appropriate or required forum. *See Corliss Moore & Associates, LLC v. Credit Control Services, Inc.*, 497 B.R. 219, 223 (Bankr. E.D. Va., Richmond Division, 2013) (quoting *Stern v. Marshall*, 564 U.S. 462, 473 (2011)) ("The manner in which a bankruptcy judge may act on a referred matter depends on the type of proceeding involved.").

19.     "[A] proceeding is core under section 157 [of the United States Code] if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re U.S. Airways Group, Inc.*, 296 B.R. at 681, n. 18 (quoting *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987)).  In order to deem a proceeding "core" or "non-core," a "[c]ourt [should] identify the nature of the cause of action itself, and whether the action invokes a right under title 11 or that arose in a case under title 11." *Chesapeake Trust v. Chesapeake Bay Enterprises, Inc.*, 2014 WL 202028, at *3 (E.D. Va. Jan. 17, 2014) (citing *Corliss Moore & Associates, LLC*, 497 B.R. at 224.  In other words, "any proceeding dependent on bankruptcy for its existence is a core bankruptcy proceeding." *C.F. Trust, Inc. v. Tyler*, 318 B.R. 795, 803 (E.D. Va. 2004); *see also Grimes v. First Citizens Bank & Trust Co.*, 388 B.R. 195, 200 (Bankr. N.D. W.Va. 2008) ("Claims 'arise under' the Bankruptcy Code if the claims clearly invoke substantive rights created by bankruptcy law . . . .").  Bankruptcy courts generally have authority under 28 U.S.C. § 157(b)(1) to enter final orders and judgments with respect to "core" proceedings arising under Title 11 or arising in a case under Title 11.  A non-exhaustive list of types of core proceedings is set forth in 28 U.S.C. § 157(b)(2).

20.     Non-core proceedings, by contrast, are <u>not</u> dependent upon bankruptcy laws for existence and instead "could proceed in another court." *Federal Insurance Co. v. Parnell (In re Peanut Corporation of America)*, 407 B.R. 862, 865 (W.D. Va. 2009) (citing *Security Farms v. International Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008

9

(9th Cir. 1997)). "Non-core" proceedings generally <u>cannot</u> be finally determined by the bankruptcy court and instead require that proposed findings of fact and conclusions of law be submitted by the bankruptcy court to the district court, subject to *de novo* review. *See* 28 U.S.C. § 157(c)(1); *Stern*, 564 U.S. at 475 (2011) ("It is the district court that enters final judgment . . . after reviewing *de novo* any matter to which a party objects."). Accordingly, where a proceeding is non-core, or where non-core issues predominate, withdrawal of the reference enhances efficiency and avoids duplicative litigation.

21. Proceedings involving state law claims that merely augment a debtor's bankruptcy estate and do not otherwise affect creditors' rights are non-core proceedings, as they do not "arise in" a bankruptcy proceeding or "arise under" the Bankruptcy Code. *See Stern*, 564 U.S. at 467; *Levy v. Butler, Payne & Griffin (In re Landbank Equity Corp.)*, 77 B.R. 44, 48 (E.D. Va. 1987) ("[A] Trustee cannot sweep 'related' cases under the 'core' umbrella merely by alleging that a recovery would benefit the estate, otherwise there would be no 'related' cases at all." (citations omitted)); *see also Matter of Wood*, 825 F.2d at 97 ("If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding.").

22. As described below, many of the Trustee's claims against the Defendants are non-core, state law claims that do not depend on the Bankruptcy Code for their existence. Rather, the claims relate to actions taken by the Debtor's management and related events that occurred prior to the bankruptcy proceeding. If the Trustee were to prevail on these claims, it would only serve to enhance any recovery to the Debtor's estate. With respect to such claims, the Bankruptcy Court cannot enter a final judgment, but can only submit findings of fact and conclusions of law to the

district court for *de novo* review. Although certain of the Trustee's claims against the Defendants are "core" in nature and the Bankruptcy Court would be authorized to finally resolve such causes of action,[5] in the interest of preserving judicial and party resources, the Defendants respectfully request that all of the alleged claims be addressed by the District Court. At minimum, however, the non-core claims should be withdrawn for adjudication by the District Court.

23.    **Counts 3 and 6.**  The Trustee seeks to avoid all transfers to the Defendants in Counts 3 and 6 (note, Count 6 is only asserted against ULXP) on the basis of constructive or actual fraudulent transfers under Virginia law. These claims, however, do not "stem" from bankruptcy. Rather, they are independent, state law claims that backstop similar claims asserted by the Trustee under provisions of the Bankruptcy Code, and these state law claims could have been pursued in another court; therefore, they are non-core proceedings. *See, e.g.*, *In re Systems Engineering & Energy Management Associates, Inc.*, 252 B.R. 635, 641-50 (E.D. Va. 2000) (noting various state law claims that are considered to be non-core). Because these claims are non-core, this factor weighs in favor of withdrawing the reference to the Bankruptcy Court.

