David G. Barger (VSB No. 21652)
Thomas J. McKee, Jr. (VSB No. 68427)
J. Gregory Milmoe (admitted *pro hac vice*)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone:  (703) 749-1300
Fax:          (703) 749-1301
Email:  mckeet@gtlaw.com

*Counsel to ULX Partners, LLC and UnitedLex Corp.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| In re:<br><br>**LECLAIRRYAN PLLC,**<br><br>         **Debtor.** | **Chapter 7**<br><br>**Case No. 19-34574 (KRH)** |
| **Lynn L. Tavenner, as Chapter 7 Trustee,**<br><br>         **Plaintiff,**<br><br>vs.<br><br>**ULX Partners, LLC and UnitedLex Corporation,**<br><br>         **Defendants.** | **Adv. Pro. No. 20-03142-KRH** |

## DEFENDANTS' OBJECTION TO THE BANKRUPTCY COURT'S PROPOSED
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### **RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT COURT JUDGE**

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................................ 1

SPECIFIC OBJECTIONS TO THE PROPOSED FINDINGS ......................................... 2

STANDARD OF REVIEW ............................................................................................... 8

ARGUMENT ..................................................................................................................... 8

    I.     The State Law Claims are Non-Core ...................................................... 8

    II.    ULXP and UnitedLex Both Have the Right to a Jury Trial on the State Law
          Claims .................................................................................................. 14

    III.   Uniform Administration and Judicial Economy Favors Withdrawal .................. 20

    IV.   Defendants are Not Engaged in Forum Shopping ................................................ 21

CONCLUSION ................................................................................................................. 23

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allied Title Lending, LLC v. Taylor,*
420 F. Supp. 3d 436 (E.D. Va. 2019) .........................................................................10, 11, 14

*Arrowsmith v. Mallory,*
No. 17-cv-04300 (KRH), 2018 WL 4676339 (Bankr. E.D. Va. Sept. 26, 2018) ...................13

*Catercorp, Inc. v. Catering Concepts, Inc.,*
246 Va. 22 (Va. 1993)............................................................................................................13

*In re Complete Management, Inc.,*
No. 02-cv-01736 (NRB), 2002 WL 31163878 (S.D.N.Y. Sept. 27, 2002) ............................14

*Curtis v. Loether,*
415 U.S. 189 (1974)...............................................................................................................17

*Federal Insurance Co. v. Parnell (In re Peanut Corporation of America),*
407 B.R. 862 (W.D. Va. 2009) ................................................................................................8

*Field v. Albright (In re Maui Indus. Loan & Fin. Co.),*
No. 10-cv-90121 (RJF), 2012 WL 405056 (Bankr. D. Haw. Feb. 8, 2012)...........................10

*Germain v. Connecticut National Bank,*
988 F.2d 1323 (2d Cir. 1993)................................................................................................18

*Granfinanciera, S.A. v. Nordberg,*
492 U.S. 33 (1989)...........................................................................................................12, 17

*In re Hawaii Island Air, Inc.,*
No. 19-cv-90049, 2020 WL 2769039 (Bankr. D. Haw. May 27, 2020).................................11

*Jones v. Wachovia Bank. N.A. (In re Imagepoint, Inc.),*
No. 10-cv-03108, 2011 Bankr. LEXIS 1381 (Bankr. E.D. Tenn. Apr. 19,
2011) ....................................................................................................................................12

*Lain v. Erickson (In re Erickson Ret. Cmtys., LLC),*
No. 11-cv-03736 (WDQ), 2012 U.S. Dist. LEXIS 76562 (D. Md. May 31,
2012) ......................................................................................................................................9

*Lehman Brothers Holdings Inc. v. JPMorgan Chase Bank, N.A. (In re Lehman
Bros. Holdings, Inc.),*
480 B.R. 179 (Bankr. S.D.N.Y. 2012) ..................................................................................10

*McCarthy v. Wells Fargo Bank, N.A. (In re El-Atari)*,
      No. 11-cv-01090, 2011 U.S. Dist. LEXIS 113423 (E.D. Va. Nov. 18, 2011)..........................8

*Mirant Corp. v. The Southern Co.*,
      337 B.R. 107 (N.D. Tex. 2006)......................................................................................18

*Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*,
      4 F.3d 1095 (2d Cir. 1993)...........................................................................................20

*Ross v. Bernhard*,
      396 U.S. 531 (1970).....................................................................................................17

*In re Systems Engineering & Energy Management Associates, Inc.*,
      252 B.R. 635 (Bankr. E.D. Va. 2000)........................................................................9, 10

*In re TP, Inc.*,
      479 B.R. 373 (Bankr. E.D.N.C. 2012).............................................................................14

*Valentine v. Roanoke Podiatry & Foot Surgery, P.C.*,
      No. 96-cv-0883-R, 1997 U.S. Dist. LEXIS 8064 (W.D. Va. May 15, 1997).........................15

*Zhou Jie Plant v. Merrifield Town Ctr. Ltd. P'ship*,
      No. 08-cv- 00374, 2009 U.S. Dist. LEXIS 126659 (E.D. Va. Sept. 29, 2009) .....................15

**Statutes**

11 U.S.C. § 101(31) .......................................................................................................1

11 U.S.C. § 503..........................................................................................................3, 15

**Other Authorities**

Federal Bankruptcy Rule 9033 .......................................................................................1, 8

United States Constitution Seventh Amendment.............................................................12, 15, 18

**DEFENDANTS' OBJECTION TO THE BANKRUPTCY COURT'S PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**\*\*RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT COURT JUDGE\*\***

ULX Partners, LLC ("**ULXP**") and UnitedLex Corporation ("**UnitedLex**" and together

with ULXP, the "**Defendants**"), by counsel and pursuant to Federal Bankruptcy Rule 9033,

respectfully object to the Bankruptcy Court's *Proposed Findings of Fact and Conclusions of Law* (the

"**Proposed Findings**") [Adv. Docket No. 32][1] regarding *Defendants' Motion to Withdraw the*

*Reference and Memorandum in Support Thereof* [Adv. Docket No. 13] (the "**Motion**"), that the

Bankruptcy Court made on March 31, 2021, pursuant to the District Court's referral of the Motion.

