## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re:<br><br>    **LeClairRyan PLLC,**<br><br>        **Debtor** | **Case No.: 19-34574-KRH**<br><br>**Chapter 7** |
| **Lynn L. Tavenner, as Chapter 7 Trustee,**<br><br>        **Plaintiff,**<br><br>**vs.**<br><br>**ULX PARTNERS, LLC and UNITEDLEX CORPORATION,**<br><br>        **Defendants.** | **Adv. Pro. No.: 20-03142-KRH** |

### STIPULATION BY LYNN L. TAVENNER, AS TRUSTEE, REFLECTING AGREED PROTECTIVE ORDER WITH DEFENDANTS

Plaintiff, Lynn L. Tavenner, solely in her capacity as the Chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") of the bankruptcy estate of LeClairRyan PLLC ("**LeClairRyan**" or the "**Debtor**"), and Defendants, ULX Partners, LLC ("**ULXP**") and UnitedLex Corporation ("**UnitedLex**"), hereby stipulate (the "**Stipulation**") as follows:

Brittany J. Nelson (VSB No. 81734)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC  20007-5109
(202) 672-5300 (telephone)
bnelson@foley.com

*Counsel to Lynn L. Tavenner, Esq.,*
*Chapter 7 Trustee of Estate of LeClairRyan PLLC*

4851-2427-9520

## BACKGROUND

1.      On September 3, 2019, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**").

2.      On October 4, 2019, the Debtor's Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code.

3.      Upon conversion, Lynn L. Tavenner was appointed interim trustee and, as no trustee having been elected at the meeting of creditors, she continues to serve as Trustee.

4.      On October 28, 2020, Plaintiff initiated the above-captioned adversary proceeding against ULXP and UnitedLex.

5.      The parties have since served and responded to preliminary written discovery.

6.      In efforts to further discovery without the risk of disclosing confidential information of any party, Plaintiff, ULXP, and UnitedLex have stipulated to a protective order attached hereto as **Exhibit 1**, and request that it be entered before additional documents are exchanged.

## STIPULATION

7.      Plaintiff, ULXP, and UnitedLex will be bound by the protective order that has been negotiated between the parties and attached as **Exhibit 1**. Without further order of this Bankruptcy Court, the protective order attached as **Exhibit 1** will be binding on the parties, for the duration stated therein.

4851-2427-9520

## WAIVER OF MEMORANDUM OF POINTS AND AUTHORITIES

8.      The Trustee respectfully requests that this Court waive any requirement that this

Stipulation be accompanied by a written memorandum of points and authorities as described in

Local Bankruptcy Rules 7026-1(D) and 9013-1(G).


**IT IS SO ORDERED**


Date: <u>May 21 2021</u>                     <u>/s/ Kevin R Huennekens</u>
        Richmond, Virginia                 Honorable Kevin R. Huennekens
                                            United States Bankruptcy Judge

                                             Entered On Docket: May 25 2021

3

4851-2427-9520

We ask for this:


/s/ Brittany J. Nelson
Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC  20007-5109
(202) 672-5300 (telephone)
(202) 672-5399 (facsimile)
emorabito@foley.com
bnelson@foley.com

*Special Counsel to Lynn L. Tavenner, Esq.,*
*Chapter 7 Trustee*



/s/ Thomas J. McKee, Jr.
Thomas J. McKee, Jr. (VSB No. 68427)
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301
mckeet@gtlaw.com
milmoeg@gtlaw.com
bargerd@gtlaw.com

and

J. Gregory Milmoe (admitted *pro hac vice*)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6064
Email:  milmoeg@gtlaw.com


*Counsel to Defendants*

4851-2427-9520

## CERTIFICATION OF ENDORSEMENT,
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Brittany J. Nelson*

Brittany J. Nelson

4851-2427-9520

# EXHIBIT 1

**Stipulated Protective Order Regarding the
Disclosure and Use of Confidential Information**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:<br><br>**LECLAIRRYAN PLLC,**<br><br>    **Debtor.** | **Chapter 7**<br><br>**Case No. 19-34574-KRH** |
| **Lynn L. Tavenner, as Chapter 7 Trustee,**<br><br>    **Plaintiff,**<br><br>**vs.**<br><br>**ULX Partners, LLC and UnitedLex**<br>**Corporation,**<br><br>    **Defendants.** | **Adv. Proc. No. 20-03142-KRH** |

**STIPULATED PROTECTIVE ORDER REGARDING THE**
**DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION**

Comes now Plaintiff Lynn L. Tavenner, as Chapter 7 Trustee, (the "**Plaintiff**") and

Defendants ULX Partners, LLC and UnitedLex Corporation (collectively, the "**Defendants**"),

pursuant to Rules 5.2(e) and 26(c) of the Federal Rules of Civil Procedure, by and through

counsel and, agree and stipulate to this Protective Order concerning the disclosure and use of the

below-defined confidential information that the parties reasonably expect will be produced

during the course of discovery in this action.

