# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# (Richmond Division)

| | |
|---|---|
| In re: <br><br> LeClairRyan PLLC,[1] <br><br> Debtor. | Chapter 7 <br><br> Case No. 19-34574 (KRH) |
| Lynn L. Tavenner, as Chapter 7 Trustee, <br><br> Plaintiff, <br><br> v. <br><br> ULX Partners, LLC and UnitedLex Corporation, <br><br> Defendants. | Adv. Proc. No. 20-03142 (KRH) |

## MOTION TO ALLOW DISCLOSURE OF CERTAIN SETTLEMENT MATERIALS AND TO ESTABLISH PROCEDURES FOR THE PRESERVATION OF PRIVILEGE

Plaintiff, Lynn L. Tavenner, solely in her capacity as Chapter 7 Trustee ("**Trustee**") of the bankruptcy estate of LeClairRyan PLLC ("**LeClairRyan**" or "**Debtor**") respectfully submits this motion (the "**Motion**") for entry of an order (i) authorizing disclosure of certain settlement materials to ULX Partners, LLC and UnitedLex Corporation (collectively, "**Defendants**") and

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334 (telephone)
Email:  erikamorabito@quinnemanuel.com
         brittanynelson@quinnemanuel.com

*Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*

(ii) establishing procedures to preserve the Trustee's privilege in relation to certain third-party subpoenas issued by Defendants. In support thereof, the Trustee respectfully states as follow:

## INTRODUCTION

1. To safeguard the rights of all interested parties and to provide LeClairRyan's former employees a full and fair opportunity to be heard, the Trustee files this Motion seeking an order to address two discrete categories of documents sought by Defendants.

2. The first category relates to requests made by Defendants for the production of settlement communications among the Trustee, her attorneys, and LeClairRyan's former employees, along with any resulting settlement agreements. While the Trustee disagrees with Defendants about the relevance of the requested information, she does not oppose making this production with respect to any settling party provided Defendants agree to a reasonable search protocol. However, confidentiality restrictions imposed by the settlement agreements and orders of this Court prevent the Trustee from immediately turning these materials over to Defendants. The Trustee therefore seeks an order authorizing production of these materials pursuant to the stipulated protective order entered in this case.

3. The second category concerns third-party subpoenas served by Defendants on former employees of LeClairRyan, including Gary LeClair, Erik Gustafson, Bruce Matson (LeClairRyan's former Chief Legal Officer), Dwight Jones, Chris Lange, Lori Thompson, Andy Zappia, Charles Ognibene, and John Oberdorf. At this time, the Trustee does not have any specific objection to the materials requested in the subpoenas but is mindful that LeClairRyan's former employees may have information subject to LeClairRyan's attorney-client privilege, which now belongs to the Trustee. To preserve that privilege, the Trustee seeks an order to

establish procedures for review of any third-party productions made in response to Defendants' requests.[2]

## JURISDICTION

4. The United States Bankruptcy Court for the Eastern District of Virginia has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Eastern District of Virginia, dated August 15, 1984.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

7. On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

8. On October 14, 2019, the Debtor's chapter 11 case was converted to a case under chapter 7 of the Bankruptcy Code. Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as the Trustee.

9. On October 26, 2020, the Trustee filed a Complaint against Defendants. The Complaint alleged several civil and statutory claims. On May 21, 2021, the Court entered a stipulated protective order [ECF No. 48] (the "**Protective Order**"), which governs documents exchanged by the parties in this litigation and prohibits them from publicly disclosing material marked "Confidential."

---

[2] The Trustee notes that Defendants have agreed to a basic protocol with respect to one of the subpoenaed parties, and the Trustee now seeks to implement that same set of procedures for other former employees.

10. On June 15, 2020, the Court entered an order [ECF No. 533] (the "**FAO Order**") establishing procedures for the orderly prosecution and settlement of claims against LeClairRyan's former employees. Since entry of the FAO Order, the Trustee, with the assistance of her professionals, has had (and continues to have) discussions with individuals concerning the resolution of claims. The Trustee has also entered settlement agreements with numerous parties.

