**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| In re:<br><br>LeClairRyan PLLC,<br><br>　　　　　　Debtor.<br><br>―――――――――――――――<br><br>Lynn L. Tavenner, as Chapter 7 Trustee,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ULX Partners, LLC and UnitedLex Corporation,<br><br>　　　　　　Defendants. | Chapter 7<br><br>Case No. 19-34574 (KRH)<br><br><br><br><br><br>Adv. Proc. No. 20-03142 (KRH) |

| | |
|---|---|
| ~~In re:~~<br><br>~~LeClairRyan PLLC,~~<br><br>　　　　　　~~Debtor.~~<br><br>~~―――――――――――――――~~<br><br>~~Lynn L. Tavenner, as Chapter 7 Trustee,~~<br><br>　　　　　　~~Plaintiff,~~<br><br>~~v.~~<br><br>~~ULX Partners, LLC and UnitedLex Corporation,~~<br><br>　　　　　　~~Defendants.~~ | ~~Chapter 7~~<br><br>~~Case No. 19-34574 (KRH)~~<br><br><br><br><br><br>~~Adv. Proc. No. 20-03142 (KRH)~~ |

## [PROPOSED] ORDER GRANTING MOTION TO ALLOW DISCLOSURE OFSETTLEMENT MATERIALS AND TO ESTABLISH PROCEDURES FOR THE PRESERVATION OF PRIVILEGE

Upon consideration of the motion (the "**Motion**"),[1] filed by Lynn L. Tavenner, Chapter 7 trustee (the "**Trustee**") of the above-captioned debtor, for entry of an order (i) authorizing disclosure of certain settlement materials to ULX Partners, LLC and UnitedLex Corporation (collectively, "**Defendants**") and (ii) establishing procedures to preserve the Trustee's privilege in relation to third-party subpoenas issued by Defendants; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that due and proper notice of the Motion has been given and that no other or further notice need be given; and the Court having reviewed and considered the Motion and the responses and objections thereto, if any; and it appearing that good cause exists for granting the Motion, it is hereby: ADJUDGED, ORDERED, AND DECREED as follows:

1. The Motion is hereby GRANTED.

2. The Trustee is authorized to produce to Defendants ~~settlement~~(i) communications ~~and~~with third parties (including former employees of the Debtor and/or their counsel), including without limitation, settlement communications; and (ii) settlement agreements, and/or any other agreements, that the Trustee has entered with any ~~settling~~ third-party, ~~provided that~~ and/or their counsel.  (All materials, agreements, documents, and communications referenced in this paragraph shall be collectively referred to as the "**Third Party Materials**").  The Trustee will produce the Third Party Materials to the Defendants to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion~~.~~

the extent and subject to the parties ~~are able~~agreeing to ~~negotiate~~ a reasonable search protocol or as may be further ordered by this Court.

3. ~~All settlement materials shall be designated and treated as "Confidential" in accordance with~~Pursuant to the terms of the Protective Order governing discovery in this ~~action~~matter, the Trustee may, if appropriate per the terms of the Protective Order, designate any such Third Party Materials as "Confidential".

4. The production of privileged material to Defendants by a former employee of the Debtor shall not constitute a waiver of the Debtor's privilege~~, which belongs to~~ without further Order of this Court, with both the Trustee~~.~~

~~5.~~ ~~Defendants, without~~ and the Defendants reserving all rights and arguments with respect to such issue.

5. In the event the Trustee believes, in good faith, that documents sought by Defendants from any third party through a subpoena may include privileged materials, then pursuant to the deadline set forth in Federal Rule of Civil Procedure 45, as such deadline may be extended by agreement of the parties without further Order of this Court, the Trustee shall serve upon the subpoena recipient and counsel for the Defendants a letter setting forth specific objections, if any, as to privilege (the "**Privilege Objection Letter**") with respect to the category or categories of documents at issue. The Privilege Objection Letter shall further expressly state and inform the subpoena recipient that such recipient may nevertheless produce the objectionable materials to counsel for the Defendants.

6. If the Trustee timely serves a Privilege Objection Letter upon counsel for the Defendants, then the Defendants, without substantive and/or material review, shall provide the Trustee with a copy of any documents they receive in response to ~~any~~the subpoena ~~issued~~

~~to a former employee of the Debtor~~at issue to allow the Trustee to conduct a review for privilege (the "**Production Copy**").

7.    ~~6.~~ Upon receipt from Defendants, the Trustee shall promptly review any third-party production for privilege and provide Defendants with (i) a privilege log; and (ii) replacement images for any documents that should be withheld or redacted~~, whereupon Defendants~~.  If the Trustee does not provide the above-referenced privilege log and replacement images to the Defendants within 7 calendar days after Defendants produce the Production Copy to the Trustee's counsel, or some other amount of time as agreed to by the parties without further Order of this Court, then the materials at issue may be maintained and reviewed by the Defendants.  Further, Defendants' counsel shall ~~promptly~~ destroy ~~the original copy of any document~~any materials from third-parties identified by the Trustee on the above-referenced privilege log.

8.    Defendants are deemed to have reserved all rights to object to any designation of privilege by the Trustee.  In addition, nothing herein shall be treated as a waiver by the Trustee of privilege or other protection from disclosure, and the Trustee is deemed to have reserved all rights to assert a claim of privilege or other protection from disclosure in relation to any third-party document, regardless of whether she serves a Privilege Objection Letter.

9.    ~~7.~~ This Order is without prejudice to the rights of any party, including the right to challenge the relevance, admissibility, or privilege of any document, or the right to assert that a party has waived any such right or objection.  Nothing herein shall be construed to revive any rights that a party may have already waived.

10.    ~~8.~~ The Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order.

<u>11.</u>    ~~9.~~ This Order shall be effective and enforceable immediately upon entry.

 

_____
UNITED STATES BANKRUPTCY JUDGE

~~WE ASK FOR THIS:~~

~~/s/ Erika L. Morabito~~
_____
~~Erika L. Morabito (VSB No. 44369)~~
~~Brittany J. Nelson (VSB No. 81734)~~
~~QUINN EMANUEL URQUHART & SULLIVAN LLP~~
~~1300 I Street, N.W., Suite 900~~
~~Washington, DC 20005~~
~~(202) 538-8334 (telephone)~~
~~Email:  erikamorabito@quinnemanuel.com~~
~~ brittanynelson@quinnemanuel.com~~

~~*Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*~~

Document comparison by Workshare 10.0 on Wednesday, July 21, 2021 4:02:38 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\rexlee\Desktop\Original Order.DOCX |
| Description | Original Order |
| Document 2 ID | file://C:\Users\rexlee\Desktop\Revised Order.docx |
| Description | Revised Order |
| Rendering set | Standard no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 41 |
| Deletions | 48 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 89 |