**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| In re:<br><br>LeClairRyan PLLC,[1]<br><br>      Debtor. | Chapter 7<br><br>Case No. 19-34574 (KRH) |
| Lynn L. Tavenner, as Chapter 7 Trustee,<br><br>      Plaintiff,<br><br>v.<br><br>ULX Partners, LLC and UnitedLex Corporation,<br><br>      Defendants. | Adv. Proc. No. 20-03142 (KRH) |

**MOTION FOR LEAVE TO AMEND COMPLAINT
AND TO MODIFY PRETRIAL SCHEDULING ORDER**

Plaintiff, Lynn L. Tavenner, solely in her capacity as Chapter 7 Trustee ("Trustee") of the

bankruptcy estate of LeClairRyan PLLC ("LeClairRyan" or "Debtor") respectfully submits this

motion (the "Motion" and/or "Motion to Amend") for an order (i) granting the Trustee leave to

---

[1]  The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334 (telephone)
Email:  erikamorabito@quinnemanuel.com
        brittanynelson@quinnemanuel.com

*Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*

file an amended complaint (a copy of which is attached hereto as Exhibit A and is simultaneously

being requested to be filed under seal) and (ii) amending the Second Pretrial Order to continue the

trial date in this action.[2]  In support of this Motion, the Trustee respectfully states as follow:

## PRELIMINARY STATEMENT

1.      This is the Trustee's first motion for leave to amend her complaint.  The Trustee

seeks to add as a defendant ███████████████████████████████

███████, whose misconduct was integral to the scheme by the "ULX Entities" to loot the Debtor

of its valuable assets.  The Trustee also seeks to add another ULX-related entity, UnitedLex

Management, LLC ("UnitedLex Management") and new claims against all ULX Entities to

recover, among other things, at least $18.5 million of intellectual property assets that the ULX

Entities extracted from the Debtor in relation to the parties' joint venture.  The compelling evidence

the Trustee has uncovered supports both claims against the new defendants, ██████ and

UnitedLex Management, and new claims against the existing defendants.

2.      The Trustee's proposed amendment amply satisfies Federal Rule of Civil Procedure

15(a)(2) (made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015).  For

starters, adding the new claims now is the most efficient way to advance this litigation.  The

Trustee's new claims arise from the scheme the Trustee described in her initial complaint (albeit

the details and breadth of the scheme are further delineated in the proposed amendment), and

common questions predominate in each of the Trustee's existing claims and her new ones.  The

---

[2]  Concurrently with this Motion, the Trustee is submitting a separate motion to permit her to file this paper
in redacted form on the public docket, and without the referenced Exhibit A, and, correspondingly, to seal
the redacted portions of this paper and Exhibit A in its entirety, pending further order of the Court.  As
explained in that motion to seal, the Trustee seeks this relief out of an abundance of caution in light of her
proposed addition defendants who may be subject to the "FAO Order" (*In re LeClairRyan PLLC*, No. 19-
34574-KRH, Dkt. No. 533, as modified), which the Trustee concurrently also seeks to modify.  *See Motion
to Modify Procedures Regarding the Prosecution and/or Settlement of Actions Involving Former Attorneys
and Certain Others* (*In re LeClairRyan PLLC*, No. 19-34574-KRH, Dkt No. 962).

goals of efficiency and judicial economy would best be served by resolving them all at the same

time.  The Trustee, moreover, could not reasonably have conducted her investigation any faster

than she has, and there is no suggestion that the Trustee has been dilatory.  Nor is there any undue

prejudice.  This case is only partially through document discovery, and depositions have not yet

commenced, making this the opportune time for any amendment.

3.      In addition, the Trustee respectfully requests that the Court grant a short

continuance of the scheduled trial.  Under the Second Pretrial Order, trial is set to begin on October

25, 2021.  If the Court grants leave to amend, the addition of ████████, UnitedLex Management,

and new theories of liability against the existing defendants would justify a modest extension of

the schedule to bring ████████ and UnitedLex Management up to speed and permit any

additional discovery to occur.  The Trustee respectfully submits that moving the trial back by

approximately 3 months, and adjusting the Second Pretrial Order accordingly, would provide

sufficient time for the parties to be trial ready.

