# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| In re:<br><br>LeClairRyan PLLC,[1]<br><br>      Debtor.<br>_____<br><br>Lynn L. Tavenner, as Chapter 7 Trustee,<br><br>      Plaintiff,<br><br>v.<br><br>ULX Partners, LLC and UnitedLex Corporation,<br><br>      Defendants. | Chapter 7<br><br>Case No. 19-34574 (KRH)<br><br><br><br><br><br><br>Adv. Proc. No. 20-03142 (KRH) |

### *CORRECTED*[2] MOTION FOR LEAVE TO AMEND COMPLAINT AND TO MODIFY PRETRIAL SCHEDULING ORDER

Plaintiff, Lynn L. Tavenner, solely in her capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of LeClairRyan PLLC ("LeClairRyan" or "Debtor") respectfully submits this

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

_____
Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334 (telephone)
Email:  erikamorabito@quinnemanuel.com
         brittanynelson@quinnemanuel.com

*Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*

motion (the "Motion" and/or "Motion to Amend") for an order (i) granting the Trustee leave to file an amended complaint (a copy of which is attached hereto as Exhibit A and is simultaneously being requested to be filed under seal) and (ii) amending the Second Pretrial Order to continue the trial date in this action.³ In support of this Motion, the Trustee respectfully states as follow:

**PRELIMINARY STATEMENT**

1. This is the Trustee's first motion for leave to amend her complaint. The Trustee seeks to add as a defendant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, whose misconduct was integral to the scheme by the "ULX Entities" to loot the Debtor of its valuable assets. The Trustee also seeks to add another ULX-related entity, ULX Manager LLC ("ULX Manager") and new claims against all ULX Entities to recover, among other things, at least $18.5 million of intellectual property assets that the ULX Entities extracted from the Debtor in relation to the parties' joint venture. The compelling evidence the Trustee has uncovered supports both claims against the new defendants, ▮▮▮▮▮▮ and ULX Manager, and new claims against the existing defendants.

2. The Trustee's proposed amendment amply satisfies Federal Rule of Civil Procedure 15(a)(2) (made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015). For

---

² This motion is corrected solely to correct references to proposed defendant ULX Manager LLC, which the original motion incorrectly referred to as "UnitedLex Management, LLC." *See* ECF No. 66. ULX Manager LLC is represented by the same counsel, Greenberg Traurig, LLP, as the existing Defendants in this Adversary Proceeding and was thus given notice and a copy of the motion (in its un-redacted form) when it was originally filed on August 5, 2021.

³ Concurrently with this Motion, the Trustee is submitting a separate motion to permit her to file this paper in redacted form on the public docket, and without the referenced Exhibit A, and, correspondingly, to seal the redacted portions of this paper and Exhibit A in its entirety, pending further order of the Court. As explained in that motion to seal, the Trustee seeks this relief out of an abundance of caution in light of her proposed addition defendants who may be subject to the "FAO Order" (*In re LeClairRyan PLLC*, No. 19-34574-KRH, Dkt. No. 533, as modified), which the Trustee concurrently also seeks to modify. *See Motion to Modify Procedures Regarding the Prosecution and/or Settlement of Actions Involving Former Attorneys and Certain Others* (*In re LeClairRyan PLLC*, No. 19-34574-KRH, Dkt No. 962).

starters, adding the new claims now is the most efficient way to advance this litigation. The Trustee's new claims arise from the scheme the Trustee described in her initial complaint (albeit the details and breadth of the scheme are further delineated in the proposed amendment), and common questions predominate in each of the Trustee's existing claims and her new ones. The goals of efficiency and judicial economy would best be served by resolving them all at the same time. The Trustee, moreover, could not reasonably have conducted her investigation any faster than she has, and there is no suggestion that the Trustee has been dilatory. Nor is there any undue prejudice. This case is only partially through document discovery, and depositions have not yet commenced, making this the opportune time for any amendment.

3. In addition, the Trustee respectfully requests that the Court grant a short continuance of the scheduled trial. Under the Second Pretrial Order, trial is set to begin on October 25, 2021. If the Court grants leave to amend, the addition of ▬▬▬, ULX Manager, and new theories of liability against the existing defendants would justify a modest extension of the schedule to bring ▬▬▬ and ULX Manager up to speed and permit any additional discovery to occur. The Trustee respectfully submits that moving the trial back by approximately 3 months, and adjusting the Second Pretrial Order accordingly, would provide sufficient time for the parties to be trial ready.

4. Accordingly, the Motion should be granted.[4]

---

[4] Although not required by Bankruptcy Rule 7015, on August 5, 2021, the Trustee's counsel, as a professional courtesy, provided a draft of her proposed amended complaint to counsel for ▬▬▬ and counsel for defendants UnitedLex and ULXP asking if they would consent to the Trustee amending her initial Complaint. As of the time of this filing, neither ▬▬▬, UnitedLex nor ULXP has consented to the Trustee amending the initial complaint. With respect to ULX Manager, the Trustee understands that it too is being represented by Greenberg Traurig, counsel to United Lex and ULXP.

