David G. Barger (VSB No. 21652)
Thomas J. McKee, Jr. (VSB No. 68427)
J. Gregory Milmoe (admitted *pro hac vice*)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Fax: (703) 749-1301
Email: mckeet@gtlaw.com

*Counsel to ULX Partners, LLC and UnitedLex Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| In re:<br><br>LECLAIRRYAN PLLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-34574 (KRH) |
| Lynn L. Tavenner, as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>ULX Partners, LLC and UnitedLex Corporation<br><br>Defendants. | Adv. Pro. 20-03142 (KRH) |

**DEFENDANTS' OBJECTION TO TRUSTEE'S MOTION FOR LEAVE TO AMEND
COMPLAINT AND TO MODIFY PRETRIAL SCHEDULING ORDER**

ULX Partners, LLC ("**ULXP**") and UnitedLex Corporation ("**UnitedLex**" and together

with ULXP, the "**Defendants**"), by and through their undersigned counsel, submit this objection (the

"**Objection**") to the *Motion for Leave to Amend Complaint and to Modify Pretrial Scheduling Order*

[ECF No. 66] (as modified by that *Corrected Motion for Leave to Amend Complaint and to Modify*

1

*Pretrial Scheduling Order* [ECF No. 73], the "**Motion to Amend**")[1] filed by Lynn L. Tavenner, solely in her capacity as Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of LeClairRyan PLLC ("**LeClairRyan**" or the "**Debtor**").  In support of this Objection, the Defendants respectfully state as follows:

## PRELIMINARY STATEMENT

On numerous occasions, counsel for the Trustee has expressed to the Court an earnest desire to administer the Debtor's estate and prosecute the claims lodged against the Defendants as expeditiously and economically as possible.  Now, only a couple months shy of when the trial for this Adversary Proceeding was to begin, the Trustee's position has suddenly changed as she moves for leave to amend the Complaint to not only add defendants to the proceeding, but also to add new claims against the Defendants – primarily on the alleged basis that she developed evidence warranting such amendments.  Yet other than vague conclusory assertions and generalities, the Trustee does not identify the new evidence she relies upon to justify an amendment, or, more importantly, when such evidence was discovered.  Indeed, a review of the allegations in the Amended Complaint confirms that the amendment is not warranted because the new claims against the Defendants are not premised upon recently discovered evidence.  Rather, the Trustee has had the relevant documents and information purportedly underlying the "new" claims against the Defendants in her possession since well before she filed the <u>original</u> Complaint in October 2020.

In addition to being unjustified, the Trustee's proposed amendment will prejudice Defendants. While the Court's recent ruling on Defendants' Motion to Dismiss eviscerated the bulk of the Trustee's theories and claims in this case, the Trustee's proposed amendment improperly seeks

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms as set forth in the Motion to Amend.

2

███████████████████████████████████████████████████████ – all in an obvious and desperate effort to artificially support a sensational claim of damages following such ruling. Amendments ████████████████████ are futile, however, and should not be permitted. Moreover, amending the complaint at this stage of the litigation will also significantly increase the costs of discovery. Not only will new discovery be required in the form of additional document custodians, years of emails, experts, and witnesses, but the Defendants will also likely need to <u>reexamine</u> many of the hundreds of thousands of pages of documents already exchanged in discovery with an eye towards the Trustee's new claims and allegations. In many respects, the Trustee is asking that the parties begin anew.

In the event the Court grants the Motion to Amend notwithstanding the foregoing, the three-month postponement of the trial date will not be sufficient. As the Trustee noted, the parties are "only partially through document discovery, and depositions have not yet commenced" (Motion to Amend, ¶ 2). With the proposed addition of new defendants and numerous claims asserted against them, based on the pace of the discovery process thus far and anticipated future motions practice, a longer extension than that which the Trustee proposes is appropriate. Furthermore, if the trial is to be rescheduled, the Defendants request the opportunity to confer with the Trustee (and counsel for any added defendant) on new trial dates.[2]

---

[2] Prior to filing the Motion to Amend, the Trustee's counsel did not confer with Defendants about the length of the potential continuance of the trial or her proposed dates in January/February 2022. Lead trial counsel for the Defendants has a conflicting trial in state court in California that is currently scheduled to begin on January 23, 2022, and last three to four weeks. Defendants would be unduly prejudiced should lead trial counsel not be able to represent the Defendants during the trial due to a scheduling conflict.

