David G. Barger (VSB No. 21652)
Thomas J. McKee, Jr. (VSB No. 68427)
J. Gregory Milmoe (admitted *pro hac vice*)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Fax:        (703) 749-1301
Email: mckeet@gtlaw.com

*Counsel to ULX Partners, LLC, ULX Manager, LLC, and UnitedLex Corp.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

|  |  |
|---|---|
| In re:<br><br>**LECLAIRRYAN PLLC,**<br><br>Debtor. | **Chapter 7**<br><br>**Case No. 19-34574 (KRH)** |
| **Lynn L. Tavenner, as Chapter 7 Trustee,**<br><br>Plaintiff,<br><br>vs.<br><br>**ULX Partners, LLC, ULX Manager LLC, UnitedLex Corporation, and Gary LeClair**<br><br>Defendants. | **Ad. Proc. No. 20-03142-KRH** |

## PARTIAL ANSWER OF ULX PARTNERS, LLC, ULX MANAGER LLC, AND UNITEDLEX CORPORATION TO THE FIRST AMENDED COMPLAINT[1]

COME NOW ULX Partners, LLC ("**ULXP**"), ULX Manager, LLC ("**ULX Manager**"),

and UnitedLex Corporation ("**UnitedLex**") (collectively, the "**Defendants**" or "**UnitedLex**

**Entities**"), by counsel, and file this Answer to the First Amended Complaint (the "**Amended**

---

[1] Defendants file this Answer subject to, and without waiving, their previously filed *Motion to Partially Dismiss the First Amended Complaint* [Docket No. 87]. Defendants reserve the right to supplement and/or amend this Answer after the Court rules on that pending motion.

**Complaint**") filed by Lynn L. Tavenner, as Chapter 7 Trustee (the "**Trustee**" or "**Plaintiff**") for

LeClairRyan PLLC (the "**Debtor**" or "**LCR**" or "**LeClairRyan**").

## <u>OVERVIEW</u>

The Amended Complaint represents an egregious breach of the fiduciary duty of care

owed by the Trustee to the estate of LeClair Ryan and to ULXP, one of its largest creditors.  The

LeClairRyan bankruptcy resulted from a sad but familiar scenario of honorable men and women

struggling to maintain as a going concern a well-regarded law firm wracked by partner

defections and legacy liabilities. Rather than investigating objectively the facts underlying the

demise of LeClairRyan, the Trustee chose to manufacture a bizarre and perverted story cobbling

together baseless and defamatory accusations and twisting facts to fit inapplicable legal theories.

Her refusal to acknowledge the plain facts which fly in the face of her theories, suggests that the

cynical purpose of these untrue accusations is not to redress any wrong done to the estate or its

creditors but rather to strong-arm money from UnitedLex in exchange for stopping the Trustee's

crusade to damage Defendants' business and reputation.  Even viewed in the most charitable

light, the Trustee's allegations evidence a profound misunderstanding of how a large modern law

firm functions in the ordinary course.

The facts are that UnitedLex and ULXP supported LeClairRyan's efforts to remain

viable and become profitable. As a result ULXP became LeClairRyan's largest creditor, owed

more than $12 million for services undeniably rendered at cost.  This does not take into account

the additional funds and services provided by UnitedLex to ULXP which ULXP had the

contractual right to recover but which were not billed to LeClairRyan.  The Trustee has made no

effort to repay these obligations but in the spirit of "no good deed should go unpunished" has

purposefully mischaracterized this support as wrong and unlawful.  In the process, the Trustee

has misspent time and the estate's money seeking to cast the UnitedLex Entities as the scapegoat for LeClairRyan's demise and causing UnitedLex to incur substantial legal bills to defend itself and its affiliates.

In both the Trustee's original Complaint [Docket No. 4] (the "**Original Complaint**") and the Amended Complaint the Trustee alleges without any factual basis that the purpose and intent of the ULXP joint venture was to hinder, delay and defraud creditors of LeClairRyan rendering the entire enterprise an "intentional fraudulent conveyance." In fact, as amply described in the documents that the Trustee herself filed as exhibits to the Original Complaint that remain uncontroverted, the purpose of the joint venture was to transform the back-office functions of LeClairRyan from an in-house responsibility to an outsourced arrangement. This was intended to and did in fact relieve lawyers from having to spend otherwise billable time on business administration and create financial flexibility for the law firm. It was also intended that the efficiency of these back-office functions would be improved under professional management. These facts were well known to the Trustee; but she chose to ignore them because they did not fit with her preconceived theory of wrongdoing by the UnitedLex Entities. As set forth below in greater detail, the UnitedLex Entities deny that any of the allegations set forth in the Original Complaint or Amended Complaint constitute an intentional fraudulent conveyance under either Federal or State law.[2]

In a similar vein, the Trustee alleges that every payment made to ULXP over 16 months was without adequate consideration and therefore should be recoverable as a "constructive fraudulent conveyance." The plain facts well known to the Trustee and included in the

---

[2] Notably, the Trustee chose not to attach any of the Exhibits to the Original Complaint to the Amended Complaint, many of which on their face undercut the Trustee's allegations.

documents she attached as Exhibits to the Original Complaint demonstrate that the payments made to ULXP were in consideration of the services provided by more than 300 back-office ULXP employees who previously were LeClairRyan employees charged at substantially the same rate as their prior salaries – essentially a cost pass-through with no mark-up. Alternatively, the Trustee continues to allege in the Amended Complaint that ULXP was an "illegal enterprise" because, she claims, it transferred control of a law firm to a non-lawyer in violation of Virginia State Bar Rules. Therefore, she reasons, payments made to this illegal enterprise constitute fraudulent conveyances.  She continues to make this allegation notwithstanding the fact that the Court ruled previously that there was no legal cause of action that would flow from alleged violations of the Virginia State Bar Rules even if they were true. The facts are clear that these allegations are not true and, given that these facts were well known to the Trustee and easily verified, her allegations that these payments constituted a constructive fraudulent conveyance are disingenuous, at best.  As set forth in greater detail, the UnitedLex Entities deny that any payments received by ULXP from LeClairRyan constituted a constructive fraudulent conveyance under either Federal or State law.

After sitting on allegedly "newly discovered" information for more than a year, the Trustee now claims that the employee manuals, and other basic management programs used by the LeClairRyan back-office employees transferred to ULXP were worth $18.5 million for which LeClairRyan received inadequate consideration.  Among other things, the Trustee claims that this turned the formation of the ULXP joint venture into a fraudulent conveyance.  As set forth more fully below, the ULX Entities deny that the property transferred was worth $18.5 million (it was carried on LeClairRyan's audited financial statements at $167,000) or that the transfer was a fraudulent conveyance under either Federal or State law.

4

In the Original Complaint and the Amended Complaint the Trustee alleges that ULXP "controlled" LeClairRyan and misused that control to, among other things, cause payments to be made to it rather than to other creditors, misappropriate funds that should have been held in trust for clients, and engage in the unauthorized practice of law. The facts well known to the Trustee as set forth in documents filed as exhibits to the Original Complaint and that remain uncontroverted are clear that ULXP was not in control of LeClairRyan.  ULXP had no authority or ability to make any decision regarding the practice of law by LeClairRyan; it had no signature authority over any bank account of LeClairRyan;  and, as clearly set forth in LeClairRyan's governance documents, ULXP employees who held "officer" titles at LeClairRyan were not executive officers and had no authority to bind LeClairRyan.  UnitedLex and ULXP certainly made recommendations with respect to the business side of LeClairRyan and had the authority customarily granted to non-lawyer management employees of large law firms to deal with vendors and landlords subject to the supervision and control of LCR.  But as the documents filed as exhibits to the Original Complaint and that remain uncontroverted demonstrate, such recommendations were always subject to the supervision and control of LeClairRyan – and were not always followed.  As set forth below in greater detail, UnitedLex denies that ULXP was in control of or otherwise an "insider" of LeClairRyan within the meaning of the Bankruptcy Code. The ULX Entities also deny any and all allegations which are premised upon any of the ULX Entities being an insider.

In both the Original Complaint and the Amended Complaint the Trustee attacks the validity and good faith of the $8 million Deferred Promissory Note (the "**ULXP Note**") pursuant to which ULXP converted $8 million of overdue receivables into a long term debt obligation. Incredibly, the Trustee castigates ULXP for extending generous terms to a cash constrained

borrower, noting that the ULXP Note did not require repayment of principal or interest for five years (subject to further extension) and had only a second lien on assets with numerous rights subordinated to LeCLairRyan's senior lender.  Far from harming LeClairRyan's other creditors, this arrangement which could be prepaid at any time, freed cash to pay those creditors for more than eight months preceding LeClairRyan's bankruptcy. Nor was there any expectation on the part of any person – including in particular LeClairRyan's senior lender – that the ULXP Note would not be repaid in accordance with its terms.  As set forth in greater detail below, the UnitedLex Entities deny that the ULXP Note should be avoidable as a fraudulent conveyance or a preference or recharacterized as equity.

In both the Original Complaint and the Amended Complaint, the Trustee obsessively seeks to find a "conspiracy" to do something unlawful.  Alleging a conspiracy allows her to fabricate an inordinately large damage claim (far in excess of all amounts unpaid to creditors of LeClairRyan) by virtue of the treble damages provision set forth in the Virginia Business Conspiracy Statute.  The Court has already dismissed as a basis for conspiracy most of the acts alleged by the Trustee noting that there was nothing unlawful about them.  The two theories of unlawful conduct which the Court said could provide the basis for a conspiracy **IF** the Trustee were able to prove them, were "the unauthorized practice of law" and the misappropriation of "client funds."  It is unclear whether the Trustee is alleging in the Amended Complaint that ULXP engaged in the unauthorized practice of law – no purported facts are alleged to support such a claim and in fact there is no basis for such a claim.  No one has alleged that ULXP held itself out to the public – or anyone else – as being licensed to practice law.  As noted above, ULXP had no authority to access any LeClairRyan account and the inflammatory claim that it somehow misappropriated such funds or forced LeClairRyan to do so is simply untrue, as the

Trustee should know.  As set forth more fully below, the UnitedLex Entities deny that any of them received or misappropriated any funds inappropriately or engaged in a conspiracy of any kind with anyone to do any wrongful act.