24.    **Counts 9, 10, 11, 12, 13 and 14.**  Count 9 (aiding and abetting breach of fiduciary duty), Count 10 (statutory conspiracy), Count 11 (common law conspiracy), Count 12 (conversion), Count 13 (unjust enrichment) and Count 14 (alter ego liability) are not expressly designated as a "core" proceeding under 28 U.S.C. § 157(b)(2). Rather, these are state common law and statutory

---

[5] As ULXP filed proofs of claim against the Debtor, ULXP is subject to the Bankruptcy Court's jurisdiction in connection with the claims allowance process. *See Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990) (holding that when a creditor files a proof of claim it brings itself within the "equitable jurisdiction of the [b]ankruptcy [c]ourt"); *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n. 14 (1989) (noting that when a claim is submitted to the bankruptcy court that creditors subject themselves to the court's power to disallow such claims).

claims[6] that do not invoke substantive rights under bankruptcy law nor arise on account of the bankruptcy case and, therefore, should be deemed to be non-core.  *See, e.g.*, *In re Systems Engineering*, 252 B.R. at 644 (noting that state law claim for breach of fiduciary duty is considered non-core); *Id.* at 648 (claims for civil conspiracy are non-core); *Lehman Brothers Holdings Inc. v. JPMorgan Chase Bank, N.A. (In re Lehman Bros. Holdings, Inc.)*, 480 B.R. 179, 190-91 (Bankr. S.D.N.Y. 2012) (finding, among others, unjust enrichment and conversion claims to be non-core); *Field v. Albright (In re Maui Indus. Loan & Fin. Co.)*, 2012 WL 405056, at *4 (Bankr. D. Haw. Feb. 8, 2012) (holding unjust enrichment claim to be non-core); *see also In re Systems Engingeering*, 252 B.R. at 649 (discussing split of authority regarding whether state law claim for alter-ego liability is considered core or non-core with many courts holding such claims, when pursued to recover property of the estate, to be core; that is not the case in this proceeding); *Shaia v. Malone*, 2017 WL 4203544, at *5 (E.D. Va. Sept. 21, 2017) (holding that claims seeking a determination that non-debtor defendants are alter egos of the *debtor* are core matters; such is not the case in this proceeding where the allegation is that two non-debtor defendants are alter egos of each other); *McCarthy v. Giron*, 2014 WL 269660, at *6 (E.D. Va. June 6, 2014) (finding to be core allegations that non-debtor defendant was the alter ego of the *debtor*).  These claims do not stem from the bankruptcy nor do they owe their existence to or require the interpretation of bankruptcy law in any respect.  They, instead, could be tried in any court of competent jurisdiction.  Because these claims are non-core, this factor weighs in favor of withdrawing the reference to the Bankruptcy Court.

---

[6]  See note 3, *supra*, with respect to Count 9.

### (ii) Uniform Administration of the Bankruptcy Does Not Preclude Withdrawal

25. Uniform administration of the bankruptcy, the second factor in the discretionary withdrawal analysis, also weighs in favor of withdrawal. As discussed below, the Defendants are entitled to a jury trial on many of the claims asserted against them. This notion is reinforced in the Complaint where the Trustee notes that the value of any damages on account of several of the alleged claims would need to ultimately be "proven at trial". (Complaint ¶¶ 284, 294, 301, 306, 311). Nevertheless, the Defendants do not consent to the Bankruptcy Court conducting a trial on these claims.

26. Accordingly, withdrawal of the reference as to all claims by the District Court will promote uniformity in the administration of the litigation by allowing the claims to be resolved at the same time and by the same court, avoiding the risk, should only a subset of the claims be withdrawn, of inconsistent or conflicting rulings by the District Court and the Bankruptcy Court.

### (iii) Judicial Economy Weighs in Favor of Withdrawal of Reference and Will Conserve Resources

27. The third and fourth factors for discretionary withdrawal both strongly favor withdrawing the reference for the claims against the Defendants to the District Court. As noted above, the Bankruptcy Court is not authorized to enter final judgments on purely non-core proceedings. In such cases, the Bankruptcy Court is instead required to issue a report and recommendation to the District Court, which, upon objection to the same, will then review the matter *de novo*. *See Stern*, 564 U.S. at 475.

28. As a result, if the reference is not withdrawn, the parties will likely be forced to litigate the non-core claims twice. *See, e.g., Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993) ("the fact that a bankruptcy court's determination

on non-core matters is subject to de novo review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court").

29. Furthermore, as mentioned above, the adjudication of the non-core claims alleged in the Complaint will be fact-intensive. Other than initial disclosures that have been made in accordance with the Pretrial Order, the parties are in the initial stages of discovery. As such, the Bankruptcy Court does not have any heightened familiarity with the facts relevant to the asserted claims and the parties would not be prejudiced should the District Court withdraw the reference.