Defendants respectfully submit that the Proposed Findings should not be adopted, that the Motion

should be granted, and that the reference of this Adversary Proceeding to the Bankruptcy Court should

be withdrawn.

In support of their objections, the Defendants incorporate by reference the Motion and

*Defendants' Reply Memorandum in Support of Their Motion to Withdraw the Reference* [Adv. Docket

No. 21] (the "**Reply**"), and further state as follows:

**INTRODUCTION**

Respectfully, the Bankruptcy Court's Proposed Findings should not be adopted by the District

Court.  The underlying dispute with the Trustee should have originally been a routine bankruptcy

matter where ULXP would have presented evidence that it was not an "insider" of the Debtor within

the meaning of section 101(31) of the Bankruptcy Code and therefore had a valid secured claim for

$8 million.  Instead, the Trustee opted to manufacture conspiracy theories and allege that Defendants

---

[1]  References to "Adv. Docket No. __" are to the Bankruptcy Court docket in the adversary
proceeding, case number 20-03142 (KRH).  References to "Bankr. Docket No. __" are to the
Bankruptcy Court docket in the Debtor's main bankruptcy, case number 19-34574 (KRH).

aided breaches of fiduciary duties, all to enable the Trustee to assert these claims, and others, against

Defendants and seek more than $129 million from them for the demise of the law firm.  As these State

Law Claims (defined below) predominate the parties' dispute, Defendants sought to withdraw the

reference due to their non-core nature and to have the claims against them heard by a jury.  But the

Trustee, offering many inaccurate facts and distinguishable case law, objected to doing so.  Without

holding a hearing, the Bankruptcy Court issued its Proposed Findings recommending against

withdrawing the reference, and thus, denying Defendants the right to a jury trial.  The Bankruptcy

Court rooted its decision in its obligation to determine whether ULXP's $12 million Proofs of Claim[2]

– a mere fraction of what this case is really about – should be allowed, holding that Defendants have

already submitted themselves to the equitable jurisdiction of the Bankruptcy Court and that the issues

underlying the State Law Claims and the Proofs of Claim are "inextricably intertwined."  Proposed

Findings at 11.  In doing so, however, the Bankruptcy Court glossed over the host of facts, issues, and

law that demonstrate that this complex case cannot be crammed into the claims process and instead

allows the $12 million Proofs of Claim to be the tail wagging the dog.

### SPECIFIC OBJECTIONS TO THE PROPOSED FINDINGS[3]

1.    **Proposed Finding:**  "UnitedLex has not filed a proof of claim in the Bankruptcy Case

to date but has been paid in the ordinary course for administrative expenses incurred in connection

---

[2]  ULXP filed a $8 million secured claim, as well as a $4 million unsecured claim.  *See* Motion at 4, ¶¶ 7-8.

[3]  Although not entirely clear to Defendants in the Proposed Findings, it appears that the Bankruptcy Court's factual recitations in the Proposed Findings are mere summaries of the allegations in the Trustee's *Complaint* [Adv. Docket No. 4] and in her *Opposition to Defendants' Motion to Withdraw the Reference* [Adv. Docket No. 19] (the "**Trustee's Objection**").  To the extent the Bankruptcy Court intended for such statements in the Proposed Findings to constitute actual findings of fact, the Defendants respectfully object to all such factual findings and reserve the right to present evidence on the same.  The referenced specific objections are not exhaustive, however, and Defendants

with the postpetition operation of the Debtor's business under section 503(a) of the Bankruptcy Code." Proposed Findings at 3 (citing *Interim Business Operations Order; Trustee's First Interim Order (I) Authorizing Use of Cash Collateral, & (II) Granting Adequate Protection* (Bankr. Docket No. 151 at 12)). "Since the conversion of the Bankruptcy Case to a proceeding under Chapter 7, both ULXP and UnitedLex personnel have assisted the Trustee in winding down the Debtor's business operations." Proposed Findings at 12.

**Objection:** UnitedLex has never been paid by the Bankruptcy Estate for any administrative (or other) expenses incurred in connection with the postpetition operation of the Debtor's business. The Bankruptcy Court's reference to page 12 of Bankr. Docket No. 151 is one of the Trustee's previous proposed cash collateral budgets. That budget only indicates anticipated payments to ULXP and makes absolutely no reference to any anticipated payment to UnitedLex. Further, ULXP's and UnitedLex's records confirm that all postpetition payments for wind-down services provided to the Trustee were paid to ULXP, and not to UnitedLex.[4] *See* Hinton Declaration, ¶¶ 7-10.

---

respectfully object to the Proposed Findings for all reasons as stated herein and as may be further presented at any hearing the Court may hold.

[4] As of December 22, 2019, ULXP's few remaining employees were transferred to UnitedLex. Once those employees became UnitedLex employees, they continued to provide services to ULXP for the benefit of the Debtor (i.e., they continued to work with the Trustee and provide requested wind-down services until early April 2020) pursuant to a Shared Personnel and Services Agreement dated April 4, 2018 between UnitedLex and ULXP. All payments from the Trustee during this time, however, continued to be paid to ULXP rather than UnitedLex. Indeed, the transfer of the few remaining ULXP employees to UnitedLex on December 22, 2019 was done to be efficient and economical. More specifically, ULXP was incurring a payroll fee by the payroll provider for administering the small number of employees remaining on the ULXP payroll. The transfer of these employees to UnitedLex was done to avoid this fee and adding to ULXP's ever-increasing losses. *See Declaration of Nicholas Hinton in Support of Defendants' Objection to the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law* (the "**Hinton Declaration**"), attached as **Exhibit A**.

2.    **Proposed Finding:**  "While the Joint Venture called for UnitedLex to control ULXP, members of the Debtor's firm were to hold senior leadership positions at ULXP." Proposed Findings at 5.

**Objection:**  Although early proposals relating to the joint venture may have referenced the possibility of members of the Debtor's firm holding senior leadership positions at ULXP, the ultimate deal <u>did not</u> include such provision, and members of the Debtor's firm <u>did not</u> hold any such senior leadership positions. *See generally* ULXP Amended and Restated Limited Liability Company Agreement of ULXP, effective as of April 4, 2018 at 24, Art. VIII, attached as **Exhibit B**.