Brittany J. Nelson (VSB No. 81734)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC  20007-5109
(202) 672-5300 (telephone)
bnelson@foley.com

*Counsel to Lynn L. Tavenner, Esq.,*
*Chapter 7 Trustee of Estate of LeClairRyan PLLC*

1.      This Protective Order covers information produced in discovery in this action, whether in the parties' or a nonparty's possession, custody or control, that contains or comprises the following: (a) the parties' trade secrets or other sensitive non-public proprietary information; (b) any nonparty business entity's trade secrets or other sensitive non-public proprietary information; (c) any personal information, the disclosure of which could violate individual privacy rights; (d) confidential contracts or contract terms, financial information, commercial information, or competitively sensitive information; (e) confidential and privileged client information, files, and other records; and/or (f) any nonparty information the secrecy of which a party has a duty to protect.  The parties shall work cooperatively together in good faith to agree upon and implement additional reasonable and appropriate limitations and protections concerning the use and disclosure of any particularly sensitive materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("Confidential" and "Highly Confidential – Attorneys' Eyes Only" material are referred to collectively as "Protected Material" in this Protective Order, as such need arises).

2.      Even after termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a person designating any document, thing, or information (collectively "material") as Protected Material agrees otherwise in writing or a court order otherwise directs.  This Court shall retain jurisdiction over the parties and such persons for enforcement of its provisions.

3.      Each person designating material as Protected Material must take care to limit any designations under this Protective Order to specific material that qualifies under the appropriate standards, and certifies that the information constitutes or contains a trade secret or other confidential research, development, proprietary, commercial, financial, or personal information

not generally known to members of the public or could, if disclosed, result in competitive harm to such person.

4.      In producing any material in this action that the producing party or nonparty in good faith believes comprises or contains information described in Paragraph 1 above, such producing party or nonparty may designate such material, in whole or in part, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order.  The marking shall state "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," along with a designation (*e.g.*, bates number prefix of the identity of the designating party or nonparty).  To assist with the processing of any produced materials marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the producing party shall make such production separate from those documents not marked with such designation.

5.      The designation described in Paragraph 4 above shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner with the appropriate designation. The designation must be placed or affixed in a manner that will not interfere with the legibility of the document and prior to, or at, the time the documents are produced, disclosed, or made available.  If not practical to so mark the material itself, a container for, or a tag attached to, or designation in the title of, the material shall be so marked.

6.      In lieu of marking the original of any material prior to inspection, the designating party or nonparty may orally designate such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," thereby making it, and the information it contains, temporarily subject to this Protective Order.  However, each subsequently produced

copy of any such material must be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as required by this Protective Order at the time it is so produced in order to make the original and copies of the material subject to this Protective Order.

7.      If during the course of a deposition taken in this action any questions are to be asked or any answers are to be given regarding Protected Material, only persons designated in Paragraph 11 below (and the deponent's counsel in the case of a separately represented nonparty) shall be allowed to be present during such portion of the deposition.  This Paragraph shall not be deemed to authorize disclosure of any Protected Material to any person to whom disclosure is prohibited under this Protective Order.

8.      During any deposition in this action, either party may designate the deposition, or specified portions thereof, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and request the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript. Portions of a deposition designated as such shall be marked by page and line by the Court Reporter.  Alternatively, either party may designate the deposition, or portions thereof, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so informing the other party in writing within fifteen (15) business days after receipt of the deposition transcript.  During those fifteen (15) business days, (i) the transcript and testimony shall not be disclosed to any person other than those described in Paragraph 11 below and the deponent (and the deponent's counsel in the case of a separately represented nonparty) and (ii) no person who attended the deposition shall disclose the transcript or testimony to any person other than those described in Paragraph 11 below.  Upon being informed that some or all of a deposition has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," each

party shall cause each copy of the transcript in his/its possession, custody, or control to be so marked (to the extent not already so marked by the reporter).

9.      Any and all material designated as Protected Material under this Protective Order shall not be used by any recipient for any purpose other than in connection with this action or disclosed by any recipient to any person other than those entitled to have access to such material pursuant to Paragraph 11 below, unless and until the restrictions herein are removed by an order of the Court or by written stipulation of the parties.