11. The Court entered an order modifying the FAO Order [ECF No. 934] (the "**Modified Order**") on June 26, 2021. The Modified Order provides, in relevant part:

> Unless otherwise provided by further Order of this Court, any settlement communications between the Trustee and a FAO Defendant … will not be discoverable or available to any Person … without the express written consent of both the Trustee and the necessary FAO Defendant.

12. The Trustee is in the process of requesting that the relevant settling parties consent to the production of settlement communications to Defendants, but is filing this Motion on notice to those parties to address any parties that (i) object or (ii) do not timely respond to the Trustee's written request.

13. On June 11, 2021, the Defendants also served subpoenas on Bruce Matson, Erik Gustafson, Dwight Jones, Chris Lange, Gary LeClair, Lori Thompson, Andy Zappia, Charles Ognibene, and John Oberdorf. All are former employees of the Debtor and therefore may have in their possession documents containing the Debtor's privileged communications.

## RELIEF REQUESTED

14. The Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) allowing disclosure of settlement materials on a confidential basis pursuant to the Protective Order entered in this case and (ii) establishing procedures to preserve the Debtor's privilege in relation to any third-party subpoenas served on

4

former employees of LeClairRyan, including Matson, Gustafson, Jones, Lange, LeClair, Thompson, Zappia, Ognibene, and Oberdorf.

## BASIS FOR RELIEF

### A.    Defendants' Requests for Settlement Materials

15. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1); *see also Selective Way Insurance Co. v. Schulle*, No. 3:13–cv–40, 2014 WL 462807, at *1 (W.D. Va. Feb. 5, 2014) ("[W]hen determining whether a settlement agreement is producible in discovery, courts in this circuit have found that relevance not admissibility, is the appropriate inquiry.").

16. When determining whether a settlement agreement is producible in discovery, courts "apply the liberal standard of relevance set forth in Rule 26(b)(1)." *Swimways Corp. v. Zuru, Inc.*, No. 2:13–cv–334, 2014 WL 12603189, at *1 (E.D. Va. July 1, 2014). However, settlement agreements that do not reveal relevant facts are not discoverable. *See Pennington v. Midland Credit Mgmt., Inc.*, No. 1:10–cv–112, 2010 WL 3187955, at *1 (E.D. Va. Aug. 9, 2010) (denying requests for settlement agreements where "counsel for [Plaintiff] represented that the settlement agreements contain only broad dollar amounts with no itemization for particular types of damages").

17. Moreover, it is well-settled that a document evidencing confidential settlement discussion may be withheld because "it is important to maintain confidentiality in settlement discussions for the purposes of encouraging settlement agreements." *United States ex rel. Carter v. Halliburton, Co.*, No. 1:11-cv-602, 2011 WL 8204612, at *4 (E.D. Va. Nov. 29, 2011) (finding that the competing interest in encouraging settlement outweighed the public interest in disclosure). As a result, settlement communications (as opposed to the agreements themselves)

are entitled to "enhanced protections" in the Fourth Circuit. *CHS Inc. v. ABM Healthcare Support Servs., Inc.*, No. 7:19–cv–788, 2021 WL 149861, at *1 (W.D. Va. Jan. 15, 2021).

18.     For each of these reasons, the Trustee does not believe that the settlement materials requested by Defendants are relevant. Yet, to avoid having the Court and the parties expend significant resources on this issue, the Trustee does not object to producing them provided that Defendants agree to a reasonable search plan, and provided further that the relevant settling party consents or this Court authorizes the production. The Trustee does not seek to make any settlement materials publicly accessible, nor does she concede the admissibility of these materials. Instead, the Trustee is seeking authorization to exchange the settlement materials in connection with this action under the Protective Order approved by this Court. Any party that believes it has a need to protect from disclosure information provided to the Trustee can timely file an objection to this Motion stating their basis for that belief.

**B.     The Trustee's Right to Maintain Privilege**

19.     Federal Rule of Civil Procedure 45, made applicable by Federal Rule of Bankruptcy Procedure 9016, imposes an obligation on the issuer of a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a party subject to the subpoena," and requires the court to "enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). A subpoena must be quashed or modified when it "requires disclosure of privileged or other protected matter," or requires the disclosure of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(A)(iii), (d)(3)(B)(i).

20.     Documents potentially responsive to Defendants' subpoenas to former employees may contain privileged information. The right to assert and waive the attorney-client privilege of

6

the Debtor rests solely with the Trustee, and the Trustee has not waived that privilege as to any pre- or post-bankruptcy communications between the Debtor and its counsel. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 358 (1985).