4.      Accordingly, the Motion should be granted.[3]

## JURISDICTION

5.      The United States Bankruptcy Court for the Eastern District of Virginia has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Reference from the United States District Court for the Eastern District of Virginia, dated August

15, 1984.

---

[3]    Although not required by Bankruptcy Rule 7015, on August 5, 2021, the Trustee's counsel, as a
professional courtesy, provided a draft of her proposed amended complaint to counsel for ████████ and
counsel for defendants UnitedLex and ULXP asking if they would consent to the Trustee amending her
initial Complaint.  As of the time of this filing, neither ████████, UnitedLex nor ULXP has consented to
the Trustee amending the initial complaint.  With respect to UnitedLex Management, the Trustee is not
aware if they have counsel and therefore is serving notice of this Motion on the registered agent of this
entity so that it may respond and/or appear at the August 19, 2021 omnibus hearing if it chooses to do so.

6.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

8.      The Trustee filed her initial complaint against defendants ULX Partners, LLC ("ULXP") and UnitedLex Corporation ("UnitedLex," and together with ULXP, the "ULX Entities") on October 26, 2020.  As alleged, LeClairRyan and UnitedLex entered a joint venture, ULXP, pursuant to which the joint venture, under UnitedLex's control, took over the business operations of LeClairRyan and was paid based on the net profits of the law firm.  *See* ECF No. 4 (Complaint).  Accessing LeClairRyan's financial and other confidential information, the ULX Entities effectively controlled LeClairRyan, making decisions about the firm's personnel and using their status to leapfrog over the firm's other creditors, for example.  Among other claims, the complaint asserted fraudulent transfer and preference claims relating to the millions of dollars of purported fees and other payments that the ULX Entities siphoned from the Estate during this time. *See id.*  The complaint also alleged statutory and common-law claims against the ULX Entities for their conspiracy with certain of the Debtor's former officers and directors to engage in self-dealing acts that prioritized their financial interests to the detriment of the Estate.  *See id*.

9.      On July 20, 2021, the Court ruled on the ULX Entities' motion to dismiss.  *See* ECF Nos. 57-58.  The Court sustained most of the Trustee's claims but dismissed the claim for aiding and abetting breach of fiduciary duty (on the ground that Virginia law did not recognize the claim). *See id.*  Trial is currently scheduled to begin on October 25, 2021.  ECF No. 49.

10.     Since filing the original complaint, the Trustee and her advisers[4] have continued to investigate the misconduct of the ULX Entities and certain of the Debtor's former officers and

---

[4]  On June 25, 2021, the Court approved the Trustee's retention of Quinn Emanuel Urquhart & Sullivan, LLP, as special counsel, in place of prior special counsel, Foley & Lardner, LLP.

directors.  This investigation has uncovered compelling evidence that supports adding ██████,

UnitedLex Management, and new claims against the existing defendants.  Specifically, the

proposed amended complaint adds the following claims and theories of liability.

11.    ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

12.    <u>The ULX Entities</u>: In addition to causing the Debtor to favor them over other

creditors (even when it involved using client ear-marked funds), the ULX Entities (now including

UnitedLex Management) extracted a windfall from the Debtor in the form of at least $18.5 million

of the firm's intellectual property assets.  *Id.* ¶¶ 3, 156-159, 449-456.  Initially, in furtherance of

the joint venture, LeClairRyan was to contribute a license to its intellectual property and "turn-

key" back office operation that the ULX Entities could then sell to other law firms.  *Id.* ¶¶ 3, 116-

117.  In exchange, the ULX Entities were to inject substantial equity capital into the Debtor.  All

that changed when UnitedLex's due diligence confirmed that the firm was insolvent.  *Id.* ¶¶ 118-