## JURISDICTION

5. The United States Bankruptcy Court for the Eastern District of Virginia has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Eastern District of Virginia, dated August 15, 1984.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

8. The Trustee filed her initial complaint against defendants ULX Partners, LLC ("ULXP") and UnitedLex Corporation ("UnitedLex," and together with ULXP, the "ULX Entities") on October 26, 2020. As alleged, LeClairRyan and UnitedLex entered a joint venture, ULXP, pursuant to which the joint venture, under UnitedLex's control, took over the business operations of LeClairRyan and was paid based on the net profits of the law firm. *See* ECF No. 4 (Complaint). Accessing LeClairRyan's financial and other confidential information, the ULX Entities effectively controlled LeClairRyan, making decisions about the firm's personnel and using their status to leapfrog over the firm's other creditors, for example. Among other claims, the complaint asserted fraudulent transfer and preference claims relating to the millions of dollars of purported fees and other payments that the ULX Entities siphoned from the Estate during this time. *See id*. The complaint also alleged statutory and common-law claims against the ULX Entities for their conspiracy with certain of the Debtor's former officers and directors to engage in self-dealing acts that prioritized their financial interests to the detriment of the Estate. *See id*.

9. On July 20, 2021, the Court ruled on the ULX Entities' motion to dismiss. *See* ECF Nos. 57-58. The Court sustained most of the Trustee's claims but dismissed the claim for aiding

and abetting breach of fiduciary duty (on the ground that Virginia law did not recognize the claim). *See id.* Trial is currently scheduled to begin on October 25, 2021. ECF No. 49.

10. Since filing the original complaint, the Trustee and her advisers[5] have continued to investigate the misconduct of the ULX Entities and certain of the Debtor's former officers and directors. This investigation has uncovered compelling evidence that supports adding ████████, ULX Manager, and new claims against the existing defendants. Specifically, the proposed amended complaint adds the following claims and theories of liability.

11. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

12. The ULX Entities: In addition to causing the Debtor to favor them over other creditors (even when it involved using client ear-marked funds), the ULX Entities (now including

---

[5] On June 25, 2021, the Court approved the Trustee's retention of Quinn Emanuel Urquhart & Sullivan, LLP, as special counsel, in place of prior special counsel, Foley & Lardner, LLP.

5

ULX Manager) extracted a windfall from the Debtor in the form of at least $18.5 million of the firm's intellectual property assets. *Id.* ¶¶ 3, 156-159, 449-456. Initially, in furtherance of the joint venture, LeClairRyan was to contribute a license to its intellectual property and "turn-key" back office operation that the ULX Entities could then sell to other law firms. *Id.* ¶¶ 3, 116-117. In exchange, the ULX Entities were to inject substantial equity capital into the Debtor. All that changed when UnitedLex's due diligence confirmed that the firm was insolvent. *Id.* ¶¶ 118-130. After confirming the dire nature of LeClairRyan's insolvency, UnitedLex coerced new terms, which included LeClairRyan's outright assignment to the ULX Entities of valuable assets for far less than reasonably equivalent value. *Id.* ¶¶ 153-159, 185-198, 457-466. The Trustee thus seeks to add ULX Manager and amend her existing fraudulent transfer claims against the ULX Entities to include these transferred assets. Against one or more of the ULX Entities, the Trustee also seeks to add claims for breach of fiduciary duty based on their control of LeClairRyan; misappropriation of trade secrets based on their improper use of the firm's confidential information; conversion of funds that LeClairRyan's clients had entrusted to it for specific purposes; equitable subordination; and an accounting.

## ARGUMENT

### I. THE COURT SHOULD GRANT LEAVE TO AMEND

13. Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)(2)." *Norfolk 302, LLC v. Vassar*, 2009 WL 10689618, at *1 (E.D. Va. Jan. 16, 2009) (omitting citation and quotation marks); *see also Roncales v. Cty. of Henrico*, 2019 WL 8112889, at *1 (E.D. Va. July 11, 2019) (granting motion for leave even though defendants had not yet responded). As the United States Supreme Court has

6

held, "this mandate [of liberal amendment] is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

14. As a result, courts should deny leave only in rare cases. Specifically, "[c]ourts should deny leave to amend in only three circumstances: (1) bad faith on the part of the moving party; (2) prejudice to the opposing party; or (3) futility." *Terrell v. Thor Motor Coach, Inc.*, 2018 WL 11241189, at *1 (E.D. Va. Apr. 10, 2018) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

15. Here, the Trustee's proposed amendment is entirely appropriate and consistent with Rule 15(a)(2). ████████████████████████████████████████████████████████████████████████████████████████████████████████████████ The Trustee should be afforded the opportunity to assert these claims for the benefit of the Estate. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) ("This liberal rule [Rule 15(a)(2)] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities."). The same goes for the additional theories the Trustee seeks to assert against the ULX Entities (now including ULX Manager).