## RELEVANT BACKGROUND

1.  On October 26, 2020, the Trustee commenced the above-captioned adversary proceeding (the "**Adversary Proceeding**") by filing a fourteen-count complaint (as corrected by that October 28, 2020 filing, the "**Complaint**") [ECF No. 4] against the Defendants.

2.  On December 17, 2020, the Court entered an order (the "**Pretrial Order**") [ECF No. 9] fixing the trial date as well as pre-trial deadlines pertaining to statutory disclosures, discovery, dispositive motions and exhibit filings.

3.  On January 11, 2021, the Defendants filed a motion (the "**Motion to Dismiss**") [ECF No. 17] seeking to dismiss ten of the fourteen counts of the Complaint.

4.  Since December 2020, Defendants and the Trustee have been engaged in written discovery, including exchanging interrogatory responses as well as exchanging and reviewing hundreds of thousands of pages of documents in various productions.

5.  On May 25, 2021,[3] the Court approved the Stipulated Protective Order Regarding the Disclosure and Use of Confidential Information (the "**Protective Order**") [ECF No. 47] governing the parties' use and disclosure of confidential information provided during the discovery process.

6.  On June 4, 2021, the Court entered an order (the "**Second Pretrial Order**") [ECF No. 49], modifying the trial date set forth in the Pretrial Order, with the new trial dates scheduled as October 25, 2021 through November 5, 2021.

7.  On June 24, 2021, the Court conducted a hearing on the Motion to Dismiss.

8.  On July 20, 2021, the Court issued its *Memorandum Opinion* (the "**Motion to Dismiss Opinion**" [ECF No. 57] and related order [ECF No. 58], granting in part and denying in part the

---

[3] The order was signed on May 21, 2021 but entered on the docket on May 25, 2021.

Motion to Dismiss. With respect to the Trustee's conspiracy counts in particular, the Court dismissed the bulk of the Trustee's bases for such counts, holding:

> Entering into a joint venture, converting the business from a professional corporation to a professional limited liability company, terminating the firm's deferred compensation and supplemental retirement plans, and making misleading or false statements to third-party professional consultants are not themselves unlawful acts, nor does the Trustee allege any unlawful means through which these acts were accomplished. Furthermore, in Virginia, a fraudulent conveyance cannot be the predicate act for a conspiracy claim.

Motion to Dismiss Opinion, p.19.

9.    Rather, in the Motion to Dismiss Opinion, the Court held that only two allegations gave rise to a potential conspiracy claim: (i) an alleged conspiracy between Defendants and LCR's board members and officers to breach directors/officers' breach of fiduciary duty through the misappropriation of client funds, and (ii) the unauthorized practice of law by Defendants. *See* Motion to Dismiss Opinion, p.20.

10.    On August 5, 2021, the Trustee filed the Motion to Amend. The proposed amended complaint (the "**Amended Complaint**") was attached as Exhibit A to the Motion to Amend and filed under seal.

## OBJECTION

**A.    The Trustee's Unexplained and Unwarranted Delay in Filing the Motion to Amend Warrants Denial of Leave to Amend the Complaint**

11.    As noted by the Supreme Court in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), "a court may consider a movant's 'undue delay' or 'dilatory motive' in deciding whether to grant leave to amend under Rule 15(a)." *Id.* at 553. The Trustee's reasons for seeking to amend the complaint at this late time, and after substantial delay, are circumspect and not clearly articulated in the motion beyond general and vague assertions. Accordingly, the Motion to Amend should be denied.

12. It has been approximately 10 months since the Trustee filed the original Complaint. Since that time, the parties have engaged in written discovery and various document productions beginning in February and March of 2021. Even prior to that time, however, the Trustee and her special counsel engaged in pre-complaint discovery, allegedly reviewing millions of pages of the Debtor's own records and emails, conducting Rule 2004 exams of two of UnitedLex's principals, and making demands for records from various third parties. Nevertheless, in her Motion to Amend, the Trustee asserts, without specifics, that since filing the Complaint in October 2020 her "investigation has uncovered compelling evidence that supports adding [redacted] ULX Manager, and new claims against the existing defendants." (Motion ¶10). Further, she argues that she brought the Motion to Amend "as promptly as she could have" (Motion to Amend, ¶ 17), prefacing such statement with an explanation that she "has been investigating a legion of targets . . . and has mediated and settled with dozens of parties." (*Id.*).