Finally, the Trustee alleges in both the Original Complaint and the Amended Complaint that ULXP was a mere sham, a stooge with no independent viability and that its parent, UnitedLex is the alter ego against whom all the "damage" done to LeClairRyan and its creditors must be assessed. This overlooks the inconvenient facts that ULXP was funded with more than $21 million by UnitedLex, had over 300 employees who provided thousands of hours of service to LeClairRyan over a 16 month period, and is owed more than $12 million by LeClairRyan. Moreover, ULXP paid in full all of its obligations and liabilities including the compensation and benefits of the employees providing services to LeClairRyan and the rent obligations assumed from LeClairRyan.  ULXP was never able to fulfill its hope to become the hub of a constellation of law firms for the simple reason that LeClairRyan consumed all of its resources. The Trustee also smears ULXP and UnitedLex by failing to acknowledge that there is nothing remotely inappropriate about using a limited liability company through which to conduct business. Prudent companies and investors routinely seek to limit their exposure, particularly when entering into new ventures, by establishing corporations and limited liability companies. As set forth in greater detail below, the UnitedLex Entities deny all allegations that ULXP was an alter ego of UnitedLex.

## RESPONSE TO ALLEGATIONS[3]

### Nature of the Case

1.      Defendants deny the allegations set forth in Paragraph 1 and further assert that such allegations are defamatory and scurrilous.

2.      Defendants deny the allegations set forth in Paragraph 2.  In further response, Defendants admit that LCR filed for bankruptcy.  Defendants also admit that UnitedLex continues to do business.

3.      Defendants admit that the creation of ULXP was announced in June 2018 and that more than 300 LCR employees became employees of ULXP at or around that time.  In further response, Defendants state that to the extent Paragraph 3 attempts to summarize and/or characterize the joint venture transaction, the agreements governing such transaction speak for themselves and the Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations set forth in Paragraph 3.

4.      Defendants deny the allegations set forth in Paragraph 4.  In further response, Defendants state that at no time could the ULX Entities dictate action to LCR's leadership.  The ULX Entities had no authority or ability to make any decision regarding the practice of law by LCR, had no signature authority over any bank accounts of LCR, and those ULXP employees with "officer" titles were not executive officers and had no authority to bind LCR.  Further, as noted and defined both in the Master Services Agreement between ULXP and LCR, as well as through implementation of the same, all decisions were subject to the approval of LCR.

---

[3] The Amended Complaint contains various Section Titles, which have been repeated herein for organizational purposes and convenience.  To the extent any such Section Titles are considered allegations, they are denied by the Defendants.

5.     Defendants admit only that Mr. LeClair and Mr. Reed began having discussions regarding a potential joint venture sometime in the second half of 2017.  Defendants deny the allegations set forth in the second sentence of Paragraph 5 and state that the Plaintiff fails to acknowledge Virginia Commercial Finance's loan to LCR that had closed in or about January 2018, approximately three months before consummation of the joint venture.  In further response, Defendants state that to the extent Paragraph 5 attempts to summarize and/or characterize the joint venture transaction, the agreements governing such transaction speak for themselves and the Defendants deny all allegations to the contrary.   Defendants deny all remaining allegations set forth in Paragraph 5.

6.     Defendants admit only that it received a due diligence report regarding LCR's financial condition from Doug Benson in March 2018.  Defendants deny that ULXP charged LCR for services at a marked-up rate; rather, services by LCR's former employees were charged by ULXP at substantially the same rate as their prior salaries – essentially a cost pass-through with no mark-up and ULXP budgeted the same as a "zero profit."  In further response, Defendants state that to the extent Paragraph 6 attempts to summarize and/or characterize the joint venture transaction, the agreements governing such transaction speak for themselves and the Defendants deny all allegations to the contrary.   Defendants deny all remaining allegations set forth in Paragraph 6.

7.     Defendants deny the allegations set forth in Paragraph 7.  In further responses, Defendants admit that CVC, at times, interacted with UnitedLex regarding portions of the ongoing joint venture.

8.     Defendants deny the allegations set forth in Paragraph 8.  In further response, Defendants state that the ULX Entities supported LCR's efforts to remain viable and profitable,

and that rather than any "carrots" disappearing, it was LCR attorneys that were disappearing from LCR's ranks.

9.      Defendants admit only that in August 2019, LCR's partners voted to dissolve the law firm and that LCR still owed ULXP millions of dollars at that time.  Defendants further admit that the joint venture was referenced in UnitedLex's discussions with Latham & Watkins, Ford, and Credit Suisse.  Defendants deny all remaining allegations set forth in Paragraph 9.

10.      Defendants deny the first sentence of Paragraph 10 and further deny that they had knowledge that LCR was allegedly operating in "the red zone" for years or that such alleged fact was known by UnitedLex as early as 2012.    Defendants lack knowledge and information to admit or deny all remaining allegations in Paragraph 10 and therefore deny the same.

11.      Defendants lack knowledge and information to admit or deny the allegations in the first sentence of Paragraph 11 and therefore deny the same.  Defendants admit only that UnitedLex purchased the Discovery Center from LCR in or about October 2013.  Defendants deny that around this time UnitedLex was suffering from its own financial shortcomings; rather, UnitedLex was a growing company with nominal debt and strong organic growth.  Defendants deny all remaining allegations in the second sentence of Paragraph 11.

12.       Defendants lack knowledge and information to admit or deny the allegations in the first sentence of Paragraph 12 and therefore deny the same.

13.      Defendants deny the allegations set forth in Paragraph 13.

14.      Defendants lack knowledge and information to admit or deny the allegations in Paragraph 14 as they relate to Mr. LeClair.  Defendants deny all remaining allegations set forth in Paragraph 14 and state further that ULXP suffered a loss as the Trustee is aware.

## JURISDICTION AND VENUE

15.     In response to Paragraph 15, Defendants state that the counts of the Complaint speak for themselves and Defendants deny all allegations to the contrary.  In further response, Defendants reserve all rights and defenses with respect to the claims summarized in Paragraph 15, as well as all other claims.

16.     Paragraph 16 sets forth a legal conclusion to which no response is required.

17.     Paragraph 17 sets forth a legal conclusion to which no response is required.

18.     Paragraph 18 sets forth a legal conclusion to which no response is required.  To the extent the allegations set forth in Paragraph 18 constitutes factual allegations, Defendants deny all such allegations.

19.     Paragraph 19 sets forth a legal conclusion to which no response is required.

20.     Defendants admit the allegations in the first sentence set forth in Paragraph 20. Defendants deny the allegations in the second sentence set forth in Paragraph 20 and Defendants further state that they reserve all rights, including the right to renew the Motion to Withdraw in light of the new facts and theories alleged in the Amended Complaint.

## PARTIES

21.     Admitted.

22.     Admitted.

23.     Upon information and belief, the Defendants admit the allegations set forth in Paragraph 23.

24.     Admitted.

25.     Admitted.

26.    Defendants deny that ULX Manager is a Delaware corporation indirectly owned by UnitedLex.  Defendants admit the registered address of ULX Manager is 3411 Silverside Road, Tatnall Building, Suite 104, Wilminton, DE 19810.

27.    Defendants admit that ULXP is a Delaware limited liability company.  To the extent the allegations set forth in Paragraph 27 seeks to characterize the parties' agreements, the governing documents speak for themselves and Defendants deny all allegations to the contrary.

## RELEVANT NON-PARTIES

28.    Upon information and belief, Defendants admit the allegations in the first sentence of Paragraph 28.  Defendants lack knowledge and information to admit or deny the allegations in the second, third, and fourth sentences of Paragraph 28 therefore deny the same. Defendants admit the allegations in the last sentence of Paragraph 28.

29.    Defendants admit only that Mr. Freinberg currently practices at Greenberg Traurig.  Defendants lack knowledge and information to admit or deny all remaining allegations in Paragraph 29 and therefore deny the same.

30.    Defendants lack knowledge and information to admit or deny the allegations in Paragraph 30 and therefore deny the same.

31.    Defendants admit only that Christopher Lange was a member of the Debtor's Dissolution Committee and that he left LCR in 2019.  Defendants lack knowledge and information to admit or deny all remaining allegations in Paragraph 31 and therefore deny the same.

32.    Defendants lack knowledge and information to admit or deny the allegations in Paragraph 32 and therefore deny the same.

33.    Upon information and belief, admitted.

## STATEMENT OF FACTS

34.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 34 and therefore deny the same.

35.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 35 and therefore deny the same.

36.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 36 and therefore deny the same.

37.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 37 and therefore deny the same.

38.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 38 and therefore deny the same.

39.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 39 and therefore deny the same.

40.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 40 and therefore deny the same.

41.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 41 and therefore deny the same.

42.     Defendants deny the allegations in the first sentence of Paragraph 42.  Defendants lack knowledge and information to admit or deny the remaining allegations in Paragraph 42 and therefore deny the same.

43.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 43 and therefore deny the same.

44.     Defendants deny the allegations set forth in Paragraph 44.

45.     Defendants admit the allegations set forth in Paragraph 45, but deny that services "such as accounting, marketing, technology, and human resources support" have been provided to any customers except for LCR.

46.     Defendants deny the allegations set forth in Paragraph 46.

47.     Defendants admit the allegations set forth in the first sentence of Paragraph 47. Defendants deny all remaining allegations set forth in Paragraph 47.

48.     Upon information and belief, Mr. Reed met Mr. LeClair in or around 2012. Defendants deny all remaining allegations set forth in Paragraph 48.

49.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 49 and therefore deny the same.

50.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 50 and therefore deny the same.

51.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 51 and therefore deny the same.

52.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 52 and therefore deny the same.

53.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 53 and therefore deny the same.

54.     Defendants admit that in or about 2012, Daniel Reed and Mr. LeClair began discussing a possible business relationship.  In response to the allegations set forth in the second sentence of Paragraph 54, Defendants lack knowledge and information to admit or deny the existence of the alleged November 21, 2012 confidentiality agreement.  In further response, Defendants state that to the extent such a confidentiality agreement does exist, Defendants state

that the referenced confidentiality agreement speaks for itself and Defendants deny all

allegations to the contrary.  Additionally, Defendants deny that a complete copy of the

referenced Partnership 2020 Report or the Dewey Report was provided to Defendants.