30. Additionally, as discussed below, the Defendants are entitled to a jury trial that must be conducted in the District Court. "[B]ankruptcy courts may not conduct jury trials on non-core issues absent the consent of the parties." *Helmer v. Murray (In re Murray)*, 149 B.R. 383, 387 (E.D. Va. 1993). Accordingly, it would serve both the parties and the courts to withdraw the reference at this early stage of the adversary proceeding as the parties litigate this case towards that end. *See In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 878 (E.D. La. 2011) ("[B]ecause there will be a jury trial, it will be more efficient for this Court to handle pretrial matters so as to be fully acquainted with the case as it makes its way to trial in this Court.").

**(iv)    Forum Shopping is Not Applicable**

31. Withdrawal of the reference of the claims asserted against the Defendants would not promote forum shopping. As noted above, initial disclosures have only recently been made and the parties are in the initial stages of discovery. Moreover, the Bankruptcy Court has not yet ruled on any substantive matters impacting the Defendants. As such, the Defendants are not seeking to withdraw the reference as a tactic to avoid an unfavorable forum. Rather, as many of the claims against the Defendants are generally non-core claims for which the Bankruptcy Court cannot enter a final

judgment, the Defendants are pursuing this request for the District Court to withdraw the reference out of a desire to avoid wasting resources and preserve their right to a jury trial, as discussed below.

### (v) Withdrawal Preserves the Right to a Jury Trial

32. With respect to the final factor, withdrawal of the reference will preserve the Defendants' right to a jury trial. The Defendants are entitled to a jury trial on many of the claims that the Trustee asserts against them and in her attempt to recover damages alleged to exceed $140M. *See In re Stansbury Poplar Place, Inc.* 13 F.3d 122, 124 (4th Cir. 1993) (noting that a right to a jury trial attaches to actions seeking monetary damages). This right to trial by jury "is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564-65 (1990).

33. Pursuant to 28 U.S.C. § 157(e), "if the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." The Standing Order of Reference is silent as to whether the Bankruptcy Court could conduct a jury trial, and the District Court has not specifically authorized the Bankruptcy Court to conduct a jury trial in this proceeding. Furthermore, although the Defendants have not yet requested a jury trial, they anticipate doing so if ultimately required to file an answer to the Complaint and do not waive such right or otherwise consent to the Bankruptcy Court conducting a jury trial. *See In re Lawrence*, 2020 WL 6875947, at *4 (E.D. Va. July 8, 2020) (finding that defendants waived any right to a jury trial and were deemed to consent to the entry of final orders by the bankruptcy court because they failed to timely file a motion to withdraw the reference as required by the pretrial order); *see also Chesapeake Trust v. Chesapeake Bay Enterprises, Inc.*,

2014 WL 202028, at *3-*4 (E.D. Va. Jan. 17, 2014) (holding a movant who acquired a debtor's assets through the bankruptcy proceeding impliedly consented to be subject to the jurisdiction of the bankruptcy court).

34. Accordingly, this factor weighs in favor of withdrawing the reference and permitting this matter to proceed in the District Court. *See In re QSM, LLC*, 453 B.R. at 810 (noting that since the defendant did not consent to allowing the bankruptcy court to conduct a jury trial, such trial would have to proceed in the district court, thus weighing in favor of withdrawing the reference).

*[Concluded on Following Page]*

**CONCLUSION**

The automatic reference of the Trustee's claims against the Defendants to the Bankruptcy Court should be withdrawn. Counts 3, 6, 9, 10, 11, 12, 13 and 14 of the Complaint are subject to discretionary withdrawal as the relevant factors all weigh in favor of, or are otherwise inapplicable with respect to, withdrawal. Accordingly, for the reasons set forth above, the Defendants respectfully request that the Motion be granted and that all of the Trustee's claims against the Defendants, or, at minimum, the non-core claims identified above, be promptly withdrawn by the District Court.

Dated: January 11, 2021

/s/ Thomas J. McKee, Jr.
David G. Barger (VSB No. 21652)
Thomas J. McKee, Jr. (VSB No. 68427)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301
Email: bargerd@gtlaw.com
   mckeet@gtlaw.com

and

J. Gregory Milmoe (admitted *pro hac vice*)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6064
Email: milmoeg@gtlaw.com

*Counsel to Defendants.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 11th day of January 2021, I served a true and correct copy of *Defendants' Motion to Withdraw the Reference and Memorandum in Support Thereof* via the Court's CM/ECF filing system upon:

        Erika L. Morabito, Esq.
        Brittany J. Nelson, Esq.
        FOLEY & LARDNER LLP
        3000 K Street, NW, Suite 600
        Washington, DC 20007-5109
        emorabito@foley.com
        bnelson@foley.com
        *Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*

        /s/ Thomas J. McKee, Jr.
        Thomas J. McKee, Jr. (VSB No. 68427)
        Greenberg Traurig, LLP
        1750 Tysons Boulevard, Suite 1000
        McLean, Virginia 22102
        Telephone:  (703) 749-1300
        Facsimile:   (703) 749-1301
        Email: mckeet@gtlaw.com

        *Counsel to Defendants*