3.    **Proposed Finding:**  "The Debtor was also supposed to receive a significant equity position in ULXP." Proposed Findings at 5.

**Objection:**  While early proposals may have referenced the idea of the Debtor receiving a "significant equity position in ULXP," the ultimate consummated deal contained no such provision and instead the Debtor received a 1% interest in ULXP. *See* <u>Exhibit B</u>, Annex A.  Thus, the reference to <u>potential</u> but unconsummated iterations of the clearly arms'-length transaction provide no basis to justify keeping the claims.

4.    **Proposed Finding:**  "In furtherance of the Joint Venture, the Debtor converted from a professional corporation to a professional liability corporation and liquidated its deferred compensation and supplemental retirement plans." Proposed Findings at 5.

**Objection:**  The Debtor's conversion from a professional corporation to a professional liability corporation was <u>not</u> "in furtherance" of the joint venture, nor was it a condition of proceeding with the joint venture.  LCR's CEO noted in a document that the Trustee attached to her own Complaint that the "LLC conversion is a standalone item," that was separate and

independent of any contemplated joint venture with UnitedLex. Complaint, Adv. Docket No. 4, Ex. 12 at 1, preamble. Indeed, without any guarantee of any eventual transaction with UnitedLex, LCR's Board of Directors and shareholders voted to approve the conversion on or about February 24, 2018. Complaint, Adv. Docket No. 4 at 18, ¶ 99. The Articles of Entity Conversion were finalized and signed on February 28, 2018, and the conversion became effective March 4, 2018 – nearly a month before a deal with Defendants.[5] *See* Articles of Entity Conversion, attached as **Exhibit C**. Similarly, the LCR Board's decision to terminate the firm's Deferred Compensation and Supplemental Retirement plans, effective as of December 29, 2017, occurred well before any deal with UnitedLex was close to consummation. A distribution of the plan in December 2018 resulted from LCR's own decision a year earlier (and pre-joint venture), and the Trustee makes no allegation that UnitedLex was involved in this decision. *See* Complaint, Adv. Docket No. 4, Ex. 12 at 1, ¶ 6.

5.      **Proposed Finding:**  The Proposed Findings contain various references to the Debtor owing "Defendants" fees. *See, e.g.*, Proposed Findings at 5-6.

**Objection:**  The Debtor only owed fees to ULXP. No fees were owed to UnitedLex. *See* Complaint, Adv. Docket No. 4, Ex. 11 at 10-13, §§ 8, 10; Adv. Docket No. 18, Ex. B at 1; *see also* Hinton Declaration, ¶ 4; Claim Nos. 174 and 175.

6.      **Proposed Finding:**  "The Adversary Proceeding was not the first dispute to arise between the Trustee and the Defendants in the Bankruptcy Case. On October 2, 2020, the Trustee filed her *Trustee's Supplemental Motion for Use of Cash Collateral and Grant of Adequate*

---

[5] The Trustee incorrectly asserted in her Complaint that "LeClairRyan converted from a PC to a PLLC as of March 31, 2018." Complaint, Adv. Docket No. 4 at 17, ¶ 95. The correct date is March 4, 2018. *See* Exhibit C.

*Protection Related Thereto, if Appropriate, and Memorandum in Support* (the "**Cash Collateral Motion**") . . . ." Proposed Findings at 6.

   **Objection:** The Cash Collateral Motion was not a dispute between the Trustee and the "Defendants". Rather, only ULXP filed an objection to the Cash Collateral Motion and argued the same at the October 29-30, 2020 hearing. UnitedLex made no objection to the Cash Collateral Motion. *See Objection of ULX Partners, LLC to the Trustee's Supplemental Motion for Use of Cash Collateral and Grant of Adequate Protection Related Thereto*, Bankr. Docket No. 658 (Oct. 16, 2020) ("**ULXP Cash Collateral Objection**"). Although the hearing on the Cash Collateral Motion spanned two days, the first day of the hearing lasted less than fifty (50) minutes, with more than half of the time spent dealing with remote hearing technical issues, arguments regarding a continuance, and unrelated matters involving the administration of the Bankruptcy Case.[6] *See generally* Oct. 29, 2020 Hr'g Tr., Bankr. Docket Nos. 757, 772, attached as **Exhibit D**. The second day of the hearing lasted only ninety-five (95) minutes and primarily involved limited direct examination and cross examination of the Trustee regarding the declaration offered by the Trustee at the hearing. *See generally* Oct. 30, 2020 Hr'g Tr., Bankr. Docket No. 689, attached as **Exhibit E**. The Cash Collateral Motion hearing did not address the underlying claims in the Adversary Proceeding, and all parties' rights regarding the Adversary Proceeding were preserved by the Bankruptcy Court. *Id.* at 14:5-10 ("And so if we can get back on track with that and not litigate the things in the complaint. I promise, you will have plenty of time to litigate the complaint and the defenses and everything and all rights are preserved on both sides with regard to that. Nothing here

---

[6] Of the thirty-three (33) substantive pages of <u>Exhibit D</u>, the hearing on the ULXP Cash Collateral Objection begins at page 5, line 14, and ends on page 20, line 13, amounting to less than 15 pages of transcript dedicated to the ULXP Cash Collateral Objection that day. The remaining 16 pages of the transcript are dedicated to motions not involving Defendants and the Trustee's counsels' status updates regarding the Bankruptcy Case.

is going to interfere with that.")  (emphasis added).  Separately, the fact that ULXP objected to the

Cash Collateral Motion has no material bearing on the merits of withdrawing the reference.

7.     **Proposed Finding:**  "The Defendants' relationship to the Debtor has been front and

center since the first day of the Bankruptcy Case."  Proposed Findings at 12.

**Objection:**  Prior to being named as a defendant in the Adversary Proceeding in

October 2020, UnitedLex has not been substantively involved in the Bankruptcy Case, other than

monitoring events.  Only ULXP filed the Proofs of Claim and an objection to the Cash Collateral

Motion.  *See* Claim Nos. 174 and 175; *see also* the ULXP Cash Collateral Objection.

8.     **Proposed Finding:**  "Counts I through VI of the Complaint that the Trustee has filed

seeks recovery from the Defendants on account of assets and interests transferred to UnitedLex and

ULXP in connection with these very same transactions."  Proposed Findings at 10.