10.     Nothing in this Protective Order shall be construed to prevent either party from opposing the designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  To oppose the designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," a party may serve a written objection, including a statement of the grounds for the objection, on the designating party at anytime.  The designating party shall have ten (10) business days following the receipt of the objection to withdraw his/its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.  If the designating party does not withdraw the designation within ten (10) business days after receipt of the objection, or if the parties have made a good-faith effort to resolve the dispute prior to expiration of the ten (10) business days, the objecting party may move the Court for an order removing the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.  The burden of persuasion in any such challenge proceeding shall be on the party designating the material as Protected Material.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled as designated.

11.     Access to material

(1)    designated as "CONFIDENTIAL" under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum or other paper that contains, reveals or refers to material so designated, shall be limited to:

(a)    Plaintiff and Defendants and related insurers, if any;

(b)    Individuals or consultants engaged or employed by the Chapter 7 Trustee;

(c)    (i)  Former employees, members, officers, or directors of LeClairRyan PLLC, ULX Partners, LLC, or UnitedLex Corporation, or (ii)  current or former employees, members, officers, or directors of CVC Capital Partners, as well as counsel for any of the foregoing in subsections (i) and (ii), but only insofar as they are identified as an originator, signatory, author, addressee, or recipient or otherwise a person with knowledge relating to the subject matter of the "CONFIDENTIAL" material about which they are to be questioned.  All of the foregoing must execute the Declaration referenced below in Section 11(1)(g) prior to the receipt of Protected Material, and such Declaration shall be retained by the party disclosing Protective Material until the conclusion of this action.

(d)    Counsel for the Parties, including all of such counsel's respective partners, counsel, and associates related to this matter.  To the extent any such counsel is not of record in this matter, such counsel shall execute the Declaration referenced below in Section 11(1)(g) and such Declaration shall be retained by the party disclosing Protective Material until the conclusion of this action.  For the sake of clarity, (a) both Foley & Lardner LLP and Tavenner & Beran are counsel of record for Plaintiff, and (b) Greenberg Traurig, LLP is counsel of record for Defendants.

(e)      The clerical employees of all counsel (including, but not limited to, secretaries, paralegals, and clerks) actually assisting counsel in connection with this action; provided, however, that such employees' access is only to the extent necessary to perform their duties;

(f)      In addition to UnitedLex, independent copy and litigation support services solely for purposes of making copies, preparing exhibits, or otherwise assisting in the preparation of discovery or trial materials for use in the action, including outside vendors hired to process electronically stored documents;

(g)      Nonparty experts, investigators, or consultants, including their secretarial and clerical personnel, retained to assist counsel in this action.  Such nonparty experts, investigators, or consultants must, prior to receiving Protected Material, execute the Declaration.  Such Declaration shall be retained by the party disclosing Protective Material until the conclusion of this action;

(h)      Court reporters involved in transcribing depositions or other proceedings in this action, and videographers involved in recording depositions, provided that they agree to be subject to the terms of this Protective Order and provided that they are supplied "CONFIDENTIAL" material only to the extent necessary to perform their duties;

(i)      The Court and Court personnel involved with this action;

(j)      Witnesses who are deposed in this action or who are called as witnesses at any hearing in this action, but only (1) in preparation for the deposition or hearing, (2) during the deposition or hearing, or (3) in connection with the witness's review of the deposition transcript, and only under the following circumstances:

(i)      any witness may be shown material in which the witness is identified as an originator, signatory, author, addressee, or

recipient of the original or a copy, and may be questioned concerning the material; provided, however, this provision does not limit the parties' use of Confidential materials during deposition questioning of any person identified in Paragraph 11(b);

(ii)    any witness selected by a designating party to provide testimony pursuant to Rule 30(b)(6) may be shown that party's "CONFIDENTIAL" material, and may be questioned concerning the material; and

(iii)   Each recipient of material designated as "CONFIDENTIAL" shall maintain such material in a secure, safe manner and exercise reasonable care and precautions with respect to the storage, custody, use, and dissemination of such material.

(k)    Other persons, only by written consent of the designating party or upon order of the Court and on such conditions as may be agreed or ordered.