21.  To ensure that this privilege is properly preserved and not inadvertently waived by the Debtor's former employees, the Trustee seeks an order that requires that Defendants, without review, provide the Trustee any documents they receive in response to any subpoena to a former employee so that the Trustee can first conduct a privilege review. Following that review, the Trustee will identify any third-party documents that contain privileged information through production of a privilege log and production of replacement images for any documents that should be withheld or require redaction. Upon receipt of that replacement production Defendants will promptly destroy the original copy of any document identified by the Trustee as containing privileged materials. Both parties will reserve all rights with respect to the documents, including Defendants' right to challenge the Trustee's claims of privilege.

    **C.**    **Notice and No Prior Request**

22.  The Trustee has provided notice of this Motion to (i) counsel for Defendants; (ii) all parties that have settled with the Trustee or in lieu thereof, their counsel, if known, (iii) each of the parties that received third-party subpoenas from Defendants, (iv) the Office of the United States Trustee; and (v) all parties who have requested notice in this chapter 7 case. In light of the nature of the relief requested in this Motion, the Debtor respectfully submits that no further notice is necessary.

23.  The Debtor has not previously sought the relief requested herein from the Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

WE ASK FOR THIS:

*/s/ Erika L. Morabito*

_____
Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334 (telephone)
Email:  erikamorabito@quinnemanuel.com
           brittanynelson@quinnemanuel.com

*Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| In re:<br><br>LeClairRyan PLLC,<br><br>        Debtor.<br>_____<br><br>Lynn L. Tavenner, as Chapter 7 Trustee,<br><br>        Plaintiff,<br><br>v.<br><br>ULX Partners, LLC and UnitedLex Corporation,<br><br>        Defendants. | Chapter 7<br><br>Case No. 19-34574 (KRH)<br><br><br><br><br><br>Adv. Proc. No. 20-03142 (KRH) |

**[PROPOSED] ORDER GRANTING MOTION TO ALLOW DISCLOSURE OF
SETTLEMENT MATERIALS AND TO ESTABLISH PROCEDURES
FOR THE PRESERVATION OF PRIVILEGE**

Upon consideration of the motion (the "**Motion**"),[1] filed by Lynn L. Tavenner, Chapter 7 trustee (the "**Trustee**") of the above-captioned debtor, for entry of an order (i) authorizing disclosure of certain settlement materials to ULX Partners, LLC and UnitedLex Corporation (collectively, "**Defendants**") and (ii) establishing procedures to preserve the Trustee's privilege in relation to third-party subpoenas issued by Defendants; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that due and proper notice of the Motion has been given and that no other or further notice need be given; and the Court having reviewed and considered the Motion

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

and the responses and objections thereto, if any; and it appearing that good cause exists for granting the Motion, it is hereby: ADJUDGED, ORDERED, AND DECREED as follows:

1. The Motion is hereby GRANTED.

2. The Trustee is authorized to produce to Defendants settlement communications and settlement agreements that the Trustee has entered with any settling third-party, provided that the parties are able to negotiate a reasonable search protocol.

3. All settlement materials shall be designated and treated as "Confidential" in accordance with the Protective Order governing discovery in this action.

4. The production of privileged material to Defendants by a former employee of the Debtor shall not constitute a waiver of the Debtor's privilege, which belongs to the Trustee.

5. Defendants, without review, shall provide the Trustee any documents they receive in response to any subpoena issued to a former employee of the Debtor to allow the Trustee to conduct a review for privilege.

6. Upon receipt, the Trustee shall promptly review any third-party production for privilege and provide Defendants with (i) a privilege log; and (ii) replacement images for any documents that should be withheld or redacted, whereupon Defendants shall promptly destroy the original copy of any document identified by the Trustee.

7. This Order is without prejudice to the rights of any party, including the right to challenge the relevance, admissibility, or privilege of any document.

8. The Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order.

9. This Order shall be effective and enforceable immediately upon entry.

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

*/s/ Erika L. Morabito*

_____
Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334 (telephone)
Email:  erikamorabito@quinnemanuel.com
            brittanynelson@quinnemanuel.com

*Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*

3