130.  After confirming the dire nature of LeClairRyan's insolvency, UnitedLex coerced new terms,

which included LeClairRyan's outright assignment to the ULX Entities of valuable assets for far

less than reasonably equivalent value.  *Id.* ¶¶ 153-159, 185-198, 457-466.  The Trustee thus seeks

to add UnitedLex Management and amend her existing fraudulent transfer claims against the ULX

Entities to include these transferred assets.  Against one or more of the ULX Entities, the Trustee

also seeks to add claims for breach of fiduciary duty based on their control of LeClairRyan;

misappropriation of trade secrets based on their improper use of the firm's confidential

information; conversion of funds that LeClairRyan's clients had entrusted to it for specific

purposes; equitable subordination; and an accounting.

## ARGUMENT

## I.    THE COURT SHOULD GRANT LEAVE TO AMEND

13.    Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave

[to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "A liberal, pro-amendment ethos

dominates the intent and judicial construction of Rule 15(a)(2)."  *Norfolk 302, LLC v. Vassar*, 2009

WL 10689618, at *1 (E.D. Va. Jan. 16, 2009) (omitting citation and quotation marks); *see also*

*Roncales v. Cty. of Henrico*, 2019 WL 8112889, at *1 (E.D. Va. July 11, 2019) (granting motion

for leave even though defendants had not yet responded).  As the United States Supreme Court has

held, "this mandate [of liberal amendment] is to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182

(1962).

14.    As a result, courts should deny leave only in rare cases.  Specifically, "[c]ourts

should deny leave to amend in only three circumstances: (1) bad faith on the part of the moving

party; (2) prejudice to the opposing party; or (3) futility."  *Terrell v. Thor Motor Coach, Inc.*, 2018

WL 11241189, at *1 (E.D. Va. Apr. 10, 2018) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d

503, 509 (4th Cir. 1986)).

      15.     Here, the Trustee's proposed amendment is entirely appropriate and consistent with

Rule 15(a)(2). ██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████ The Trustee should be afforded the opportunity to assert these claims for the

benefit of the Estate. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) ("This liberal rule

[Rule 15(a)(2)] gives effect to the federal policy in favor of resolving cases on their merits instead

of disposing of them on technicalities."). The same goes for the additional theories the Trustee

seeks to assert against the ULX Entities (now including UnitedLex Management).

      16.     If the Trustee is not permitted to amend her complaint to add ████████, she will

be forced to commence a new proceeding, which would entail needless duplication of effort. As

described in the proposed amended complaint, many of the claims arise from the same transactions

and events to pillage value from LeClairRyan, and the remaining claims involve similar looting.

Moreover, ████████ and his alliance with UnitedLex's CEO, Dan Reed, were essential to the

creation of the joint venture and to the ULX Entities' ultimate control of LeClairRyan. He already

stands to be an important witness at trial as a result, and it would be a waste of the Court's and the

parties' time and resources for the Trustee to assert her claims against ████████ in a separate

action. The new claims the Trustee seeks to assert against the ULX Entities—for fraudulent

transfer, misappropriation of trade secrets and conversion, among others—similarly belong in this

case and should be tried as part of this action because they are linked to the facts giving rise to her

existing claims. Leave should thus be granted.

17.     Moreover, none of the circumstances supporting denial of leave are present.  First, there is no bad faith.  This is the Trustee's first motion seeking leave to amend her complaint and there have been no prior amendments.  The Trustee, moreover, has been investigating a legion of targets in connection with this case and has mediated and settled with dozens of parties.  She brings this Motion in good faith and as promptly as she could have.  This Motion also comes only nine months after the filing of the original complaint, and, as shown below, there is no prejudice.  *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (even if moving party could be accused of delay, "[d]elay alone … without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial.").  Against this background, any suggestion of bad faith on the Trustee's part is wholly unsupportable.

18.     Second, there is no undue prejudice.  "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing.  A common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and is offered shortly before or during trial."  *Laber*, 438 F.3d at 426.  That is not the situation here.