16. If the Trustee is not permitted to amend her complaint to add ████████, she will be forced to commence a new proceeding, which would entail needless duplication of effort. As described in the proposed amended complaint, many of the claims arise from the same transactions and events to pillage value from LeClairRyan, and the remaining claims involve similar looting. Moreover, ████████ and his alliance with UnitedLex's CEO, Dan Reed, were essential to the creation of the joint venture and to the ULX Entities' ultimate control of LeClairRyan. He already stands to be an important witness at trial as a result, and it would be a waste of the Court's and the

7

parties' time and resources for the Trustee to assert her claims against ▮▮▮▮▮ in a separate action. The new claims the Trustee seeks to assert against the ULX Entities—for fraudulent transfer, misappropriation of trade secrets and conversion, among others—similarly belong in this case and should be tried as part of this action because they are linked to the facts giving rise to her existing claims. Leave should thus be granted.

17. Moreover, none of the circumstances supporting denial of leave are present. First, there is no bad faith. This is the Trustee's first motion seeking leave to amend her complaint and there have been no prior amendments. The Trustee, moreover, has been investigating a legion of targets in connection with this case and has mediated and settled with dozens of parties. She brings this Motion in good faith and as promptly as she could have. This Motion also comes only nine months after the filing of the original complaint, and, as shown below, there is no prejudice. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (even if moving party could be accused of delay, "[d]elay alone … without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial."). Against this background, any suggestion of bad faith on the Trustee's part is wholly unsupportable.

18. Second, there is no undue prejudice. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and is offered shortly before or during trial." *Laber*, 438 F.3d at 426. That is not the situation here.

19. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

20.   There is also no undue prejudice to ████████ in relation to the FAO Order, which established procedures for the prosecution and settlement of claims against LeClairRyan's former equity members (among others).  Contemporaneous with this Motion, the Trustee also moves to modify that Order to permit the addition of ████████ to this adversary proceeding, even though his time to mediate has not expired.  *See In re LeClairRyan PLLC*, No. 19-34574-KRH, ECF No. 962.  ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

21.   There is similarly no prejudice to the ULX Entities.  The Trustee's proposed amendment in no way disadvantages them or prevents them from adequately responding to her claims.  This case is not on the eve of trial and the parties still need to complete discovery, including depositions and expert reports.  Moreover, because the new claims are based on the same events underlying the Trustee's existing claims, they will not require the expenditure of additional resources, nor will they occasion any substantial delay.

22. Finally, the Trustee's proposed amendment is not "clearly insufficient or frivolous on its face" so as to be futile. *Parker v. Berryhill*, 2018 WL 5255233, at *1 (E.D. Va. Oct. 22, 2018) (M.J. Krask); *see also Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 127 (E.D. Va. 2017) ("[A] court should deny a motion to amend a complaint as futile if it is apparent that the proposed amendments could not withstand a motion to dismiss.") (omitting citation and quotation marks). Most of the claims against both ▮▮▮▮ and the ULX Entities are for fraudulent transfer and avoidance preference. These are the same types of claims that the Court recently sustained on the existing defendants' motion to dismiss. Most of the remaining claims for breach of fiduciary duty, conversion, and misappropriation of trade secrets allege what are essentially self-dealing transactions and related misconduct by those in control of LeClairRyan. These claims, at best for defendants, raise factual issues, not legal ones, and thus are not patently futile.

23. There are also no jurisdictional barriers to adding ▮▮▮▮ as a defendant in this case. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ share common questions of fact and law and are "inextricably intertwined", making any claim brought against him in this case by the Trustee a core proceeding under the Bankruptcy Code. *See Allied Title Lending, LLC v. Taylor*, 420 F. Supp. 3d 436, 449-50 (E.D. Va. 2018) (holding a counterclaim to be constitutionally core when it shares common questions of fact and law with the creditor's proof of claim, and when it seeks to directly reduce or recoup the amount claimed).

## II. THE COURT SHOULD MODIFY THE SECOND PRETRIAL ORDER

24. The Trustee recognizes that the addition of new defendants and new theories of liability against the existing defendants necessitates a modest extension to the pretrial schedule and trial date because ▮▮▮▮ and ULX Manager will need an opportunity to participate in discovery, and the new claims against the ULX Entities may also warrant some supplemental

10

discovery. Yet, given the overlap of issues between the existing case and the new claims, the trial need not be pushed back substantially, and the Trustee believes that a three-month extension of the trial will provide sufficient time for all parties to prepare. Accordingly, the Trustee respectfully submits that good cause exists under Federal Rule of Civil Procedure 16(b) (made applicable to this case by Federal Rule of Bankruptcy Procedure 7016) to extend the trial to late January or early February, 2022.

## CONCLUSION

25. For the foregoing reasons and based on the extensive additional investigation uncovering new and viable causes of action related to the scheme the Trustee described in her initial complaint, the Trustee respectfully requests that the Motion be granted.

WE ASK FOR THIS:

/s/ *Erika L. Morabito*
Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334 (telephone)
Email: erikamorabito@quinnemanuel.com
brittanynelson@quinnemanuel.com

*Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2021, I served a true and correct copy of the foregoing, via the Court's CM/ECF electronic delivery on all registered users. I also certify that I will serve a true and correct copy of the foregoing by electronic delivery and/or first class mail, postage prepaid to parties for the proposed additional defendants named in the amended complaint.

/s/ *Erika L. Morabito*
Erika L. Morabito (VSB No. 44369)