13. The Trustee's activities with respect to mediating and settling other matters do not justify the delayed filing of the Motion to Amend in this case. The additional defendants the Trustee seeks to add have always been part of the narrative of the proceeding, even if not specifically identified in the Complaint. In fact, in the Trustee's February 2021 responses to ULXP's interrogatories, the Trustee identified [redacted] as an alleged co-conspirator of the Defendants. Nevertheless, the Trustee opted to wait another seven months before moving to amend the Complaint to add [redacted]. Further, it should be noted that it is the Trustee that opted to initiate this suit solely against the UnitedLex and ULXP back in October 2020 rather than wait for additional investigation with respect to other potential defendants. Thus, the potential prejudice she complains of in her Motion to Amend in the form of possible duplicate proceedings is solely the result of her own strategic choices.

14. Further, although she asserts that her claims against the ULX Entities are based upon new evidence that she uncovered since filing the original Complaint in October 2020, such is not supported by the facts. By way of example, the Trustee's Amended Complaint is primarily focused upon assets contributed to the joint venture ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the valuation of such assets ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Upon information and belief, the Trustee has had the ▮▮▮▮▮▮▮▮▮▮▮▮ as part of the Debtor's books and records since her appointment in this matter, and has had the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ since at least June 2020 when it was provided to her directly by ▮▮▮▮▮▮▮ in response to her demand for records.[4] This was months before she filed the original Complaint in this case, and more than a year before she filed the instant Motion to Amend. Yet the Motion to Amend fails to offer any explanation as to why, despite having such documents for such a lengthy amount of time, the Trustee nevertheless opted to wait to seek leave to amend her complaint. She has not specifically articulated any new evidence discovered since filing the Complaint that would justify amendments at this late stage.[5] *See Marcott v. Luna*, 2011 Bankr. LEXIS 181, fn.23 (Bankr. N.M. 2011) ("[L]ate amendments to

---

[4] In response to a request from ▮▮▮▮▮▮▮▮▮▮▮▮ that UnitedLex give consent to provide a copy of the ▮▮▮▮▮▮▮▮▮▮▮▮ to the Trustee, UnitedLex provided such consent on June 21, 2020.

[5] Rather than examining what evidence the Trustee may have discovered since filing her Complaint as she suggests, the Trustee should instead be held to the standard of determining what new evidence she discovered in the last ten (10) weeks. More specifically, when the Trustee raised the possibility of a first continuance of trial at the May 27, 2021 omnibus hearing and the parties engaged in discussions regarding an appropriate trial date in the days following such hearing, the Trustee insisted upon a trial date in October or November 2021 and her counsel stated that the Trustee would not want to push the trial date out any further (such as a January date suggested by Defendants at that time). During those discussions, however, the Trustee made no mention of potentially adding new claims or defendants that would necessitate the need for another continuance. Accordingly, Defendants respectfully request that the Trustee should articulate to the Court what was discovered since June 2, 2021 – the date on which the parties agreed to a new trial date of October 25, 2021 – in order to avoid any appearance of engaging in gamesmanship with the trial date and discovery schedule.

assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.") (quoting *Acri v. International Ass'n of Machinsts*, 781 F.2d 1393, 1398 (9th Cir. 1986); *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.") (internal citations omitted).

15. Moreover, with respect to the claims the Trustee seeks to allege against ▮▮▮▮▮▮, the Trustee had access to evidence allegedly in support of such claims (or at least certain of them) since prior to the filing of the Complaint. For example, in the Trustee's responses to the interrogatories propounded by the Defendants, which, again, the Trustee provided in February of this year, the Trustee identifies numerous communications between ▮▮▮▮▮▮ and the Defendants or otherwise between ▮▮▮▮▮▮ and LeClairRyan employees regarding the joint venture. Further, many of the email communications that the Trustee cites throughout her complaint are emails that she has had in her possession since her appointment as they contain LCR employees as parties to the communications.