Defendants deny all remaining allegations set forth in Paragraph 54.

55.    Defendants admit only that the referenced "joint pilot program" consisted of a few

minor projects, through which UnitedLex provided hosting, processing, and related services to

LCR, while LCR would continue to provide all legal and related services to clients.  Defendants

deny all remaining allegations set forth in Paragraph 55.

56.    Defendants admit the allegations set forth in the first sentence of Paragraph 56,

and that subsequently, LCR threatened to sue UnitedLex.  Defendants lack knowledge and

information to admit or deny the remaining allegations set forth in Paragraph 56 and therefore

deny the same.

57.    Defendants admit only that the LeClairRyan Knowledge Center was formed in

late 2013.  Defendants lack knowledge and information to admit or deny the remaining

allegations set forth in Paragraph 57 and therefore deny the same.

58.    Defendants deny the allegations set forth in the first sentence of Paragraph 58.

Defendants admit the allegations set forth in the last sentence of Paragraph 58.

59.    Defendants lack knowledge and information to admit or deny the allegations set

forth in Paragraph 59 and therefore deny the same.

60.    Defendants admit that a press release was issued regarding the LeClairRyan

Knowledge Center in or around October 2013.  In further response, Defendants state that they

lack knowledge and information to admit or deny all remaining allegations set forth in Paragraph

60.

61.     In response to the allegations set forth in Paragraph 61, Defendants state that the terms of the agreement(s) governing the LeClairRyan Knowledge Center speak for themselves and Defendants deny all allegations to the contrary.

62.     Defendants admit that articles were written in or about November 2013 about the LeClairRyan Knowledge Center.  Defendants further admit that Mr. Reed participated in the referenced podcast but lack knowledge and information to admit or deny whether Mr. LeClair stated the referenced quote.  In further response, Defendants assert that the transcript of the referenced podcast, if any, speaks for itself and Defendants deny all statements to the contrary.

63.     Defendants admit that Mr. Reed participated in the referenced podcast but lack knowledge and information to admit or deny whether Mr. Reed stated the referenced quote.  In further response, Defendants assert that the transcript of the referenced podcast speaks for itself and Defendants deny all statements to the contrary.

64.     Defendants admit only that Mr. Reed and Mr. LeClair would on occasion exchange business contacts and discuss business opportunities, and that a master services agreement regarding the LeClairRyan Knowledge Center was never executed between UnitedLex and LCR.  Additionally, Defendants state that LCR did not have significant litigation work requiring discovery services and therefore the relationship never developed beyond its infancy.  Defendants deny all remaining allegations set forth in Paragraph 64.

65.     Defendants admit only that UnitedLex and LeClairRyan transacted some, but limited, business together following creation of the LeClairRyan Knowledge Center. Additionally, Defendants state that LCR did not have significant litigation work requiring discovery services and therefore the relationship never developed beyond its infancy. Defendants deny all remaining allegations set forth in Paragraph 65.

66.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 66 and therefore deny the same.

67.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 67 and therefore deny the same.

68.     Defendants admit only that emails exist containing the quoted passages and that such passages speak for themselves and that Defendants deny all allegations to the contrary.

69.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 69 and therefore deny the same.

70.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 70 and therefore deny the same.

71.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 71 and therefore deny the same.

72.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 72 and therefore deny the same.

73.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 73 and therefore deny the same.

74.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 74 and therefore deny the same.

75.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 75 and therefore deny the same.

76.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 76 and therefore deny the same.

77.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 77 and therefore deny the same.

78.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 78 and therefore deny the same.

79.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 79 and therefore deny the same.

80.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 80 and therefore deny the same.

81.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 81 and therefore deny the same.

82.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 82 and therefore deny the same.

83.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 83 and therefore deny the same.

84.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 84 and therefore deny the same.

85.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 85 and therefore deny the same.

86.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 86 and therefore deny the same.

87.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 87 and therefore deny the same.

88.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 88 and therefore deny the same.

89.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 89 and therefore deny the same.

90.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 90 and therefore deny the same.

91.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 91 and therefore deny the same.

92.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 92 and therefore deny the same.

93.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 93 and therefore deny the same.

94.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 94 and therefore deny the same.

95.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 95 and therefore deny the same.

96.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 96 and therefore deny the same.

97.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 97 and therefore deny the same.

98.     Defendants admit only that LeClairRyan and UnitedLex began to have discussions in or about 2017 regarding a potential joint venture.  Defendants deny all remaining allegations set forth in Paragraph 98.

99.     Defendants admit only that in 2017, UnitedLex was exploring the possibility of becoming a partner to a "constellation" of law firms.  Defendants deny all remaining allegations set forth in Paragraph 99.

100.    Admitted.

101.    Except for the allegations set forth in footnote 1 of the Amended Complaint, which the Defendants deny, the Defendants admit the allegations set forth in Paragraph 101.

102.    Defendants admit only that emails exist containing the quoted passages and that such passages speak for themselves and that Defendants deny all allegations to the contrary.  In further response, Defendants deny the allegations in the first sentence of footnote 2 to the Amended Complaint.  Defendants admit the second and third sentences of footnote 2 of the Amended Complaint.

103.    Defendants admit only that in August 2017 Mr. Reed and Mr. LeClair continued to discuss a potential joint venture between LCR and UnitedLex, and that Erik Gustafson's support would be needed for any joint venture.  Defendants further admit that emails exist containing the quoted passages and that such passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 103.

104.    Defendants lack knowledge and information to admit or deny the allegations set forth in paragraph 104 and therefore deny the same.

105.    Defendants lack knowledge and information to admit or deny whether Mr. Gustafson met with Messrs. Reed and Brown in person on August 23, 2017 and therefore deny the same.  With respect to the allegations set forth in the second and third sentences of Paragraph 105, Defendants admit that emails exist containing the quoted passages and that such passages

speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all

remaining allegations set forth in Paragraph 105.

106.    Admitted.

107.    Without waiving any rights or privilege, Defendants admit that ethics opinions

received by UnitedLex before September 15, 2017 were not addressed specifically to

LeClairRyan as a recipient of the opinion. Defendants deny all remaining allegations in

Paragraph 107.

108.    Admitted.

109.    Defendants lack knowledge and information to admit or deny the allegations set

forth in Paragraph 109 and therefore deny the same.

110.    Defendants admit that emails exist containing the quoted passages and that such

passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants

deny all remaining allegations in Paragraph 110.

111.    Defendants lack knowledge and information to admit or deny the allegations set

forth in the first sentence of Paragraph 111 and therefore deny the same.  In further response,

Defendants admit that emails exist containing the quoted passages, including those set forth in

Footnote 3 of the Amended Complaint, and that such passages speak for themselves and

Defendants deny all allegations to the contrary.  With respect to the allegations set forth in the

fourth and fifth sentences of Paragraph 111, Defendants admit only that Mr. LeClair met with

Mr. Reed and attorneys from Greenberg Traurig in or about October 2017 and that Mr.

Gustafson did not attend that meeting. Defendants deny remaining allegations set forth in

Paragraph 111.

112.    Defendants admit that emails exist containing the quoted passages and that such passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 112.

113.    Defendants admit only that CVS's investment in UnitedLex was not formalized until September 2018.  Defendants deny all remaining allegations in Paragraph 113.

114.    Defendants admit that emails exist containing the quoted passages and that such passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 114.

115.    Defendants deny that CVC negotiated the joint venture.  In response to the allegations set forth in the second sentence of Paragraph 115, Defendants admit, upon information and belief, that Mr. Reed at times had referenced that UnitedLex was venture-backed by JP Morgan."  Defendants deny all remaining allegations in Paragraph 115.

116.    Defendants deny that any of them authored the "December 29, 2017" proposal, which was identified as Exhibit 1 to the Trustee's original complaint [Docket No. 4].  In further responses, Defendants state that the December 29 Proposal speaks for itself and Defendants deny all allegations to the contrary.

117.    In response to the allegations set forth in Paragraph 117, Defendants state that the December 29 Proposal speaks for itself and Defendants deny all allegations to the contrary.

118.    Defendants admit only that during the discussions regarding a potential joint venture, the parties discussed a possible loan from UnitedLex to replace LCR's loan with Virginia Commercial Finance.   Defendants deny all remaining allegations set forth in Paragraph 118.

119.     In response to the allegations set forth in Paragraph 119, Defendants state that the December 29 Proposal speaks for itself and Defendants deny all allegations to the contrary.

120.     Defendants admit that during the winter of 2018, UnitedLex engaged in due diligence of LCR.  In further response to the allegations set forth in Paragraph 120, Defendants state that they lack knowledge and information to admit or deny whether CVC engaged in additional due diligence of LCR during the winter of 2018 and whether LCR peformed diligence on UnitedLex or CVC.

121.     Admitted.

122.     Admitted.

123.     In response to the allegations set forth in Paragraph 123, Defendants state that the Benson Report speaks for itself and Defendants deny all allegations to the contrary.

124.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 124 and therefore deny the same.

125.     Defendants admit that emails exist containing the passages quoted in the first sentence of Paragraph 125 and that such passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 125, including any asserted premise that regulatory approval of any role by CVC was necessarily required.

126.     Defendants admit that emails exist containing the quoted passages and that such passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 126.

127.    Defendants admit that emails exist containing the quoted passages and that such passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 127.

128.    Defendants admit the allegations in the first sentence of Paragraph 128.  In further response, Defendants admit that emails exist containing the quoted passages and that such passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 128.

129.    Defendants deny the allegations in the first sentence of Paragraph 129.  In further response, Defendants admit that emails exist containing the quoted passages and that such passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 129.

130.    Defendants admit that emails exist containing the quoted passages and that such passages speak for themselves and Defendants deny all allegations to the contrary.

131.    Defendants deny the allegations set forth in Paragraph 131.

132.    Defendants admit only that on March 4, 2018, LCR converted from a PC to a PLLC.  Defendants deny all remaining allegations set forth in Paragraph 132, including that the conversion was a requirement of the joint venture.