**Objection:**  The Trustee's Complaint does not allege that UnitedLex received any of

the "Avoidable Transfers" identified in the Complaint.  Rather, the Trustee alleges that "[u]pon

information and belief, during the relationship between the ULX Entities and LeClairRyan,

LeClairRyan transferred not less than $19,357,282.51 to ULXP between August 1, 2018 and the

Petition Date."  Complaint, Adv. Bankr. Docket No. 4 at 32, ¶ 189.

9.     **Proposed Finding:**  Counts I through XIV of the Complaint are core proceedings and

properly subject to final resolution in the Bankruptcy Court.  Proposed Findings at 11-12.

**Objection:**  Defendants object to the Proposed Finding that Counts III, VI, IX, X, XI,

XII, XIII, and XIV are core proceedings or that they are subject to final resolution in the Bankruptcy

Court.

## STANDARD OF REVIEW

Federal Bankruptcy Rule 9033(d) sets forth the standard of review for this Objection: "The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions." FED. R. BANKR. P. 9033(d).

## ARGUMENT

As noted in the Motion and in the Proposed Findings, the reference to the Bankruptcy Court may be withdrawn to the District Court for "cause shown." District Courts in the Fourth Circuit generally consider the following six factors when analyzing whether such "cause" exists, none of which are determinative:

> (i) whether the proceeding is core or non-core, (ii) uniform administration of bankruptcy proceedings, (iii) expediting the bankruptcy process and promoting judicial economy, (iv) efficient use of the debtors' and creditors' resources, (v) reduction of forum shopping, and (vi) preservation of the right to a jury trial.

*McCarthy v. Wells Fargo Bank, N.A., (In re El-Atari)*, No. 11-cv-01090 (LMB/IDD), 2011 U.S. Dist. LEXIS 113423, at *16 (E.D. Va. Nov. 18, 2011).

Defendants object to the Bankruptcy Court's Proposed Findings, which provide that the foregoing factors weigh against withdrawing the reference.

### I.    The State Law Claims are Non-Core

Non-core proceedings are those that are <u>not</u> dependent upon bankruptcy laws for existence and instead "could proceed in another court." *Federal Insurance Co. v. Parnell (In re Peanut Corporation of America)*, 407 B.R. 862, 865 (W.D. Va. 2009) (citing *Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997)). The

Trustee's state law causes of action for aiding and abetting breach of fiduciary duty (Count IX), statutory conspiracy (Count X), common law conspiracy (Count XI), conversion (Count XII), unjust enrichment (Count XIII), and alter ego liability (Count XIV) (collectively, the "**State Law Claims**"), each fall within the definition of non-core and account for over $129 million in damages (not equitable claims) of the approximately $140 million sought by the Trustee in this case. They are the crux of this case. Their inclusion favors withdrawing the reference. "When the claims are non-core, this factor favors withdrawing the reference." *Lain v. Erickson (In re Erickson Ret. Cmtys., LLC)*, No. 11-cv-03736 (WDQ), 2012 U.S. Dist. LEXIS 76562, at *14 (D. Md. May 31, 2012) (also noting that "[a]s almost all of the claims in the complaint must be adjudicated by the District Court, this factor favors withdrawing the reference.").

Defendants' Motion and Reply cited multiple cases that classify the various state law claims to be non-core claims requiring final resolution by a District Court. However, these cases were not addressed by the Bankruptcy Court in the Proposed Findings. *See* Motion at 11-12; Reply at 7-11. In *In re Systems Engineering & Energy Management Associates, Inc.*, 252 B.R. 635 (Bankr. E.D. Va. 2000), for example, Judge St. John held that a claim for breach of fiduciary duty was non-core as the claim at issue "would have been in existence prior to the instant bankruptcy case's filing and would likewise continue to exist independently from the Bankruptcy Code's provisions." *Id.* at 644. The Court went on to note that "[t]he bankruptcy case's filing does not significantly affect the parties' rights, except for the Trustee's substitution as representative party of the debtor corporation, or the debtor corporation's creditors, to assert their rights . . . ." *Id.* Similarly, with respect to a business conspiracy claim where a trustee alleged that defendants "activity combined, associated, agreed, and mutually undertook to deprive the Debtor and its creditors of valuable assets and to prevent and hinder the Debtor from paying its lawful debts and obligations as they came due," Judge St. John held that

the claim "sounds solely under Virginia statutory law and the bankruptcy case pendency does not affect the action." *Id.* at 648; *see also id. at* 635, 649, 650 (holding alter ego claims asserted against sole shareholders of non-debtor corporate entities that were putative alter egos of the debtor as being non-core, noting that an alter ego claim "obviously sounds solely under state law and in no manner can be construed as [statutorily core].")); *Lehman Brothers Holdings Inc. v. JPMorgan Chase Bank, N.A. (In re Lehman Bros. Holdings, Inc.)*, 480 B.R. 179, 190-91 (Bankr. S.D.N.Y. 2012) (finding, among others, unjust enrichment and conversion claims to be non-core); *Field v. Albright (In re Maui Indus. Loan & Fin. Co.)*, No. 10-cv-90121 (RJF), 2012 WL 405056, at *4 (Bankr. D. Haw. Feb. 8, 2012) (holding unjust enrichment claim to be non-core)

Judge St. John's observations and analysis are directly on point and apply to the instant case. Here, the Trustee repeatedly alleges in the Complaint that LCR Officers and Directors breached their fiduciary duties by entering into the joint venture, authorizing LCR to change its corporate form, terminating the firm's Deferred Compensation and Supplemental Retirement plans, and selecting which vendors to pay and which funds to use to make such payments. Complaint, Adv. Docket No. 4 at 19-20, 43, and 44, ¶¶ 107; 288 and 298. The Trustee further alleges that Defendants aided and abetted LCR's Officers and Directors, as well as conspired with them, regarding the foregoing. Claims based on any of the foregoing conduct would have existed outside the bankruptcy, and the fact that a bankruptcy was filed does not affect any of the actions. Thus, the claims are non-core.