(2)    designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum, or other paper that contains, reveals, or refers to material so designated, shall be limited to:

(a) Counsel for Plaintiff and Defendants;

(b) Counsel for persons identified in Paragraph 11(1)(c) above, each of whom shall execute the Declaration, and such Declaration shall be retained by the party disclosing Protective Material until the conclusion of this action;

(c) The clerical employees of counsel (including but not limited to secretaries, paralegals, and clerks) actually assisting such counsel in connection with this action; provided, however, that such employees' access is only to the extent necessary to perform their duties;

(d) Independent copy and litigation support services solely for purposes of making copies, preparing exhibits, or otherwise assisting in the preparation of discovery or trial materials for use in the action;

(e) Nonparty experts, investigators, or consultants, including their secretarial and clerical personnel, retained to assist counsel in this

action.  Such nonparty experts, investigators, or consultants must, prior to receiving Protected Material, execute the Declaration.  Such Declaration shall be retained by the party disclosing Protective Material until the conclusion of this action.

(f) Court reporters involved in transcribing depositions or other proceedings in this action, and videographers involved in recording depositions, provided that they agree to be subject to the terms of this Protective Order and provided that they are supplied CONFIDENTIAL material only to the extent necessary to perform their duties;

(g) The Court and Court personnel involved with this action;

(h) Witnesses who are deposed in this action or who are called as witnesses at any hearing in this action, but only (1) in preparation for the deposition or hearing, (2) during the deposition or hearing, or (3) in connection with the witness's review of the deposition transcript, and only under the following circumstances:

    (i)     any witness may be shown material in which the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy, and may be questioned concerning the material; for clarification;

    (ii)     any witness selected by a designating party to provide testimony pursuant to Rule 30(b)(6) may be shown that party's "Highly Confidential – Attorneys' Eyes Only" material, and may be questioned concerning the material; and

    (iii)     Each recipient of material designated as "Highly Confidential – Attorneys' Eyes Only" shall maintain such material in a secure, safe manner and exercise reasonable care and precautions with respect to the storage, custody, use and dissemination of such material; and

(i) Other persons, only by written consent of the designating party or upon order of the Court and on such conditions as may be agreed or ordered.

12.    Except upon consent of the designating party or upon order of the Court, any and all material designated as Protected Material that is produced, served or otherwise made available by the designating party to the other party during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of such material, shall be used and

disclosed, in accordance with this Protective Order, only for preparation and presentation of this action, including use as evidence and/or in connection with deposition testimony and trial testimony, and for no other purpose whatsoever.

13.    No provision in this Protective Order is intended to provide for the prospective filing of material under seal with the Court, except as may be provided in any ruling or order entered by this Court.  Any party intending to file material under seal with the Court must comply with Court orders, rulings, procedures and/or requirements of the Local Rules, as applicable.

14.    The party that files with this Court any material under seal shall retrieve such material from the Court within 60 days after the expiration of the time to file a notice of appeal (if no appeal is filed), the filing of the mandate or final order from the Court of Appeals (if an appeal was filed and the case is not reopened as a result of the terms of the mandate or order), or the dismissal as to all parties and claims.  If the filing party fails to remove the material within that period, this Court shall, and its option, either return the material to the filing party or destroy the material.

15.    Production of any material without a designation of confidentiality will not be deemed to waive a later claim as to its proper designation and will not prevent the designating party from subsequently designating that material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Once re-designated, the material shall thereafter be treated as if it had originally been designated as Protected Material, and the receiving party, on notification of the re-designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order. Any such re-designation shall have only a prospective effect on the parties' treatment and handling of the

material, and shall not serve as a basis to in any way prejudice or penalize the receiving party's prior treatment or handling of the material.  If the receiving party objects to the re-designation, it shall provide the re-designating party written notice of and basis for its objection; if the parties are unable to resolve the matter, the receiving party may file a motion with the Court seeking an order not to redesignate the subject material.  The re-designation shall remain in effect, and be complied with by the parties, until the Court issues its order.

16.     If material designated as Protected Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on his/its own part or on the part of the recipient of such material.

17.     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Protected Material , the receiving party must notify the producing party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

18.     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena to issue.

19.     The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The producing party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this Paragraph remain in effect while the receiving party has in its possession, custody, or control Confidential Information produced by another party.

20.     Nothing in this Protective Order shall be construed as requiring disclosure of material not otherwise discoverable, such as privileged materials, materials subject to protection under the work product doctrine, or materials that are otherwise beyond the scope of permissible discovery.

21.     Nothing in this Protective Order shall be construed to prevent a party or nonparty from seeking such further protections regarding confidentiality as may be appropriate.

22.     Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.  The designation or non-designation of any material under this Protective Order shall not be admissible as evidence in this action for any purpose; nor shall it have any effect on the admissibility or inadmissibility of any material as evidence in this action.  A party that intends to present or that anticipates that another party may present Confidential Information at trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum

without disclosing the Confidential Information.  The Court may thereafter enter such orders as are necessary to govern the use of such documents or information at trial.