19.

20.    There is also no undue prejudice to ██████████ in relation to the FAO Order, which established procedures for the prosecution and settlement of claims against LeClairRyan's former equity members (among others).  Contemporaneous with this Motion, the Trustee also moves to modify that Order to permit the addition of ██████████ to this adversary proceeding, even though his time to mediate has not expired.  *See In re LeClairRyan PLLC*, No. 19-34574-KRH, ECF No. 962. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████

21.    There is similarly no prejudice to the ULX Entities.  The Trustee's proposed amendment in no way disadvantages them or prevents them from adequately responding to her claims.  This case is not on the eve of trial and the parties still need to complete discovery, including depositions and expert reports.  Moreover, because the new claims are based on the same events underlying the Trustee's existing claims, they will not require the expenditure of additional resources, nor will they occasion any substantial delay.

22.    Finally, the Trustee's proposed amendment is not "clearly insufficient or frivolous on its face" so as to be futile.  *Parker v. Berryhill*, 2018 WL 5255233, at *1 (E.D. Va. Oct. 22, 2018) (M.J. Krask); *see also Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 127 (E.D. Va. 2017) ("[A] court should deny a motion to amend a complaint as futile if it is apparent that the

proposed amendments could not withstand a motion to dismiss.") (omitting citation and quotation marks). Most of the claims against both ███████ and the ULX Entities are for fraudulent transfer and avoidance preference. These are the same types of claims that the Court recently sustained on the existing defendants' motion to dismiss. Most of the remaining claims for breach of fiduciary duty, conversion, and misappropriation of trade secrets allege what are essentially self-dealing transactions and related misconduct by those in control of LeClairRyan. These claims, at best for defendants, raise factual issues, not legal ones, and thus are not patently futile.

23.    There are also no jurisdictional barriers to adding ███████ as a defendant in this case. ██████████████████████████████████████████████████████ ████████████████████████████████████████████████ share common questions of fact and law and are "inextricably intertwined", making any claim brought against him in this case by the Trustee a core proceeding under the Bankruptcy Code. *See Allied Title Lending, LLC v. Taylor*, 420 F. Supp. 3d 436, 449-50 (E.D. Va. 2018) (holding a counterclaim to be constitutionally core when it shares common questions of fact and law with the creditor's proof of claim, and when it seeks to directly reduce or recoup the amount claimed).

## II.    THE COURT SHOULD MODIFY THE SECOND PRETRIAL ORDER

24.    The Trustee recognizes that the addition of new defendants and new theories of liability against the existing defendants necessitates a modest extension to the pretrial schedule and trial date because ███████ and UnitedLex Management will need an opportunity to participate in discovery, and the new claims against the ULX Entities may also warrant some supplemental discovery. Yet, given the overlap of issues between the existing case and the new claims, the trial need not be pushed back substantially, and the Trustee believes that a three-month extension of the trial will provide sufficient time for all parties to prepare. Accordingly, the Trustee respectfully submits that good cause exists under Federal Rule of Civil Procedure 16(b) (made

applicable to this case by Federal Rule of Bankruptcy Procedure 7016) to extend the trial to late January or early February, 2022.

## CONCLUSION

25.    For the foregoing reasons and based on the extensive additional investigation uncovering new and viable causes of action related to the scheme the Trustee described in her initial complaint, the Trustee respectfully requests that the Motion be granted.

WE ASK FOR THIS:

/s/ *Erika L. Morabito*
Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334 (telephone)
Email: erikamorabito@quinnemanuel.com
         brittanynelson@quinnemanuel.com

*Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August, 2021, I served a true and correct copy of the foregoing, via the Court's CM/ECF electronic delivery on all registered users.  I also certify that I will serve a true and correct copy of the foregoing by electronic delivery and/or first class mail, postage prepaid to parties for the proposed additional defendants named in the amended complaint.

/s/ *Erika L. Morabito*
Erika L. Morabito (VSB No. 44369)