16. Finally, and particularly in light of the fact that the Amended Complaint is based upon purported evidence known by the Trustee for some time, Defendants are prejudiced by the Trustee's calculated decision to wait to file the Motion to Amend until <u>after</u> it had the benefit of the Court's ruling on the Motion to Dismiss. As noted in *Meisner v. Zymogenetics, Inc.*, 2016 U.S. Dist. LEXIS 125378 (D.S.C. 2016) where a plaintiff brought a motion to amend well into the litigation based on facts known to him at the time a case was originally removed to federal court, the court said:

> To allow the Plaintiff to amend its Complaint at this stage of the proceedings, after the Magistrate Judge has issued a formal recommendation regarding the disposition

of a dispositive motion, would not only prejudice the Defendants, who have expended the time and expense of fully briefing a motion to dismiss; <u>it would encourage dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of a Magistrate Judge's opinion</u>.

*Id.* at \*19 (emphasis added).

17. The Trustee has not stated a valid basis for her delay in filing the Motion to Amend. This unjustified delay coupled with the mentioned prejudice and the futility of the proposed Amended Complaint, as discussed below, supports denial of the Trustee's request for leave. *Cf. Island Creek Coal Co.* v. Lake Shore, Inc., 832 F.2d 274 (4th Cir. 1987) (reversing a bankruptcy court's denial of a motion to amend a complaint where, among other things, the motion was brought to state a separate ground for recovery the facts of which were allegedly <u>discovered 3 months</u> prior to the filing of the motion to amend.).

**B.     The Motion to Amend Should be Denied as the Portions of the Proposed Amendment Would be Futile[6]**

18. The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied when an amendment would be futile. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A proposed amendment is considered futile if it cannot withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *Parker v. Berryhill*, No. 4:17CV143, 2018 WL

---

[6] The Defendants reserve the right to raise these and additional arguments, including without limitation those in the realm of futility, through a potential Motion to Dismiss the Amended Complaint should the Court grant the Trustee leave to amend and the Defendants determine such filing to be appropriate. Additionally, it should be noted that the Trustee's attempt to add ULX Manager, LLC as a defendant in this case violates the Court's *FAO Procedures Order*, as amended [Bankruptcy Case Docket No. 533]. More specifically, the Trustee never served a demand letter upon ULX Manager, LLC, nor did it give ULX Manager, LLC an opportunity to mediate. Although ULX Manager, which is represented by Greenberg Traurig, would have rejected such demand and elected not to mediate at this stage, the Trustee's decision to seek to add ULX Manager, LLC is yet another example of the Trustee litigating by her own set of rules and repeatedly requesting that the Court modify its procedures accordingly.

5255233, at *1 (E.D. Va. Oct. 22, 2018). The Trustee's attempt ▮▮▮▮ renders the Amended Complaint, at least in part, futile.

    **(i)**    <u>**The Trustee Cannot**</u> ▮▮▮▮

19.    By the Amended Complaint, the Trustee proposes ▮▮▮▮. For example, and without limitation, Paragraphs ▮▮ of the Amended Complaint allege:



20.    Additionally, in Count XXVI of the Amended Complaint, the Trustee alleges that ▮▮▮▮

21.    As part of the original Motion to Dismiss, however, the Defendants sought to have the Court dismiss Counts X and XI of the original Complaint, which alleged that the Defendants committed statutory and common-law civil conspiracy in violation of Virginia law. (Compl., ¶¶ 285-306). In the Motion to Dismiss Opinion, the Court explained that,

> The Trustee bases her conspiracy claims on a breach of fiduciary duty by one or more unidentified officers and/or directors of LeClair. In Virginia, a breach of fiduciary duty, if properly alleged, 'is an unlawful act on which a conspiracy claim can rest.

(Motion to Dismiss Opinion, at 19).

22.    As noted above, while the Court did not ultimately dismiss those claims, the Court stated that

> Entering into a joint venture, converting the business from a professional corporation to a professional limited liability company . . . and making misleading or false statements to third-party professional consultants are not themselves unlawful acts" on which a conspiracy claim can rest, nor can "a fraudulent conveyance . . . be the predicate act for a conspiracy claim.

(*Id.*).

23. █████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

24. In the event the Court decides to grant the Motion to Amend, the ULX Entities respectfully request that the Court strike those portions of the Amended Complaint ████████

████████████████████████████████████████

**(ii) The Amended Complaint Cannot Be Based Upon Conclusory Allegations**

25. As noted in *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412 (4th Cir. 2015), courts "accept as true all well-pled facts in the complaint and construe them in the light most favorable to [the pleading party]." *Id.* at 422 (internal citation omitted). Courts "do not, however, accept as true a legal conclusion couched as a factual allegation . . . [n]or do [courts] accept unwarranted inferences, unreasonable conclusions, or arguments." *Id.* (internal quotations and citations omitted). Additionally, courts "can further put aside any naked assertions devoid of further factual enhancement." *Id.* Portions of the Trustee's proposed Amended Complaint fail to satisfy the foregoing.

26. █████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

11

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
████████████████

27. Similarly, the Trustee offers nothing but "naked assertions devoid of further factual enhancement" with respect to its inflammatory claims of ███████████████ by Defendants. *See e.g.,* Amended Complaint, ███████████████
███████████████████████████████████
███████████████████████████████████
████████

28. Conclusory allegations like those above are not a proper basis to state a claim and the Amended Complaint is therefore futile in this respect.

**C.   The Motion to Amend Should be Denied to the Extent it Ignores the Terms of the Protective Order**

29. The Defendants object to the Motion to Amend to the extent it ignores the protections provided under the terms of the Court's Protective Order regarding discovery in this case. As noted by the Trustee in the Motion to Amend, counsel for the Trustee provided a draft of the amended complaint to counsel for the Defendants. Although the Amended Complaint does not attach emails as exhibits, the Trustee repeatedly quotes emails that were produced by Defendants in discovery and were designated as "Confidential" in accordance with the procedure set forth in the Protective Order. Pursuant to the terms of the Protective Order, such "Confidential" materials cannot be disclosed except to limited classes of persons/entities. [Docket No. 47, ¶11].

30. In the event a party objects to the designation of a "Confidential" designation, the Protective Order requires that the objecting party serve a written objection stating the grounds for the objection, after which time the designating party shall have ten business days to consider and withdraw a designation. *Id.* at ¶10. If the designating party does not withdraw the designation, then the objecting party may move the Court for an order removing the designation. *Id.* The Protective Order states, however, that "[u]ntil the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled as designated." *Id.*

31. The Trustee has not abided by the foregoing terms of the Protective Order as she has failed to serve Defendants with a written objection to any such "Confidential" designation. Accordingly, Defendants request that in the event the Court grants the Trustee leave to amend, that the Trustee be required to redact information previously designated as Confidential until such time as the Trustee has abided by the terms and procedures set forth in the Protective Order.

**D.  If the Court Agrees to Extend the Trial Date and Pre-Trial Deadlines, A Period Greater Than Three Months Will Be Needed**

32. In the event the Court grants the Motion to Amend, the Trustee requests a "modest extension [of three months] to the pretrial schedule and trial date". (Motion to Amend, ¶ 24). While the Defendants eagerly await their day in court so that they may be able to present evidence that will contradict many of the loaded and baseless allegations asserted by the Trustee in the Complaint (and Amended Complaint, as applicable), as the Trustee noted herself, the addition of new parties and new claims will warrant significant additional discovery and a re-review of certain previous discovery. The Trustee has added ■ new paragraphs of allegations in the Amended Complaint, has added new parties, and has added ■ new counts against those parties. Additionally, a three month continuance will not suffice in light of anticipated motions practice,

13

delays in discovery, and the fact that no depositions have been taken. Further, as noted above, Defendants' lead counsel has a three to four week trial scheduled to begin in California state court on January 23, 2022. Accordingly, and without prejudice to the views that may be expressed on this issue by ▆▆▆▆▆, Defendants respectfully request that trial be continued from its current October date.

33. Before setting a new trial date, however, the Defendants respectfully request that the Trustee be asked to confirm whether she intends to seek leave to add any additional defendants to the litigation. In her interrogatory responses, the Trustee identified ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. To date, however, the Trustee has only sought to add ▆▆▆▆▆ to this litigation. Yet in light of the Trustee identifying ▆▆▆▆▆▆▆▆▆▆▆▆ back in February 2020, and the Trustee's recently filed "*Consent Order Granting Relief from the Automatic Stay and Establishing Procedures for Access to Proceeds of Insurance Policy*" [Bankruptcy Case Docket No. 965] in which the Trustee confirms that she has sent written demand letters to certain of the Debtor's former attorneys and that she has agreed to the advancement of certain insurance proceeds to such former attorneys in defense of the Trustee's claims, the Defendants query whether, several months from now, the Trustee will seek leave again to further amend the Amended Complaint (should the Court permit it) to add ▆▆▆▆▆▆▆▆▆▆▆▆▆ as defendants in this action. Defendants reserve all rights with respect to this issue.

34. Alternatively, in the event the Court does not grant the Trustee leave to amend the complaint, Defendants nevertheless request a continuance of the trial date. UnitedLex and ULXP have not yet filed an Answer in this case, depositions have not yet occurred, and the Trustee has indicated that she will soon be producing additional documents to Defendants as noted at the July

2021 omnibus hearing. Under the current Pre-Trial Scheduling Order, however, the parties are required to designate experts no later than August 26, 2021, dispositive motions are due September 20, 2021, and discovery is due to close on October 4, 2021. Accordingly, the Defendants respectfully request that in the event the parties are to proceed with the original Complaint, that the Court continue the current October trial date and that the Pre-Trial Scheduling Order be adjusted accordingly.

35.  Defendants are prepared to confer with the Trustee's counsel, and ▮▮▮▮▮ counsel if appropriate, with respect to an appropriate new proposed trial date and Pre-Trial Order.

## CONCLUSION

**WHEREFORE**, the Defendants respectfully request that the Court deny the Motion to Amend, proceed to continue the trial in this matter, and modify the Pre-Trial Scheduling Order accordingly. Should the Court decide to grant the Motion to Amend, however, the Defendants respectfully request that the Court direct the Trustee to (i) strike those portions of the Amended Complaint that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and (ii) redact the parts of the Amended Complaint that quote or otherwise summarize communications provided by the Defendants in discovery that were designated as "Confidential". In addition, should the Court decide to grant the Trustee's request for an extension of the deadlines and trial date set forth in the Pretrial Order and Second Pretrial Order, respectively, the Defendants request that the parties be given an opportunity to confer on an adjusted schedule to provide to the Court.

Dated: August 16, 2021

/s/ Thomas J. McKee, Jr.
David G. Barger (VSB No. 21652)
Thomas J. McKee, Jr. (VSB No. 68427)
Greenberg Traurig, LLP

15

1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone:  (703) 749-1300
Facsimile:    (703) 749-1301
Email: bargerd@gtlaw.com
      mckeet@gtlaw.com

and

J. Gregory Milmoe (admitted *pro hac vice*)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6064
Email:  milmoeg@gtlaw.com

*Counsel to ULX Partners, LLC
and UnitedLex Corporation*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 16th day of August, 2021, I caused a true and correct copy of *Defendants' Objection to Trustee's Motion for Leave to Amend Complaint and to Modify Pretrial Scheduling Order* to be served on Ms. Lynn L. Tavenner, as the Chapter 7 Trustee of LeClairRyan PLLC, c/o Quinn Emanuel Urquhart & Sullivan LLP, as the Trustee's special litigation counsel, via electronic mail to: Erika L. Morabito (erikamorabito@quinnemanuel.com) and Brittany J. Nelson (brittanynelson@quinnemanuel.com). An unredacted copy has also been emailed to Ms. Morabito and Ms. Quinn.

                   */s/ Thomas J. McKee, Jr.*
                   Thomas J. McKee, Jr. (VSB No. 68427)
                   Greenberg Traurig, LLP
                   1750 Tysons Boulevard, Suite 1000
                   McLean, Virginia 22102
                   Telephone: (703) 749-1300
                   Facsimile: (703) 749-1301
                   Email: mckeet@gtlaw.com

                   *Counsel to ULX Partners, LLC*
                   *and UnitedLex Corporation*