133.    Paragraph 133 sets forth a legal conclusion to which no response is required.

134.    Defendants admit that emails exist containing the quoted passages and that such passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 134.

135.     Defendants admit that emails exist containing the quoted passages and that such passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 135.

136.     Defendants admit that emails exist containing the quoted passages and that such passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 136.

137.     Defendants deny the allegations set forth in the first sentence of Paragraph 137 to the extent it implies that the Conversion was a requirement of the joint venture.  Defendants lack knowledge and information to admit or deny the remaining allegations set forth in Paragraph 137 and therefore deny the same.

138.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 138 and therefore deny the same.  In further response, Defendants admit that Erik Gustafson referenced the same in his March 19, 2018 Executive Summary that was attached as Exhibit 6 to the Original Complaint.

139.     Defendants admit only that the IRS filed Proof of Claim No. 252 in the bankruptcy and that the Court authorized a proposed adjustment to conclude a related audit. Defendants lack knowledge and information to admit or deny the remaining allegations set forth in Paragraph 139 and therefore deny the same.

140.     Defendants admit the allegations set forth in the first sentence of Paragraph 140. Without waiving any right or privilege, Defendants further admit that UnitedLex received legal advice with respect to the planned joint venture from Hinshaw.

141.    In response to the allegations set forth in Paragraph 141, Defendants state that the March 19, 2018 executive summary was attached as Exhibit 6 to the original Complaint, that such summary speaks for itself and that Defendants deny all allegations to the contrary.

142.    In response to the allegations set forth in Paragraph 142, Defendants state that the March 19, 2018 executive summary was attached as Exhibit 6 to the original Complaint, that such summary speaks for itself and that Defendants deny all allegations to the contrary.

143.    In response to the allegations set forth in Paragraph 143, Defendants state that the March 19, 2018 executive summary was attached as Exhibit 6 to the original Complaint, that such summary speaks for itself and that Defendants deny all allegations to the contrary.

144.    In response to the allegations set forth in Paragraph 144, Defendants state that the referenced July 25, 2017 legal opinion from Hinshaw was attached as Exhibit 7 to the original complaint, that such letter speaks for itself, and that Defendants deny all allegations to the contrary.  Defendants do not waive any right or privilege with respect to such letter.

145.    In response to the allegations set forth in Paragraph 145, Defendants state that the referenced July 25, 2017 legal opinion from Hinshaw was attached as Exhibit 7 to the original complaint, that such letter speaks for itself, and that Defendants deny all allegations to the contrary.  Defendants do not waive any right or privilege with respect to such letter.

146.    In response to the allegations set forth in Paragraph 146, Defendants state that the reference to "term sheets" and "early term sheets" are vague and ambiguous.  Defendants therefore lack knowledge and information to admit or deny the allegations set forth in Paragraph 146 and therefore deny the same.

147.    Defendants admit that emails exist containing the quoted passages and that such passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 147.

148.    Defendants admit that Hinshaw provided LeClairRyan with an opinion letter dated March 27, 2018 and a revised version dated March 28, 2018.  Defendants lack knowledge and information to admit or deny the remaining allegations set forth in Paragraph 148 and therefore deny the same.

149.    Defendants lack knowledge and information to admit or deny the allegations set forth in the first sentence of Paragraph 149 and therefore deny the same.  Defendants deny all remaining allegations in Paragraph 149.

150.    In response to the allegations set forth in Paragraph 150, Defendants state that the referenced March 28, 2018 legal opinion from Hinshaw was attached as Exhibit 10 to the original complaint, that such letter speaks for itself, and that Defendants deny all allegations to the contrary.  In further response, Defendants admit that at one time UnitedLex considered using the name United Law Firm Solutions for the joint venture.

151.    In response to the allegations set forth in Paragraph 151, Defendants state that the referenced March 28, 2018 legal opinion from Hinshaw was attached as Exhibit 10 to the original complaint, that such letter speaks for itself, and that Defendants deny all allegations to the contrary.

152.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 152 and therefore deny the same.

153.    In response to the allegations set forth in Paragraph 153, Defendants admit only that the joint venture was ultimately consummated and that a $33 million loan was not offered

due, in part, to the changing circumstances of LCR and as approved by Virginia Commercial

Finance.  Defendants deny all remaining allegations set forth in Paragraph 153.

154.    In responses to the allegations set forth in Paragraph 154, Defendants admit only

that the terms of the ultimate joint venture did not include a $33 million loan to LCR.

Defendants deny a restructuring of the joint venture to bestow more control over LCR's

operations to ULXP to the detriment of LCR's creditors.  In further response, the Defendants

state that the terms of the agreements governing the joint venture speak for themselves and

Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations set

forth in Paragraph 154.

155.    Defendants lack knowledge and information to admit or deny the allegations set

forth in Paragraph 155 and therefore deny the same.

156.    In response to the allegations set forth in Paragraph 156, Defendants state that the

terms of the agreements governing the joint venture speak for themselves and Defendants deny

all allegations to the contrary.  In further response, Defendants deny the allegations set forth in

the second sentence of Paragraph 156.  In further response, Defendants state that LCR was billed

essentially at-cost for the referenced services.

157.    In response to the allegations set forth in Paragraph 157, Defendants state that the

Contribution Agreement speaks for itself and Defendants deny all allegations to the contrary.

158.    Admitted.

159.    In response to the allegations set forth in Paragraph 159, Defendants state that the

terms of the agreements governing the joint venture speak for themselves and Defendants deny

all allegations to the contrary.

160.    In response to the allegations set forth in Paragraph 160, Defendants state that the terms of the agreements governing the joint venture speak for themselves and Defendants deny all allegations to the contrary.

161.    In response to the allegations set forth in Paragraph 161, Defendants admit that ULXP entered into a Master Services Agreement with LCR on or about April 4, 2018.  In further response, Defendants state that the MSA speaks for itself and Defendants deny all allegations to the contrary.  In further response, Defendants deny that ULXP "took control" of certain delineated responsibilities of LCR.  UnitedLex and ULXP at times made recommendations with respect to the business side of LeClairRyan and had the authority customarily granted to non-lawyer management employees of large law firms to deal with vendors and landlords subject to the supervision and control of LCR.  Such recommendations, however, were always subject to the supervision and control of LCR – and were not always followed.

162.    Defendants deny the Plaintiffs' characterization of the services listed in Paragraph 162 as "core law firm functions" or that ULXP controlled such services or any other services that would be considered "core law firm functions."  In further response to the allegations set forth in Paragraph 162, Defendants state that the MSA speaks for itself and Defendants deny all allegations to the contrary.  Additionally, Defendants note that pursuant to the MSA, all services provided by ULXP to LCR were subject to LCR's ultimate approval and authority.

163.    Defendants deny the allegations set forth in Paragraph 163.

164.    In response to the allegations set forth in Paragraph 164 that attempt to summarize the terms of the MSA, Defendants state that the MSA speaks for itself and Defendants deny all allegations to the contrary.    Defendants deny all remaining allegations set forth in Paragraph 164.

165.    Defendants deny the allegations set forth in Paragraph 165.

166.    In response to the allegations set forth in Paragraph 166, Defendants state that the MSA speaks for itself and Defendants deny all allegations to the contrary.

167.    Defendants admit only that emails exist containing the passages quoted in Footnote 4 of the Amended Complaint and that such passages speak for themselves and Defendants deny all allegations to the contrary.  In further response, Defendants deny all remaining allegations set forth in Paragraph 167.

168.    In response to the allegations set forth in Paragraph 168, Defendants state that the MSA speaks for itself and Defendants deny all allegations to the contrary.

169.    Admitted.

170.    Defendants deny the allegations set forth in Paragraph 170.  In further response, Defendants note that the MSA provided that LCR retained ultimate control and authority over all services provided by ULXP.

171.    Defendants deny the allegations set forth in Paragraph 171.

172.    Defendants deny that LeClairRyan was insolvent.  Defendants lack knowledge and information to admit or deny the remaining allegations set forth in Paragraph 172 and therefore deny the same.

173.    Admitted.

174.    Admitted.

175.    Admitted.

176.    Admitted.

177.    Defendants admit that emails exist containing the quoted passages and that such passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 177.

178.    Admitted.

179.    In response to the allegations set forth in the first sentence of Paragraph 179, Defendants admit only that they provided various introductions and potential opportunities to LCR that LCR ultimately did not finalize.  Defendants further admit that emails exist containing the quoted passages and that such passages speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 179.

180.    Defendants deny the allegations set forth in the first sentence of Paragraph 180.  Defendants lack knowledge and information to admit or deny the remaining allegations set forth in Paragraph 180 and therefore deny the same.

181.    Defendants admit that emails exist containing the quoted passages.  Defendants deny the substance of the quoted passage and deny all remaining allegations in Paragraph 181.  In further response, Defendants state that UnitedLex did provide introductions and assistance with respect to a potential business relationship between LCR and Ford.

182.    In response to the allegations set forth in Paragraph 182, Defendants admit only that CVC's investment in UnitedLex closed in or about September 2018 and that CVC, from time to time, provided input on various components of the joint venture even before such closing.  Defendants deny all remaining allegations set forth in Paragraph 182.

183.    Upon information and belief, Defendants admit that Defendants discussed capping LeClairRyan's outstanding payable at approximately $8 million.  Defendants lack

knowledge and information to admit or deny the remaining allegations set forth in Paragraph 183 and therefore deny the same.

184.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 184 and therefore deny the same.

185.     Admitted.

186.     Defendants admit the allegations set forth in the first sentence of Paragraph 186, although further state that Cornerstone Valuation is a valuation firm rather than an accounting firm.  In further response, Defendants lack knowledge and information to admit or deny the allegations set forth in the second sentence of Paragraph 186 and therefore deny the same.

187.     In response to the allegations set forth in Paragraph 187, Defendants state that the referenced Cornerstone report speaks for itself and Defendants deny all allegations to the contrary.

188.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 188 and therefore deny the same.

189.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 189 and therefore deny the same.

190.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 190 and therefore deny the same.

191.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 191 and therefore deny the same.  In further response, Defendants admit that emails exist containing the quoted passages.

192.     In response to the allegations set forth in Paragraph 192, Defendants admit that emails exist containing the quoted passages.  Defendants deny all remaining allegations in Paragraph 192.

193.     Defendants deny the allegations set forth in Paragraph 193.

194.     In response to the allegations set forth in Paragraph 194, Defendants admit that emails exist containing the quoted passages.

195.     Defendants deny the allegations set forth in Paragraph 195.

196.     Admitted.  In further response, Defendants state that the referenced deals were radically different than the joint venture with LCR.

197.     In response to the allegations set forth in Paragraph 197, Defendants admit that emails exist containing the quoted passages.  Defendants deny all remaining allegations set forth in Paragraph 197.

198.     In response to the allegations set forth in Paragraph 198, Defendants admit that emails exist containing the quoted passages.  Defendants lack knowledge and information to admit or deny the remaining allegations set forth in Paragraph 198 and therefore deny the same.

199.     In response to the allegations set forth in Paragraph 199, Defendants admit that emails exist containing the quoted passages.  Defendants deny all remaining allegations set forth in Paragraph 199.

200.     Defendants deny the allegations set forth in Paragraph 200.

201.     Defendants deny the allegations set forth in Paragraph 201.  In further response, Defendants state that the services to be provided by ULXP were set forth in the parties' MSA, all of which was subject to the ultimately authority and approval of LCR as provided for therein.

202.     In response to the allegations set forth in Paragraph 202, Defendants state that the phrase "Debtor's financial and other confidential information essential to the operation of the Debtor" is vague and ambiguous.  Defendants therefore lack knowledge and information to admit or deny the allegations set forth in Paragraph 202 and therefore deny the same.

203.     In response to the allegations set forth in Paragraph 203, Defendants state that the phrase "incurred expenses on the Debtor's behalf" is vague and ambiguous.  Defendants therefore lack knowledge and information to admit or deny the allegations set forth in Paragraph 203 and therefore deny the same.

204.     In response to the allegations set forth in Paragraph 204, Defendants state that the phrase "made personnel decisions" is vague and ambiguous.  Defendants therefore lack knowledge and information to admit or deny the allegations set forth in Paragraph 204 and therefore deny the same.

205.     In response to the allegations set forth in the first sentence of Paragraph 205, Defendants admit only that ULXP employees, at times, held such positions but deny the Trustee's characterization of all such positions as "key."  In further response, Defendants state that despite having the referenced titles, such persons lacked ultimate authority and, as clearly set forth in the documents governing LeClairRyan, were not executive officers of LeClairRyan.  Rather, all authority and approvals ultimately rested with LCR.  Defendants deny the allegations set forth in the last sentence of Paragraph 205.

206.     In response to the allegations set forth in Paragraph 206, Defendants state that the allegation is vague and ambiguous, and therefore Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 206 and therefore deny the same.

207.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 207 and therefore deny the same.

208.    In response to the allegations set forth in Paragraph 208, Defendants state that the referenced email speaks for itself and Defendants deny all allegations to the contrary.

209.    In response to the allegations set forth in Paragraph 209, Defendants state that the referenced PowerPoint speaks for itself and Defendants deny all allegations to the contrary.

210.    In response to the allegations set forth in Paragraph 210, Defendants state that the referenced diagram speaks for itself and Defendants deny all allegations to the contrary.  In further response, Defendants deny the allegation of "dominance by UnitedLex" or that the chart demonstrates the implementation of the joint venture.

211.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 207 and therefore deny the same.

212.    In response to the allegations set forth in Paragraph 212, Defendants admit that emails exist containing the quoted passages.  Defendants deny all remaining allegations set forth in Paragraph 212.

213.    In response to the allegations set forth in Paragraph 213, Defendants admit that emails exist containing the quoted passages.  Defendants deny all remaining allegations set forth in Paragraph 213.

214.    Defendants deny the allegations set forth in the first sentence of Paragraph 214. In further response, Defendants admit only that an email exists containing the quoted passages. In further response, however, Defendants state that the Trustee's selective quoting of such email is out of context, incomplete, and misleading and deny all suggested implications from quoting

such email.  Defendants further state that the ULX Entities could not and did not dictate the actions of LCR.  Defendants deny all remaining allegations set forth in Paragraph 214.

215.     In response to the allegations set forth in Paragraph 215, Defendants admit that emails exist containing the quoted passages.  Defendants deny all remaining allegations in Paragraph 215.

216.     In response to the allegations set forth in Paragraph 216, Defendants admit that LeClairRyan was continuing to experience member defections and declining revenue towards the end of 2018.

217.     In response to the allegations set forth in Paragraph 217, Defendants admit only that at the end of November 2018, LCR owed ULXP approximately $16.4 million.  Defendants lack knowledge and information to admit or deny the allegations set forth in the second sentence of Paragraph 217 and therefore deny the same.

218.     In response to the allegations set forth in Paragraph 218, Defendants admit only that in or around January 2019, senior officers from UnitedLex met regularly with LCR's CFO, Dwight Jones, and other LCR Board members and/or staff members to discuss cash flow (including 13-week cash flow) and to discuss payments LCR intended to make to vendors. Defendants deny all remaining allegations set forth in Paragraph 218.

219.     In response to the allegations set forth in Paragraph 219, Defendants deny that Mr. Hinton "insisted" that Mr. Jones prepare the 13-week cash flow forecasts but admit that UnitedLex advised preparation of the same.  Defendants deny all remaining allegations set forth in Paragraph 219.

220.     Defendants deny the allegations set forth in Paragraph 220.

221.    In response to the allegations set forth in Paragraph 221, Defendants state that the chart is incomplete and misleading.  Defendants therefore deny the allegations set forth in Paragraph 221.

222.    In response to the allegations set forth in Paragraph 222, Defendants admit only that at times throughout the course of the joint venture, ULXP made demand for payments from LCR.  Defendants deny all remaining allegations set forth in Paragraph 222.

223.    In response to the allegations set forth in Paragraph 223, Defendants admit that emails exist containing the quoted passages and that such emails speak for themselves and Defendants deny all allegations to the contrary.  Defendants deny all remaining allegations in Paragraph 223.

224.    Defendants deny the allegations set forth in Paragraph 224.

225.    Defendants deny the allegations set forth in Paragraph 225.

226.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 226 and therefore deny the same.

227.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 227 and therefore deny the same.

228.    Defendants deny the allegations set forth in Paragraph 228.

229.    Defendants admit only that UnitedLex and/or ULXP inquired of, and discussed with, LCR's alleged practice of commingling client and operational funds.  Defendants deny all remaining allegations set forth in Paragraph 229.

230.    Defendants deny the allegations in the first sentence of Paragraph 230.  In further response, Defendants admit that an April 10, 2019 email exists containing the quoted passage and that such email speaks for itself and Defendants deny all allegations to the contrary.  In

further response, Defendants admit that such email was sent approximately a year after entering

into the joint venture and five months before LCR filed for bankruptcy. Defendants deny all

remaining allegations set forth in Paragraph 230.

231.    Defendants deny the allegations set forth in Paragraph 231.

232.    In response to the allegations set forth in Paragraph 232, Defendants admit only

that ULXP and LCR entered into an Outstanding Deferred Loan Promissory Note in the principal

amount of $8 million and an accompanying Security Agreement in April 2018. In further

response, Defendants admit that LCR's members voted to dissolve the law firm in or about

August 2019. Defendants deny all remaining allegations set forth in Paragraph 232.

233.    Defendants deny the allegations set forth in Paragraph 233. In further response,

Defendants state that the ULXP Note was dated December 20, 2018 but that the ULXP Security

Agreement was dated April 2, 2019.

234.    In response to the allegations set forth in Paragraph 234, Defendants state that the

ULXP Note speaks for itself and Defendants deny all allegations to the contrary.

235.    Defendants deny the allegations set forth in the first sentence of Paragraph 235.

In further response, Defendants admit that emails exist containing the quoted passages and that

such emails speak for themselves and Defendants deny all allegations to the contrary.

236.    Defendants deny the allegations set forth in Paragraph 236.

237.    Defendants deny the allegations set forth in Paragraph 237.

238.    Defendants deny the allegations set forth in Paragraph 238.

239.    Defendants deny the allegations set forth in the first sentence of Paragraph 239.

In response to the second sentence of Paragraph 239, Defendants admit that emails exist

containing the quoted passages. In response to the third sentence of Paragraph 239, Defendants

lack knowledge and information to admit or deny the allegations set forth in Paragraph 239 and therefore deny the same.  In further response, Defendants state that VCF treated the ULXP Note as debt and entered into an intercreditor agreement with ULXP with respect to ULXP's security for the ULXP Note.

240.    Defendants deny the allegations set forth in Paragraph 240.  In further response, Defendants state that VCF treated the ULXP Note as debt and entered into an intercreditor agreement with ULXP with respect to ULXP's security for the ULXP Note.

241.    Defendants deny the allegations set forth in the first sentence of Paragraph 241, but admit that the ULXP Note was appropriately treated as debt.  In further response, Defendants admit that emails exist containing the quoted passages.

242.    Defendants deny the allegations set forth in Paragraph 242.

243.    Defendants deny the allegations set forth in Paragraph 243.

244.    Defendants deny the allegations set forth in Paragraph 244.

245.    In response to the allegations set forth in Paragraph 245, Defendants admit only that no payment was received from LCR under the ULXP Note, but deny that any such payment was due per the terms of the ULXP Note.

246.    Defendants deny the allegations set forth in Paragraph 246.

247.    In response to the allegations set forth in Paragraph 247, Defendants admit only that LCR, UnitedLex and ULXP engaged in discussions regarding Project Modern, which involved the potential creation of a new law firm with various attorneys from LCR.  Defendants deny all remaining allegations set forth in Paragraph 247.

248.    Admitted.

249.     In response to the allegations set forth in Paragraph 249, Defendants admit only that NLG was intended to be a new entity and that various options were discussed and considered regarding the same.  Defendants deny all remaining allegations set forth in Paragraph 249.

250.     In response to the allegations set forth in the first sentence of Paragraph 250, Defendants admit only that debts owed by LCR to ULXP would be assumed by the newly-formed NLG.  In further response, Defendants deny any suggestion of an equity investment in LCR.  In response to allegations set forth in the second sentence of Paragraph 250, Defendants state that the phrase "various fees and other streams of income" is vague and ambiguous, and therefore Defendants lack knowledge and information to admit or deny such allegations and therefore deny the same.  Defendants deny all remaining allegations set forth in Paragraph 250.

251.     Defendants deny the allegations set forth in Paragraph 251.

252.     Defendants deny the allegations set forth in Paragraph 252.  In further response, Defendants admit only that preliminary discussions were held regarding how to incentivize persons through access to equity.

253.     Defendants deny the allegations set forth in Paragraph 253.  In further response, Defendants state that certain persons received preliminary draft, but not final or binding, offer letters as the new entity was not created.

254.     In response to the allegations set forth in the first sentence of Paragraph 254, Defendants admit only that a new legal entity would generally require operating capital.  In response to the allegations set forth in the second sentence of Paragraph 254, Defendants admit only that Mr. Hinton engaged in discussions with VCF regarding NLG. Defendants deny all remaining allegations set forth in Paragraph 254.

255.     Defendants deny the allegations set forth in Paragraph 255.

256.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 256 and therefore deny the same.

257.     Defendants deny the allegations set forth in Paragraph 257.

258.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 258 and therefore deny the same.

259.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 259 and therefore deny the same.

260.     Admitted.

261.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 261, including the referenced Exhibit 1, and therefore deny the same.

262.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 262, including the referenced Exhibit 2, and therefore deny the same.

263.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 263, including the referenced Exhibit 3, and therefore deny the same.

264.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 264 and therefore deny the same.

265.     In response to the allegations set forth in Paragraph 265, Defendants admit that LeClairRyan paid ULXP for certain services provided.  In further response, Defendants state that the amount of payments received by ULXP from the Debtor during the referenced time can be determined from ULXP's and the Debtor's books and records, which speak for themselves, and Defendants deny all allegations to the contrary.

266.    In response to the allegations set forth in Paragraph 266, Defendants admit that LeClairRyan paid ULXP for certain services provided.  In further response, Defendants state that the amount of payments received by ULXP from the Debtor during the referenced time can be determined from ULXP's and the Debtor's books and records, which speak for themselves, and Defendants deny all allegations to the contrary.

267.    Defendants deny the allegations set forth in Paragraph 267.

## COUNT I
### Avoidance of Fraudulent Transfers Under 11 U.S.C. 548(a)(1)(A) and 550
### (Against ULXP and UnitedLex)

268.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

269.    Admitted.

270.    Defendants deny the allegations set forth in Paragraph 270.

271.    Defendants deny the allegations set forth in Paragraph 271.

272.    Defendants deny the allegations set forth in Paragraph 272.

273.    Admitted.

274.    Defendants deny the allegations set forth in Paragraph 274.

275.    Defendants deny the allegations set forth in Paragraph 275.

276.    Defendants deny the allegations set forth in Paragraph 276.

277.    Defendants deny the allegations set forth in Paragraph 277.

## COUNT II
### Avoidance of Fraudulent Transfers Under 11 U.S.C. 548(a)(1)(B) and 550
### (Against ULXP and UnitedLex)

278.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

279.    Admitted.

280.    Defendants deny the allegations set forth in Paragraph 280.

281.    Admitted.

282.    Defendants deny the allegations set forth in Paragraph 282.

283.    Defendants deny the allegations set forth in Paragraph 283.

284.    Defendants deny the allegations set forth in Paragraph 284.

285.    Defendants lack knowledge and information to admit or deny the allegations set

forth in Paragraph 285 and therefore deny the same.

286.    Defendants deny the allegations set forth in Paragraph 286.

287.    Defendants deny the allegations set forth in Paragraph 287.

288.    Defendants deny the allegations set forth in Paragraph 288.

289.    Defendants deny the allegations set forth in Paragraph 289.

290.    Defendants deny the allegations set forth in Paragraph 290.

291.    Defendants deny the allegations set forth in Paragraph 291.

## COUNT III
**Avoidance of Fraudulent Transfers Under 11 U.S.C. 544(b), 550, and Applicable State Law
(Against ULXP and UnitedLex)**

292.    Defendants' responses in the preceding paragraphs are re-asserted and

incorporated herein by reference as if set forth in their entirety.

293.    Paragraph 293 asserts a legal conclusion to which no response is required.

294.    Defendants deny the allegations set forth in Paragraph 294.

295.    Defendants lack knowledge and information to admit or deny the allegations set

forth in Paragraph 295 and therefore deny the same.

296.    Defendants deny the allegations set forth in Paragraph 296.

297. Defendants deny the allegations set forth in Paragraph 297.

298. Defendants deny the allegations set forth in Paragraph 298.

299. Defendants deny the allegations set forth in Paragraph 299.

300. Defendants deny the allegations set forth in Paragraph 300.

301. Defendants deny the allegations set forth in Paragraph 301.

302. Defendants deny the allegations set forth in Paragraph 302.

303. Defendants deny the allegations set forth in Paragraph 303.

## COUNT IV
### Avoidance of Preferences Under 11 U.S.C. 547(b) and 550
### (Against ULXP and UnitedLex)

304. Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

305. Defendants deny the allegations set forth in Paragraph 305.

306. Defendants deny the allegations set forth in Paragraph 306.

307. Defendants deny the allegations set forth in Paragraph 307.

308. Defendants deny the allegations set forth in Paragraph 308.

309. Defendants deny the allegations set forth in Paragraph 309.

310. Defendants deny the allegations set forth in Paragraph 310.

311. Defendants deny the allegations set forth in Paragraph 311.

312. Defendants deny the allegations set forth in Paragraph 312.

313. Defendants deny the allegations set forth in Paragraph 313.

314. Defendants deny the allegations set forth in Paragraph 314.

315. Defendants deny the allegations set forth in Paragraph 315.

316. Defendants deny the allegations set forth in Paragraph 316.

## COUNT V
### Avoidance of Lien and Recovery of Avoided Transfers
### Under 11 U.S.C. 544, 548, 550, and 551
### (Against ULXP)

317.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

318.    Defendants admit the allegations in the first sentence of Paragraph 318 and admit that both documents were signed on April 4, 2019.  Defendants further admit that the ULXP Note was dated December 20, 2018 but denies that the ULXP Security Agreement was dated December 20, 2018.  Defendants admit the allegations in the last sentence of Paragraph 318.

319.    Defendants deny the allegations set forth in Paragraph 319.

320.    In response to the allegations set forth in Paragraph 320, Defendants admit that LeClairRyan paid ULXP for certain services provided.  In further response, Defendants state that the amount of payments received by ULXP from the Debtor during the referenced time can be determined from ULXP's and the Debtor's books and records, which speak for themselves, and Defendants deny all allegations to the contrary.

321.    Defendants deny the allegations set forth in Paragraph 321.

322.    Defendants deny the allegations set forth in Paragraph 322.

323.    Defendants deny the allegations set forth in Paragraph 323.

## COUNT VI
### Avoidance of Lien and Recovery of Avoided Transfers
### Under 11 U.S.C. 547, 550, and 551
### (Against ULXP)

324.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

325.    Defendants admit the allegations in the first sentence of Paragraph 325 and admit that both documents were signed on April 4, 2019.  Defendants further admit that the ULXP Note was dated December 20, 2018 but denies that the ULXP Security Agreement was dated December 20, 2018.  Defendants admit the allegations in the last sentence of Paragraph 325.

326.    Defendants deny the allegations set forth in Paragraph 326.

327.    Defendants admit the allegations in the first sentence of Paragraph 327 and admit that both documents were signed on April 4, 2019.  Defendants further admit that the ULXP Note was dated December 20, 2018 but denies that the ULXP Security Agreement was dated December 20, 2018.  Defendants admit the allegations in the last sentence of Paragraph 327.

328.    Defendants deny the allegations set forth in Paragraph 328.

329.    Defendants deny the allegations set forth in Paragraph 329.

330.    Defendants deny the allegations set forth in Paragraph 330.

## <u>COUNT VII</u>
**Avoidance of Fraudulent Transfers Under 544(b) and 550 and Applicable State Law**
**(Against ULXP)**

331.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

332.    Paragraph 332 asserts a legal conclusion to which no response is required.

333.    Defendants deny the allegations set forth in Paragraph 333.

334.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 334 and therefore deny the same.

335.    Defendants deny the allegations set forth in Paragraph 335.

336.    Defendants deny the allegations set forth in Paragraph 336.

337.    Defendants deny the allegations set forth in Paragraph 337.

338.    Defendants deny the allegations set forth in Paragraph 338.

## COUNT VIII
### Disallowance of Claims under 11 U.S.C. 502(d)
### (Against ULXP and UnitedLex)

339.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

340.    Defendants deny the allegations set forth in Paragraph 340.

341.    In response to the allegations set forth in Paragraph 341, Defendants admit only that ULXP has not returned to the Trustee any transfers ULXP received from LCR.  Defendants deny all remaining allegations set forth in Paragraph 341.

342.    Paragraph 342 asserts a legal conclusion to which no response is required.

343.    Defendants deny the allegations set forth in Paragraph 343.

344.    Defendants deny the allegations set forth in Paragraph 344.

## COUNT IX
### Re-Characterization of Debt as Equity
### (Against ULXP)

345.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

346.    Admitted.

347.    In response to the allegations set forth in Paragraph 347, Defendants state that the Secured Claim speaks for itself and Defendants deny all allegations to the contrary.

348.    Defendants deny the allegations set forth in Paragraph 348.

349.    Defendants deny the allegations set forth in Paragraph 349.  In further response, Defendants state that LeClairRyan's lender, VCF,  executed an intercreditor agreement with

ULXP regarding the ULXP Note and treated the ULXP Note as debt, including for covenant

purposes.

350.     Defendants lack knowledge and information to admit or deny the allegations set

forth in Paragraph 350 and therefore deny the same.

351.     In response to the allegations set forth in Paragraph 351, Defendants state that the

ULXP Note speaks for itself and Defendants deny all allegations to the contrary.

352.     Admitted.

353.     Defendants deny the allegations set forth in Paragraph 353.

## COUNT X
### Avoidance of Fraudulent Transfers Under 11 U.S.C. 548(a)(1)(A) and 550
### (Against Mr. LeClair)

354.     Defendants' responses in the preceding paragraphs are re-asserted and

incorporated herein by reference as if set forth in their entirety.

355.     Defendants lack knowledge and information to admit or deny the allegations set

forth in Paragraph 355 and therefore deny the same.

356.     Defendants lack knowledge and information to admit or deny the allegations set

forth in Paragraph 356 and therefore deny the same.

357.     Defendants lack knowledge and information to admit or deny the allegations set

forth in Paragraph 357 and therefore deny the same.

358.     Defendants lack knowledge and information to admit or deny the allegations set

forth in Paragraph 358 and therefore deny the same.

359.     Defendants lack knowledge and information to admit or deny the allegations set

forth in Paragraph 359 and therefore deny the same.

360.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 360 and therefore deny the same.

361.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 361 and therefore deny the same.

### COUNT XI
### Avoidance of Fraudulent Transfers Under 11 U.S.C. 548(a)(1)(B) and 550
### (Against Mr. LeClair)

362.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

363.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 363 and therefore deny the same.

364.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 364 and therefore deny the same.

365.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 365 and therefore deny the same.

366.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 366 and therefore deny the same.

367.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 367 and therefore deny the same.

368.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 368 and therefore deny the same.

369.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 369 and therefore deny the same.

370.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 370 and therefore deny the same.

371.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 371 and therefore deny the same.

372.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 372 and therefore deny the same.

## COUNT XII
**Avoidance and Recovery of the LeClair Transfers as Actual Fraudulent Transfers Under
11 U.S.C. 544(b), 550, and Va. Code 55.1-400
(Against Mr. LeClair)**

373.     Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

374.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 374 and therefore deny the same.

375.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 375 and therefore deny the same.

376.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 376 and therefore deny the same.

377.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 377 and therefore deny the same.

378.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 378 and therefore deny the same.

379.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 379 and therefore deny the same.

380.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 380 and therefore deny the same.

381.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 381 and therefore deny the same.

382.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 382 and therefore deny the same.

### COUNT XIII
**Avoidance of LeClair Preferential Transfers Under 11 USC 547(b)**
**(Against Mr. LeClair)**

383.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

384.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 384 and therefore deny the same.

385.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 385 and therefore deny the same.

386.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 386 and therefore deny the same.

387.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 387 and therefore deny the same.

388.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 388 and therefore deny the same.

389.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 389 and therefore deny the same.

390.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 390 and therefore deny the same.

391.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 391 and therefore deny the same.

392.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 392 and therefore deny the same.

393.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 393 and therefore deny the same.

394.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 394 and therefore deny the same.

## **COUNT XIV**
### **Avoidance of Releases and Exculpation Rights Under 11 U.S.C. 548 and 550 (Against Mr. LeClair)**

395.     Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

396.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 396 and therefore deny the same.

397.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 397 and therefore deny the same.

398.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 398 and therefore deny the same.

399.     Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 399 and therefore deny the same.

400.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 400 and therefore deny the same.

401.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 401 and therefore deny the same.

402.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 402 and therefore deny the same.

403.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 403 and therefore deny the same.

404.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 404 and therefore deny the same.

405.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 405 and therefore deny the same.

406.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 406 and therefore deny the same.

407.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 407 and therefore deny the same.

## COUNT XV
### Avoidance of Releases and Exculpation Rights Under 11 U.S.C. 544 and 550 and Applicable State Law
### (Against Mr. LeClair)

408.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

409.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 408 and therefore deny the same.

410.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 410 and therefore deny the same.

411.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 411 and therefore deny the same.

412.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 412 and therefore deny the same.

413.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 413 and therefore deny the same.

414.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 414 and therefore deny the same.

415.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 415 and therefore deny the same.

416.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 416 and therefore deny the same.

417.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 417 and therefore deny the same.

418.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 418 and therefore deny the same.

419.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 419 and therefore deny the same.

420.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 420 and therefore deny the same.

421.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 421 and therefore deny the same.

422.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 422 and therefore deny the same.

## COUNT XVI
**Avoidance and Recovery of Distribution of Contingent Income Made in Violation of Board Resolutions and Compensation Policies as Actual Fraudulent Transfers Pursuant to 11 USC 544, 550, and Va. Code 55.1-400
(Against Mr. LeClair)**

423.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

424.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 424 and therefore deny the same.

425.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 425 and therefore deny the same.

426.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 426 and therefore deny the same.

427.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 427 and therefore deny the same.

428.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 428 and therefore deny the same.

429.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 429 and therefore deny the same.

430.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 430 and therefore deny the same.

## COUNT XVII
### Conversion for Contingent Income Payments
### (Against Mr. LeClair)

431.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

432.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 432 and therefore deny the same.

433.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 433 and therefore deny the same.

434.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 434 and therefore deny the same.

435.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 435 and therefore deny the same.

## COUNT XVIII
### Unjust Enrichment for Contingent Income Payments
### (Against Mr. LeClair)

436.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

437.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 437 and therefore deny the same.

438.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 438 and therefore deny the same.

439.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 439 and therefore deny the same.

440.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 440 and therefore deny the same.

441.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 441 and therefore deny the same.

442.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 442 and therefore deny the same.

## COUNT XIX
### Disallowance of Claims under 11 U.S.C. 502(d)
### (Against Mr. LeClair)

443.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

444.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 444 and therefore deny the same.

445.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 445 and therefore deny the same.

446.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 446 and therefore deny the same.

447.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 447 and therefore deny the same.

448.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 448 and therefore deny the same.

## COUNT XX
### Avoidance of Transfers Made in Connection with the Contribution Agreement
### Under 11 U.S.C. 548(A)(1)(A) and 550
### (Against the ULX Entities)

449.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

450.    In response to the allegations set forth in Paragraph 450, Defendants state that the Contribution Agreement speaks for itself and Defendants deny all allegations to the contrary.  In further response, Defendants admit that UnitedLex had a majority interest in ULXP.

451.    Defendants deny the allegations set forth in Paragraph 451.

452.    Defendants deny the allegations set forth in Paragraph 452.

453.    Defendants deny the allegations set forth in Paragraph 453.

454.    Defendants admit that the Contribution Agreement and transfers provided thereunder occurred within two years prior to the Petition Date.  Defendants deny all remaining allegations set forth in Paragraph 454.

455.    Defendants deny the allegations set forth in Paragraph 455.

456.    Defendants deny the allegations set forth in Paragraph 456.

## COUNT XXI
### Avoidance of Fraudulent Transfers Under 11 U.S.C. 548(a)(1)(B) and 550
### (Against the ULX Entities)

457.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

458.    In response to the allegations set forth in Paragraph 458, Defendants state that the Contribution Agreement speaks for itself and Defendants deny all allegations to the contrary.

459.    Defendants deny the allegations set forth in Paragraph 459.

460.    Defendants deny the allegations set forth in Paragraph 460.

461.    Defendants deny the allegations set forth in Paragraph 461.

462.    Defendants deny the allegations set forth in Paragraph 462.

463.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 463 and therefore deny the same.

464.    Defendants admit that the Contribution Agreement and transfers provided thereunder occurred within two years prior to the Petition Date.  Defendants deny all remaining allegations set forth in Paragraph 464.

465.    Defendants deny the allegations set forth in Paragraph 465.

466.    Defendants deny the allegations set forth in Paragraph 466.

## COUNT XXII
### Avoidance of Fraudulent Transfers Under 11 U.S.C. 544(b) and Applicable State Law
### (Against the ULX Entities)

467.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

468.    Paragraph 468 asserts a legal conclusion to which no response is required.

469.    In response to the allegations set forth in Paragraph 469, Defendants state that the Contribution Agreement speaks for itself and Defendants deny all allegations to the contrary.

470.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 470 and therefore deny the same.

471.    Defendants deny the allegations set forth in Paragraph 471.

472.    Defendants deny the allegations set forth in Paragraph 472.

473.    Defendants deny the allegations set forth in Paragraph 473.

474.     Defendants admit that the Contribution Agreement and transfers provided

thereunder occurred within five years prior to the Petition Date.  Defendants deny all remaining

allegations set forth in Paragraph 474.

475.     Defendants deny the allegations set forth in Paragraph 475.

476.     Defendants deny the allegations set forth in Paragraph 476.

## **COUNT XXIII**
**Misappropriation of Trade Secrets Under the Virginia Uniform Trade Secrets Act, Va.
Code 59.1-336 *et seq.*
(Against the ULX Entities and Mr. LeClair)**

477.     *This Count is subject to Defendants' Motion to Partially Dismiss First Amended
Complaint.  Defendants reserve all rights.*

478.     *This Count is subject to Defendants' Motion to Partially Dismiss First Amended
Complaint.  Defendants reserve all rights..*

479.     *This Count is subject to Defendants' Motion to Partially Dismiss First Amended
Complaint.  Defendants reserve all rights.*

480.     *This Count is subject to Defendants' Motion to Partially Dismiss First Amended
Complaint.  Defendants reserve all rights.*

481.     *This Count is subject to Defendants' Motion to Partially Dismiss First Amended
Complaint.  Defendants reserve all rights.*

482.     *This Count is subject to Defendants' Motion to Partially Dismiss First Amended
Complaint.  Defendants reserve all rights.*

483.     *This Count is subject to Defendants' Motion to Partially Dismiss First Amended
Complaint.  Defendants reserve all rights.*

## COUNT XXIV
### Breach of Fiduciary Duty
### (Against the ULX Entities)

484.  *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

485.  *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

486.  *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

487.  *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

488.  *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

## COUNT XXV
### Accounting
### (Against the ULX Entities)

489.  Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

490.  Paragraph 490 asserts a legal conclusion to which no response is required.

491.  Defendants deny the allegations set forth in Paragraph 491.

492.  Defendants deny the allegations set forth in Paragraph 492.

## COUNT XXVI
### Breach of Fiduciary Duty
### (Against Mr. LeClair)

493.  Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

494.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 494 and therefore deny the same.

495.    Defendants lack knowledge and information to admit or deny the allegation that "Mr. LeClair abused his position as an insider . . ." and therefore deny the same.  Defendants deny all remaining allegations set forth in Paragraph 495.

496.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 496 and therefore deny the same.

497.    Defendants lack knowledge and information to admit or deny the allegations set forth in Paragraph 497 and therefore deny the same.

<u>**COUNT XXVII**</u>
**Statutory Conspiracy, Va. Code 18.2-499, *et seq.***
**(Against the ULX Entities)**

498.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

499.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

500.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

501.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

502.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

503.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

504.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

505.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

506.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

507.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

508.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

## COUNT XXVIII
**Common Law Conspiracy**
**(Against the ULX Entities)**

509.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

510.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

511.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

512.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

513.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

514.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

## COUNT XXIX
### Statutory Conspiracy, Va. Code 18.2-499, *et seq.*
### (Against the ULX Entities and Mr. LeClair)

515.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

516.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

517.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

518.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

519.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights..*

520.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

521.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

522.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

523.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint.  Defendants reserve all rights.*

524.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

525.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

526.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

## COUNT XXX
### Common Law Conspiracy
### (Against the ULX Entities and Mr. LeClair)

527.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

528.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

529.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

530.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

531.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

532.    *This Count is subject to Defendants' Motion to Partially Dismiss First Amended Complaint. Defendants reserve all rights.*

## COUNT XXXI
### Equitable Subordination Under 11 U.S.C. 510(c)
### (Against All Defendants)

533.     Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

534.     Defendants deny the allegations set forth in Paragraph 534.

535.     Defendants deny the allegations set forth in Paragraph 535.

536.     Defendants deny the allegations set forth in Paragraph 536.

537.     Defendants deny the allegations set forth in Paragraph 537.

538.     Defendants deny the allegations set forth in Paragraph 538.

## COUNT XXXII
### Conversion
### (Against UnitedLex and ULXP)

539.     Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

540.     Defendants deny the allegations set forth in Paragraph 540.

541.     Defendants deny the allegations set forth in Paragraph 541.

542.     Defendants deny the allegations set forth in Paragraph 542.

543.     Defendants deny the allegations set forth in Paragraph 543.

## COUNT XXXIII
### Unjust Enrichment and Disgorgement of Expense Transfers
### (Against the ULX Entities)

544.     Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

545.     Defendants deny the allegations set forth in Paragraph 545.

546.     Defendants deny the allegations set forth in Paragraph 546.

547.    Defendants deny the allegations set forth in Paragraph 547.

548.    Defendants deny the allegations set forth in Paragraph 548.

## COUNT XXXIV
### Alter Ego Liability
### (Against UnitedLex and ULX Management)

549.    Defendants' responses in the preceding paragraphs are re-asserted and incorporated herein by reference as if set forth in their entirety.

550.    Defendants deny the allegations set forth in Paragraph 550.

551.    Defendants deny the allegations set forth in Paragraph 551.

552.    Defendants deny the allegations set forth in the first sentence of Paragraph 552. Defendants admit the allegations set forth in the last sentence of Paragraph 552.

553.    In response to the allegations set forth in Paragraph 553, the Defendants state that the Shared Personnel Agreement speaks for itself and the Defendants deny all allegations to the contrary.

554.    Defendants deny the allegations set forth in Paragraph 554.

555.    Defendants deny the allegations set forth in Paragraph 555.

556.    Defendants deny the allegations set forth in Paragraph 556.

557.    Defendants deny the allegations set forth in Paragraph 557.

558.    Defendants deny the allegations set forth in Paragraph 558.

559.    Defendants deny all allegations in the Amended Complaint that are not expressly admitted herein.

560.    To the extent any headings or titles in the Amended Complaint are considered allegations, the Defendants deny all such allegations.

561.    Defendants deny that the Plaintiff is entitled to any recovery/relief whatsoever.

## AFFIRMATIVE DEFENSES[4]

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Upon information and belief, the Defendants affirmatively allege that the Debtor was solvent when the alleged transfers referenced in the Amended Complaint were made.  Further, the Defendants affirmatively assert that the Debtor was solvent when it entered into its loan facility with Virginia Commercial Finance (presumably after extensive diligence), approximately three months before UnitedLex and LCR closed on the ULXP transaction.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the defenses contained in 11 U.S.C. § 547(c).  The Defendants affirmatively allege that upon receipt of the alleged transfers from Debtor, ULXP provided Debtor with necessary services for Debtor's operation, including, but not limited to, accounting, marketing and administrative services.  Accordingly, the alleged transfers are not avoidable because they were intended to be, and in fact were, substantially contemporaneous exchanges of new value within the meaning of section 547(c)(1) of the Bankruptcy Code and/or subsequent to receipt, ULXP provided Debtor with new value consistent with section 547(c)(4) of the Bankruptcy Code.  The transfers were also received in the ordinary course of business.

### Fourth Affirmative Defense

The Defendants affirmatively allege that ULXP provided Debtor with accounting, marketing and other administrative services at Debtor's customary rates.  Accordingly, Plaintiff's

---

[4] Various alleged facts in support of Defendants' affirmative defenses are set forth in the Overview to this Answer.

claims are barred, in whole or in part, because Debtor received fair consideration for the transfers in question, received consideration deemed valuable at law and/or received a reasonably equivalent, bargained-for value for such transfers.

### Fifth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the defenses contained in 11 U.S.C. § 548(c). The alleged transfers are not avoidable because any such transfers were taken for value, in good faith, and without knowledge of the voidability of the alleged transfers pursuant to 11 U.S.C. § 548(c).

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent the alleged transfers were of property that did not belong to Debtor. The Defendants affirmatively allege that to the extent Debtor transferred client funds that had been earmarked or otherwise designated for the payment of specific expenses, such funds were held in trust by, and did not belong to, Debtor. Accordingly, the alleged transfers are not avoidable because they did not transfer property in which the Debtor held an interest.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of *in pari delicto*, unclean hands, and/or estoppel, as the Trustee alleges in the Amended Complaint that the Debtor's own Officers and Directors engaged in wrongdoing that are the premise for various claims against the ULX Entities. While Defendants deny that there was any conspiracy or conspiracies, to the extent the Trustee has alleged conspiracies, they are further barred by the doctrines of *in pari delicto* and unclean hands and estoppel because LeClairRyan would have had to be a co-conspirator. The Trustee conspicuously and improperly omits LeClairRyan itself as a named conspirator because,

presumably, the Trustee is aware that such allegation would be fatal to her claims.  The Trustee

alleges that only the Debtor's own Officers and Directors (and certain others) engaged in wrong-

doing as co-conspirators.  It is thus evidence that the Trustee's decision to not list LeClairRyan as

an alleged conspirator was purposeful and done to improperly attempt to avoid this clear defense.

### Eighth Affirmative Defense

Plaintiff's conspiracy claims are barred, in whole or in part, by the intra-corporate

immunity doctrine.  The Defendants affirmatively allege that each of the ULX Entities are not

recognized as a distinct person capable of conspiring with their parent corporation, UnitedLex.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because at all relevant times, the

Defendants acted in good faith, complied with all relevant legal duties, did not engage in self-

dealing, and acted with honest intent and ordinary prudence.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in party, by the applicable statute of limitations.

### Eleventh Affirmative Defense

Plaintiff's alleged damages are speculative and were not foreseeable.

### Twelfth Affirmative Defense

ULXP is entitled to setoff for the amounts set forth in ULXP's Proofs of Claim.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because LCR's officers acted in

accordance with their reasonable business judgment.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, based upon the plain language of the Operating Agreement of ULXP that eliminates fiduciary duties owed to members.

### **Reservation of Rights**

The Defendants reserve all rights to assert additional defenses in the event that discovery indicates that they would be appropriate.  In addition, Pursuant to Fed. R. Bankr. P. 7012(b), Defendants respectfully state that they do not consent to the entry of final orders or judgment by the Bankruptcy Court.

### **Jury Demand**

Defendants respectfully preserve their objections to this Court's and the District Court's ruling on UnitedLex and ULXP's *Motion to Withdraw the Reference* and related pleadings.  In addition, Defendants respectfully reserve the right to file a renewed Motion to Withdraw the Reference with respect to the First Amended Complaint.  Notwithstanding the foregoing, UnitedLex, ULXP, and ULX Manager each respectfully request a jury trial on all the issues so triable.

WHEREFORE, the Amended Complaint having been Answered, the Defendants respectfully request that the Amended Complaint be dismissed with prejudice, and that other relief be granted to Defendants as may be just and proper.

Dated:  August 25, 2021

Respectfully submitted,

_/s/ Thomas J. McKee, Jr._ _____
David G. Barger (VSB No. 21652)
Thomas J. McKee, Jr. (VSB No. 68427)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102

Telephone:  (703) 749-1300
Facsimile:    (703) 749-1301
Email: bargerd@gtlaw.com
         mckeet@gtlaw.com

and

J. Gregory Milmoe (admitted pro hac vice)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6064
Email:  milmoeg@gtlaw.com

*Counsel to Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 25th day of August, 2021, a true and correct copy of the

foregoing document was served via email upon the following:

> Erika L. Morabito, Esq.
> Brittany J. Nelson, Esq.
> QUINN EMANUEL
> erikamorabito@quinnemanuel.com
> brittanynelson@quinnemanuel.com
>
> *Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*
>
>
> William A. Broscious, Esq.
> J. Scott Sexton, Esq.
> Andrew M. Bowman, Esq.
> wbroscious@brosciouslaw.com
> sexton@gentrylocke.com
> bowman@gentrylocke.com
>
> *Counsel for Gary D. LeClair*

> */s/ Thomas J. McKee, Jr.*
> Thomas J. McKee, Jr. (VSB No. 68427)
> Greenberg Traurig, LLP
> 1750 Tysons Boulevard, Suite 1000
> McLean, Virginia 22102
> Telephone: (703) 749-1300
> Facsimile: (703) 749-1301
> Email: mckeet@gtlaw.com
> *Counsel to Defendants*