When a defendant has filed a proof of claim in a bankruptcy, like ULXP did here, consideration of whether the facts and issues underlying a debtor's claims against that defendant are part of the necessary claims allowance analysis can also inform in the core/non-core determination. In *Allied Title Lending, LLC v. Taylor*, 420 F. Supp. 3d 436 (E.D. Va. 2019), for example, the Court held that "[a] cause of action is constitutionally core when it . . . would necessarily be resolved in the

claims allowance process," and that such claim "would necessarily be resolved in the claims allowance process when it shares common questions of fact and law with the creditor's claim(s) and when it seeks to directly reduce or recoup the amount claimed." *Id.* at 448 (certain internal citations and quotations omitted) (citing *Pulaski v. Dakota Fin., LLC (In re Pulaski*), 475 B.R. 681, 688 (Bankr. W.D. Wis. 2012) ("if the debtor's claim can be resolved without considering the creditor's claim, then the bankruptcy court lacks the constitutional authority to hear the debtor's claim.").

The Bankruptcy Court cites the foregoing standard in its Proposed Findings, stating that although the State Law Claims are "based on non-bankruptcy law," such claims "directly concern the legality of dealings between the Debtor and the Defendants with respect to the Joint Venture," which, the Bankruptcy Court noted, is also an issue the Bankruptcy Court must consider with respect to the allowability of ULXP's Proofs of Claim. Proposed Findings at 11. The Bankruptcy Court further stated that "[a]s the estate's counterclaims challenge the validity of the agreements that undergird the Defendants' claims filed in the Bankruptcy Case, the Bankruptcy Court cannot resolve the allowability of the ULXP Proofs of Claim without necessarily looking into the conduct that occurred between the Debtor and the Defendants that created ULXP's alleged right to payment in the first instant."[7] *Id.* In other words, the Bankruptcy Court seeks to bootstrap the massive State Law Claims to the Bankruptcy Court's eventual determination of whether to allow ULXP's $12 million claims for services provided to the Debtor. *Id.* at 10-11.

The Trustee's State Law Claims, however, will <u>not</u> be fully resolved when resolving ULXP's Proofs of Claim. First, there is no claims allowance process with respect to UnitedLex as UnitedLex did not file a proof of claim. *See In re Hawaii Island Air, Inc.*, No. 19-cv-90049, 2020 WL 2769039,

---

[7] Although the Bankruptcy Court references "<u>Defendants'</u> claims filed in the Bankruptcy Court," such reference is incorrect. As noted herein, UnitedLex has not filed any claims in the Bankruptcy Court. Rather, only ULXP filed Proofs of Claim.

at *3 (Bankr. D. Haw. May 27, 2020) (holding defendants that were subsequent transferees of alleged fraudulent transfers that had <u>not</u> filed proofs of claim did <u>not</u> lose their right to a jury trial on trustee's claims against them despite initial transferees losing such right by filing proofs of claim, stating, "[t]he Seventh Amendment right to trial by jury is too important to permit its forfeiture by the actions of another person" and "[though the defendants] are members of two corporate families, [ ] the trustee cites no authority for the proposition that the loss of jury trial by one entity deprives all of its affiliates of jury trial rights."); *Jones v. Wachovia Bank. N.A. (In re Imagepoint, Inc.)*, No. 10-cv-03108, 2011 Bankr. LEXIS 1381, at *6-7 (Bankr. E.D. Tenn. Apr. 19, 2011) (stating that a subsidiary's waiver of right to trial by jury by filing a proof of claim did not apply to the parent company); *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989) ("a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer.")

Second, the alleged acts underlying the Trustee's claims of conspiracy and aiding and abetting breach of fiduciary duty go beyond entering into the joint venture, and involve, among other things, LCR converting its corporate form to a PLLC (authorized on February 28, 2018 and effective March 4, 2018) (*see* <u>Exhibit C</u>), and LCR terminating its Deferred Compensation and Supplemental Retirement Plans in late December 2017.[8] *See* Complaint, Adv. Docket No. 4 at 19, ¶ 102. Whether ULXP and/or UnitedLex were involved in these alleged improper acts to an extent that would render them liable is not necessarily contingent upon examining the validity of the MSA between ULXP and

---

[8] It is important to note that ULXP did not come into existence until March 19, 2018. *See* copy of ULXP Certificate of Formation, attached as **<u>Exhibit F</u>**. Accordingly, ULXP, which filed the Proofs of Claim, was not in existence at the time LCR made the decision to convert its form and terminate its Deferred Compensation and Supplemental Retirement Plans.

LCR.  At most, the legality of the joint venture is but one possible, <u>but not required</u>, component of the State Law Claims.

By way of example, if the Bankruptcy Court were to determine that the MSA's production service fees were illegal (which Defendants contend they were not), that arguably would not impact ULXP's Proofs of Claim as none of the claimed fees are production service fees and the MSA contains both reformation and severability provisions that would maintain the validity of the MSA even if certain provisions are deemed unenforceable.  *See* Complaint, Adv. Docket No. 4, Ex. 11 at 16 and 17, §§ 22 and 28, respectively.  Further, the State Law Claims all consist of elements that are not material to examining ULXP's Proofs of Clam, such as knowledge of an alleged duty and breach, or damages from a civil conspiracy, and would not be resolved in the claims allowance process.  *See Arrowsmith v. Mallory*, No. 17-cv-04300 (KRH), 2018 WL 4676339, at *11 (Bankr. E.D. Va. Sept. 26, 2018) (noting elements for aiding and abetting breach of fiduciary duty); *Catercorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 28 (Va. 1993) (noting that an alleged conspiracy must have caused damages).

Similarly, the Trustee's claims for conversion (Count XII) and unjust enrichment (Count XIII) do not seek recovery on the basis of an allegedly improper joint venture.  Rather, they seek a return of funds based on the allegation that the funds used for such payments were being held in trust by LCR to pay LCR's client-related vendors.  *See* Complaint, Adv. Docket No. 4 at 45, 46, ¶¶ 303-305, 308-310.  The Trustee's entitlement to recover these particular funds that were allegedly being held in trust is not contingent upon the validity of the ULXP Proofs of Claim, or any other issues that the Bankruptcy Court would consider when evaluating whether to allow such Proofs of Claim.

Finally, none of the State Law Claims seeks to modify or reduce the amount sought in ULXP's Proofs of Claim; rather, they are damage claims or causes of action against both ULXP and UnitedLex

13

intended to augment the estate to the tune of nearly $130 million. *See id.* at 42, 44, 45, 46, ¶¶ 284, 294, 295, 301, 306, 311. Accordingly, and especially because there is no claims allowance process with respect to UnitedLex, such claims cannot and should not be resolved through the claims allowance process. *See Allied Title Lending, LLC*, 420 F. Supp. 3d at 448 ("a counterclaim by the bankruptcy estate that seeks affirmative monetary relief to augment the estate but does not directly modify the amount claimed would not qualify as a claim to be resolved in ruling on the proof of claim."); *In re TP, Inc.*, 479 B.R. 373, 385 (Bankr. E.D.N.C. 2012); *see also In re Complete Management, Inc.*, No. 02-cv-01736 (NRB), 2002 WL 31163878, at *3 (S.D.N.Y. Sept. 27, 2002) (granting a creditor's motion to withdraw the reference where, among other considerations, the debtor's counterclaim sought more than a "mere setoff" of the creditor's asserted claim (for $1 million) and demanded damages in an amount that was seventy times greater than the amount asserted by the creditor in its proof of claim (i.e., in excess of $70 million)).[9]

## II.    ULXP and UnitedLex Both Have the Right to a Jury Trial on the State Law Claims

Although the Bankruptcy Court's Proposed Findings acknowledge the Defendants' constitutional rights to a jury trial in "legal actions seeking monetary damages," the Proposed Findings nevertheless cast aside such constitutional rights by incorrectly holding that Defendants have

---

[9] With respect to the remaining non-core claims in Counts III and VI (fraudulent transfers under Virginia law), Defendants also object to the Bankruptcy Court's Proposed Findings. More specifically, these claims do not "stem" from the bankruptcy and are instead independent state law claims that could have been pursued in a court other than bankruptcy court. Further, the Bankruptcy Court stated in its Proposed Findings that though Counts I through VI of the Complaint, the Trustee "seeks recovery from the Defendants on account of assets and interests transferred to UnitedLex and ULXP in connection [with the transactions identified in the ULXP Proofs of Claim]." Proposed Findings at 10. It is important to note, however, that the ULXP Proofs of Claim seek recovery by ULXP of monies still owed to ULXP, while Counts III and VI seek recovery of funds already paid to ULXP.

subjected themselves to the claims allowance process and are therefore not entitled to a jury trial.

Proposed Findings at 15. Defendants object to this finding.[10]

With respect to UnitedLex, the Bankruptcy Court found that it "could be considered to have submitted to the equitable jurisdiction of the Bankruptcy Court" because UnitedLex has "participated extensively in the administration of the Bankruptcy Cases and been paid administrative expenses under section 503 of the Bankruptcy Code." *Id.* These findings, however, are incorrect and the Trustee knows they are incorrect. UnitedLex has not "participated extensively" in the Bankruptcy Case. In fact, other than monitoring case developments, UnitedLex did not participate in the Bankruptcy Case in <u>any</u> material way. UnitedLex did not file a proof of claim and did not file an objection to any of the Trustee's motions.

Nor was UnitedLex ever paid any administrative expenses under section 503 of the Bankruptcy Code. The Bankruptcy Court's contrary finding appears to be based upon two inaccuracies. First, the Trustee incorrectly alleged in the Trustee's Objection that, "[t]o be clear, UnitedLex provided personnel to assist in the chapter 7 wind-down operation and was compensated for those individuals' services," and points to Docket No. 540 in the main Bankruptcy Case as evidence of such allegation. That allegation is false, however, as Docket No. 540 is a Post Conversion Budget, filed on June 25, 2020, that makes absolutely no reference to

---

[10] Defendants' right to a trial by jury is controlled by the Seventh Amendment to the United States Constitution, which "protects a litigant's right to a jury trial only if a cause of action is legal in nature and it involves a matter of private right." *Zhou Jie Plant v. Merrifield Town Ctr. Ltd. P'ship*, No. 08-cv- 00374 (TSE/JFA), 2009 U.S. Dist. LEXIS 126659, at *49 (E.D. Va. Sept. 29, 2009) (citation omitted); *see also Valentine v. Roanoke Podiatry & Foot Surgery, P.C.*, No. 96-cv-0883-R, 1997 U.S. Dist. LEXIS 8064, at *8 (W.D. Va. May 15, 1997) ("The right to a jury trial in federal court is to be determined as a matter of federal law even if the court is applying state substantive law."). At a minimum, the Defendants have a constitutional right to a jury trial on the State Law Claims.

UnitedLex or ULXP.[11]   Second, the Bankruptcy Court cites to ECF No. 151, page 12, to support

its finding that UnitedLex "has been paid in the ordinary course for administrative expenses

incurred in connection with the postpetition operation of the Debtor's business . . . ."   Proposed

Findings at 3, n.6.   ECF No. 151, however, similarly provides no support.   ECF No. 151 is the

Trustee's proposed budget from October 2019 and contains no reference of any payment to

UnitedLex.   Rather, it contains a line-item contemplated payment to ULXP for services.   In other

words, both documents relied upon in support of the contention that UnitedLex was paid post-

petition – Bankr. Docket Nos. 151 and 540 – offer no such support.

In fact, ULXP's records confirm that UnitedLex never received any payment from the Trustee

for wind-down services and instead every payment made by the Trustee on behalf of the bankruptcy

estate for such services was paid to ULXP and wired by the Trustee into ULXP's own operating

account (which is not jointly held with UnitedLex).[12]   See Hinton Declaration, ¶¶ 7, 9-10.   Thus, the

Bankruptcy Court's reliance on alleged payments to UnitedLex for post-petition wind-down services

is wholly misplaced and alleged payments to UnitedLex as a basis to deny a withdraw of the reference

should be rejected.[13]

---

[11]   Bankr. Docket No. 540 is attached as **Exhibit G**, and page 12 of Bankr. Docket No. 151 is attached as **Exhibit H**.

[12]   As noted above, ULXP's few remaining employees became UnitedLex employees as of December 22, 2019 and continued to work with the Trustee to provide requested wind-down services until early April 2020.   As this transfer was done purely for payroll convenience and to avoid unnecessary payroll administration fees, and because payment for such services continued to be paid only to ULXP and were never made to UnitedLex, such would still not constitute "extensive participation" in the administration of the Bankruptcy Case.   See Hinton Declaration, ¶ 8.

[13]   The Bankruptcy Court also appears to imply that any right to a jury trial by UnitedLex should not be afforded much weight, if any, because the "Trustee asserts a single cause of action solely against UnitedLex," which is an alter-ego claim (Count XIV).   Proposed Findings at 15.   That implication, however, grossly understates the role the Trustee has ascribed to UnitedLex in the Complaint.   In addition to seeking damages against UnitedLex on all claims based on an alter-ego

With respect to the Trustee's claims against ULXP and its own rights to a jury trial, the Bankruptcy Court held that ULXP's filing of its two Proofs of Claim means that the "Trustee's claims against ULXP become part of the claims-allowance process such that ULXP is not entitled to a jury trial."   Proposed Findings at 15 (internal quotations omitted).   For the reasons discussed above, however, the claims against ULXP go far beyond the issues and facts involved in resolving its Proofs of Claim.   In addition, the Supreme Court stated in *Granfinanciera* that legal actions addressing private rights "are not magically converted into equitable issues by their presentation to a court of equity."   492 U.S. at 52 (citation omitted).   ULXP's right to a jury trial on $129 million worth of state law damage claims cannot be discarded or infringed by the existence of a clearly secondary claim to disallow ULXP's $12 million Proofs of Claim.   *See Ross v. Bernhard*, 396 U.S. 531, 537-38 (1970) ("where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims."); *see also Curtis v. Loether*, 415 U.S. 189, 196, n.11 (1974) ("[I]f [a] legal claim is joined with an equitable claim, the right to jury trial on the legal claim, <u>including all issues common to both claims</u>, remains intact.   The right cannot

---

theory, the Trustee seeks direct recovery against UnitedLex for alleged wrongful acts engaged in by UnitedLex.   Paragraphs 279 through 284 of the Complaint, for example, reference alleged wrongful conduct engaged in by "Defendants," (i.e., both ULXP and UnitedLex), and that it was "Defendants" that "aided and abetting the breaches of fiduciary duty of care and loyalty . . . ."   Complaint, Adv. Docket No. 4 at 41-42, ¶¶ 279-284.   Similarly, in Paragraphs 286 through 300, the Trustee again alleges that "[f]rom at least until in or around 2017 to until or around 2019," it was "<u>Defendants</u> [that] conspired to breach the fiduciary duties the LCR Officers and Directors owed to the Debtor and its shareholders, clients, and creditors . . . ."   *Id.* at 42-43, ¶¶ 286, 288 (emphasis added).   And with respect to the Conversion and Unjust Enrichment claims, the Trustee again alleges that both UnitedLex and ULXP were "wrongfully paid" the Expense Transfers and that both "accepted and retained this benefit . . . ."   *Id.* at 45-46, ¶¶ 304, 310.   Accordingly, UnitedLex's right to have a jury determine whether it engaged in these acts (particularly because UnitedLex was the only defendant in existence until ULXP was formed on March 19, 2018), is significant and should be given significant weight in the analysis.

be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought.") (emphasis added).

Moreover, and as thoroughly discussed in the Reply, ULXP cannot be held to have knowingly and voluntarily waived its constitutional right to a jury trial with respect to damage claims that are not attendant to resolution of the Proofs of Claim – an issue that was not addressed in the Proposed Findings. *See Germain v. Connecticut National Bank*, 988 F.2d 1323, 1330 (2d Cir. 1993) ("We will not presume that [a] creditor [who files a proof of claim] knowingly and willingly surrender[s] its constitutional right to a jury trial for the resolution of disputes that are only incidentally related to the bankruptcy process."); *see also Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 121 (N.D. Tex. 2006) ("[T]he Supreme Court has made clear, any waiver of constitutional rights must be voluntary, intelligently, and knowingly made," and "consistently has held that courts must indulge in a presumption against waiver of the Seventh Amendment right to a jury trial.") (internal citations omitted).

At the time ULXP's Proofs of Claim were filed in December 2019, there was not even a hint of the State Law Claims against ULXP or UnitedLex, as confirmed by the Trustee's counsel at the December 19, 2019 omnibus hearing that occurred <u>after</u> ULXP filed its Proofs of Claim.  At that hearing, the Trustee's counsel stated that "there [were] bad actions taken [by third parties] . . . [but] that analysis has not even been touched as of yet.  We're still just gathering information and looking to hire [counsel]."  Dec. 19, 2019 Hr'g. Tr., Bankr. Docket No. 743 at 27:15-22.[14]  In other words, neither ULXP or UnitedLex (which did not even file a proof of claim) could be found to

---

[14]  This transcript was referenced in the Reply and included as part of the record.  *See Supplemental Designation of Record* [Adv. Docket No. 22].

have ever knowingly and voluntarily waived the right to a jury trial on the State Law Claims when the Trustee had done no analysis as to such claims or the alleged bad actors.

The Defendants also object to the Proposed Findings to the extent the Bankruptcy Court relies on the COVID-19 pandemic to deprive Defendants of their constitutional right to a jury trial. In the Proposed Findings, the Bankruptcy Court noted the impact the pandemic has had on the way courts conduct business across the country, including the challenges in conducting in-person civil jury trials. The Court explained that "[m]ost federal courts have been hesitant to conduct jury trials over the alternative video platforms for concerns of feasibility, security, and fairness." Proposed Findings at 16, n.22. Defendants respectfully submit, however, that concerns over fairness are not addressed by simply depriving a litigant the right to a jury trial altogether, and that the constitutional right to a jury trial is in no way contingent upon the end of the pandemic.

Nor is a potential delay in scheduling a civil jury trial with the District Court any reason to deny the Motion and Defendants' rights to a jury trial, particularly when the Trustee has yet to file lawsuits against any of the Debtor's officers and directors alleged to have breached fiduciary duties (with the alleged assistance of Defendants) or any of Defendants' alleged co-conspirators. Indeed, based upon the Trustee's current chosen course, there are already likely to be multiple trials, and trials within trials. A determination of whether Defendants conspired with Debtor's officers to breach the officers' fiduciary duties to the Debtor and others, and/or whether Defendants aided and abetted Debtor's officers in doing so, will require a finding that those officers actually breached any such duties.[15] In other words, regardless of the pandemic, there is already a significant likelihood that many of the issues in dispute that are relevant to the instant Adversary Proceeding and related director

---

[15] The Trustee has taken the unusual tactic, indeed perhaps unprecedented tactic, of suing the alleged aiders and abettors and not suing any of the alleged principals of the Debtor.

and officer actions will not be resolved in the near future as a result of the Trustee's own decisions and actions.

### III.    Uniform Administration and Judicial Economy Favors Withdrawal

Defendants further object to the Bankruptcy Court's Proposed Findings that the withdrawal factors of (i) uniform administration of bankruptcy proceedings, (ii) expediting the bankruptcy process and promoting judicial economy, and (iii) efficient use of the debtors' and creditors' resources, weigh against withdrawing the reference. Proposed Findings at 12.

With respect to these three factors, each could be best served by withdrawing the reference because the Trustee's claims would be subject to one trial and determination by the District Court. *See, e.g.*, *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993) ("the fact that a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court."). The risk of multiple trials that the Bankruptcy Court is concerned with here, however, results solely from the Trustee's own chosen strategy. As noted above, the claims against the Defendants will necessarily involve evaluating whether the Debtor's directors and officers that Defendants are alleged to have conspired with and/or aided, actually engaged in wrongdoing themselves. The Trustee should not be permitted to benefit in the form of denying withdrawal of the reference due to the threat of duplicative litigation of her own making.

Nevertheless, Defendants contend that ample cause exists to withdraw the reference as to both UnitedLex and ULXP, thus negating the Bankruptcy Court's concern for a bifurcated Adversary Proceeding as to Defendants, with one jury trial and one non-jury trial. Proposed Findings at 15. Even if, however, the strength of UnitedLex's and ULXP's respective grounds to withdraw the

reference differed such that bifurcation was a possibility, the fair and constitutionally-sound way to

resolve such issue is to withdraw the reference for both Defendants and have the claims heard in the

District Court – particularly because the District Court would likely ultimately hear such claims

regardless, whether it be through a *de novo* review of proposed findings or an appeal.

In addition, although the Bankruptcy Court has indeed become familiar with the Debtor over

the course of the Bankruptcy Case, the Bankruptcy Court does not yet have heightened familiarity

with the instant Adversary Proceeding as no substantive motions have been heard or ruled upon to

date.[16]  Indeed, at the one substantive hearing on the ULXP Cash Collateral Objection, the Bankruptcy

Court expressly stated that it was not litigating the Adversary Proceeding at that time.  *See* Exhibit E

at 14:3-10; 23: 2-5; 45:10-11; 62:2-7.  The fact that the Bankruptcy Court held an evidentiary hearing

on that motion spanning two days (50 minutes on the first day that mostly concerned unrelated issues,

and 95 minutes on the second day regarding limited direct and cross examination regarding issues of

adequate protection) does not place the Bankruptcy Court in a materially better position than the

District Court to consider the State Law Claims.  The facts and issues involved in those claims were

not addressed at that hearing.  *See generally*  Exhibit D and Exhibit E; *see also* note 6 *supra*.

### IV.   Defendants are Not Engaged in Forum Shopping

Defendants object to the Bankruptcy Court's Proposed Finding that "[f]orum shopping, too,

counsels against withdrawing the reference," or that it "presents as a concern [with respect to

Defendants] in this case."  Proposed Findings at 14.  As previously noted, the Bankruptcy Court has

yet to rule on any substantive motion in the Adversary Proceeding.  And with respect to the October

---

[16]  Defendants filed a *Motion to Partially Dismiss the Complaint* on January 11, 2021 [Adv. Docket
No. 21].  That motion was originally set for hearing on March 25, 2021, but the Bankruptcy Court
continued such hearing until April 27, 2021 because the Bankruptcy Court had not yet considered
and issued its proposed findings on the Motion.  *See* Order (Mar. 24, 2021), Adv. Docket No. 30.

2020 hearing on the Cash Collateral Motion that the Bankruptcy Court references in its Proposed

Findings, such hearing only involved ULXP's objection (and not UnitedLex).  Further, ULXP still

obtained adequate protection through such hearing.  *See* Order (Nov. 2, 2020), Bankr. Docket No.

682 at 3-5.  The Bankruptcy Court's statement that the Trustee's objection to the ULXP Proofs of

Claim was "not simply frivolous" is hardly enough to send Defendants looking for the proverbial

escape hatch.[17]   The Trustee, on the other hand, does appear to have engaged in forum shopping

through originally filing the Adversary Proceeding in the Bankruptcy Court despite the fact that the

State Law Claims belong in state court or federal district court.

*[Concludes on Following Page]*

---

[17]   Under the Bankruptcy Court's Scheduling Order (Order (Dec. 17, 2020), Adv. Docket No. 9),
Defendants were required, to file the Motion at this stage of the proceedings.

## **CONCLUSION**

For the reasons set forth in the Motion, the Reply, and this Objection, the Defendants respectfully request an order, (i) rejecting the Bankruptcy Court's Proposed Findings, (ii) immediately withdrawing the reference of the Adversary Proceeding from the Bankruptcy Court to the District Court, and (iii) granting such other relief as may be just and proper.

Dated:  April 14, 2021

/s/ Thomas J. McKee, Jr.
David G. Barger (VSB No. 21652)
Thomas J. McKee, Jr. (VSB No. 68427)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone:  (703) 749-1300
Facsimile:   (703) 749-1301
Email: bargerd@gtlaw.com
        mckeet@gtlaw.com

and

J. Gregory Milmoe (admitted *pro hac vice*)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6064
Email:  milmoeg@gtlaw.com

*Counsel to Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of April 2021, I caused a true and correct copy of *Defendants' Objection to the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law* to be served on Ms. Lynn L. Tavenner, as the Chapter 7 Trustee of LeClairRyan PLLC, c/o Foley & Lardner LLP, as the Trustee's special litigation counsel, via electronic mail to: Erika L. Morabito (emorabito@foley.com) and Brittany J. Nelson (bnelson@foley.com).

/s/ Thomas J. McKee, Jr.
Thomas J. McKee, Jr. (VSB No. 68427)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301
Email: mckeet@gtlaw.com

*Counsel to Defendants*