23.    Within sixty (60) days after final termination of this action, all material designated as Protected Material that has been produced, served or otherwise made available by the designating party during the course of this action, together with all reproductions, copies, abstracts, indices or summaries thereof, shall be destroyed or delivered to counsel for the designating party, at the receiving party's election, except that counsel of record for each party may retain a complete set of his/its case files for this action, including all pleadings, depositions, discovery responses, and correspondence designated as Protected Material or incorporating material designated as Protected Material.

24.    If material that is subject to a claim of attorney-client privilege, work product or other immunity is inadvertently or mistakenly disclosed, such disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such information. If a party has inadvertently or mistakenly disclosed information subject to a claim of immunity or privilege, upon written request made by the disclosing party within twenty-one (21) days of discovery of such inadvertent or mistaken disclosure, the information for which a claim of inadvertent disclosure is made, including all copies, shall be returned within five (5) business days of such request. All copies (electronic and paper) of inadvertently or mistakenly disclosed documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently disclosed information shall be expunged.  Moreover, if counsel for a non-producing party receives material in a production that in their own independent personal discretion appears likely to be subject to a claim of privilege from a producing party, counsel for the non-producing party will segregate such

material and in due course notify counsel for the producing party of the material likely to be privileged so that the producing party may request its return consistent with the terms of this paragraph.

25.     This Protective Order shall be subject to modification by the Court on its own initiative or on motion of a party.

26.     Any party found by the Court not to be acting in good faith with respect to the designations of materials discussed herein shall be subject to any and all appropriate relief from the Court, provided however, that no party shall move for such relief without having first provided the party alleged to have violated this Protective Order with a reasonable opportunity to cure any purported violation.

27.     This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia, or otherwise until such time as the Court may rule on a specific document or issue.

28.     This Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Protective Order by its terms.

29.     This Protective Order shall remain in effect after the final termination of this action, unless otherwise ordered by the Court.

**IT IS SO ORDERED**

Date: _____          _____
       Richmond, Virginia                          Honorable Kevin R. Huennekens
                                             United States Bankruptcy Judge

We ask for this:


*/s/ Brittany J. Nelson*
Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC  20007-5109
(202) 672-5300 (telephone)
(202) 672-5399 (facsimile)
emorabito@foley.com
bnelson@foley.com

*Special Counsel to Lynn L. Tavenner, Esq.,*
*Chapter 7 Trustee*



*/s/ Thomas J. McKee, Jr.*
Thomas J. McKee, Jr. (VSB No. 68427)
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301
mckeet@gtlaw.com
milmoeg@gtlaw.com
bargerd@gtlaw.com


and

J. Gregory Milmoe (admitted *pro hac vice*)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6064
Email:  milmoeg@gtlaw.com

*Counsel to Defendants*

CERTIFICATION OF ENDORSEMENT,
UNDER LOCAL BANKRUPTCY RULE 9022-1(C)


Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Brittany J. Nelson
Brittany J. Nelson

**EXHIBIT A**

Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: | **Chapter 7** |
| **LECLAIRRYAN PLLC,** | **Case No. 19-34574 (KRH)** |
| Debtor. | |
| **Lynn L. Tavenner, as Chapter 7 Trustee,** | |
| Plaintiff, | |
| vs. | **Adv. Proc. No. 20-03142-KRH** |
| **ULX Partners, LLC and UnitedLex Corporation,** | |
| Defendants. | |

**DECLARATION OF: _____**

I, _____, declare and state under penalty of perjury that:

1.  My address is:_____;

2.  My present employer is _____ and the address of

   my present employer is: _____.

3.  My present occupation or job description is: _____.

4.  I have received a copy of the Stipulated Protective Order Regarding the Disclosure and

   Use of Confidential Information (the "**Protective Order**") in this action, which Order

   was entered on: _____.[1]

5.  I have read and understood all of the provisions of the Protective Order.

6.  I will comply with all of the provisions of the Protective Order.

_____

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Protective Order.

7.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action or any related action, any Protected Material that is supplied to me.

8.  I will return each document and each other tangible thing that discloses or reveals any Protected Material to the attorney who provided such document or other tangible thing to me.  Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any Protected Materials to the attorney who provided such Protected Material to me.  Alternatively, with the consent of the attorney who provided such Protected Material to me, I will confirm that I have destroyed all such Protected Material.

9.  I hereby submit to the jurisdiction of the United States Bankruptcy Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order.

I declare, pursuant to 26 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: _____

_____
Name: