**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| In re:<br><br>**LECLAIRRYAN PLLC,**<br><br>Debtor. | **Chapter 7**<br><br>**Case No. 19-34574 (KRH)** |
| **Lynn L. Tavenner, as Chapter 7 Trustee,**<br><br>Plaintiff,<br><br>vs.<br><br>**ULX Partners, LLC, UnitedLex Corporation, and ULX Manager, LLC**<br><br>Defendants. | **Adv. Proc. No. 20-03142-KRH** |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEFENDANTS TO FILE THEIR MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND RELATED EXHIBITS UNDER SEAL**

ULX Partners, LLC ("**ULXP**"), UnitedLex Corporation ("**UnitedLex**"), and ULX Manager, LLC ("**ULXM**") (collectively, the "**Defendants**") by and through their undersigned counsel, pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure, hereby files this *Motion for Entry of an Order Authorizing Defendants to File Their Memorandum in Support of Their Motion for Summary Judgment and Related Exhibits Under Seal*, (the "**MSJ Memo**"). (The

_____

David G. Barger (VSB No. 21652)
Thomas J. McKee, Jr. (VSB No. 68427)
J. Gregory Milmoe (admitted *pro hac vice*)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone:  (703) 749-1300
Fax:             (703) 749-1301
Email: mckeet@gtlaw.com

*Counsel to ULX Partners, LLC, UnitedLex Corp., and ULX Manager, LLC*

instant motion shall be referred to herein as the "**Motion to Seal**". Defendants state the following in support of their Motion to Seal:

1. On May 25, 2021, this Court entered a Stipulated Protective Order Regarding the Disclosure and Use of Confidential Information [Docket No. 47] (the "**Protective Order**").

2. The Protective Order allowed the Parties to exchange confidential information, including without limitation, "(a) the parties' trade secrets or other sensitive non-public proprietary information; (b) any nonparty business entity's trade secrets or other sensitive non-public proprietary information; (c) any personal information, the disclosure of which could violate individual privacy rights; (d) confidential contracts or contract terms, financial information, commercial information, or competitively sensitive information; (e) confidential and privileged client information, files, and other records; and/or (f) any nonparty information the secrecy of which a party has a duty to protect." (Protective Order, ¶1).

3. Pursuant to the Protective Order, the Parties have exchanged hundreds of thousands of pages of documents, many of which contain information regarding confidential and proprietary information belonging to the Parties. The Parties have, accordingly, stamped many such documents as CONFIDENTIAL as that term is defined in the Protective Order.

4. Similarly, the Parties have taken more than a dozen depositions in this case. The Defendants have marked a number of these deposition transcripts as CONFIDENTIAL as they contain sensitive commercial information, business strategies, customer contact information, pricing terms, and the like.

5. In accordance with the Third Stipulation and Amended Pre-Trial Order, concurrently herewith, Defendants are filing their Motion for Partial Summary Judgment, as well as the MSJ Memo on January 28, 2022.

6. The MSJ Memo contains various references throughout the memorandum with respect to the contents of documents that have been stamped as CONFIDENTIAL by the Parties. Similarly, attached to the MSJ Memo is Defendants' Statement of Undisputed Material Facts and various exhibits, such as emails and deposition transcripts that have been marked as CONFIDENTIAL by at least one of the Parties. More specifically, some of the exhibits and deposition transcripts reference business strategies, pricing, client information, customer information, and related financial information that is not generally known to the public and which is confidential to either the Estate and/or the Defendants.

7. As the Trustee has marked various documents and information upon which the Defendants seek to rely in their MSJ Memo, and to comply with the Protective Order, the Defendants respectfully request that the MSJ Memo be sealed pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure, which provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

8. Similarly, the Defendants respectfully seek to seal the MSJ Memo pursuant to established Fourth Circuit precedent. Before a district court may seal any court documents, it must (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *See Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citing *In re Knight*

*Pub. Co.*, 743 F.2d 231, 235-36 (4th Cir. 1984)); *see also Stone v. University of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988).

9. The Defendants' request satisfies all three of the *Ashcraft* requirements. The Defendants have met the public notice requirement by filing a separate Notice of this Sealing Motion for docketing. Public notice of the Sealing Motion is satisfied by docketing the Sealing Motion "reasonably in advance of deciding the issue." *In re Knight Publ'g Co.,* 743 F.2d at 235. In addition, the Defendants will provide notice of this Sealing Motion to (i) the Trustee; (ii) counsel for the Trustee; (iii) the Office of the United States Trustee; and (iv) all parties that have requested notice of this adversary proceeding.

10. Short of the sealing described herein, there are no less drastic alternatives that appropriately protect the sensitive information contained in the MSJ Memo and its exhibits. Disclosures of confidential, proprietary, and sensitive information could cause harm to Defendants' client relationships and competitive advantage.

11. The third *Ashcraft* consideration is satisfied by the rationale for the sealing set forth above, which supports entry of the Proposed Order accompanying Sealing Motion.

WHEREFORE, Defendants respectfully request that the Court grant this Motion to Seal by entry of the attached Proposed Order, and allow the filing of the MSJ Memo (including all exhibits) under seal on the public docket until such further Order of this Court, and for such other relief as is just and proper.

Dated: January 28, 2022

/s/ Thomas J. McKee, Jr.
David G. Barger (VSB No. 21652)
Thomas J. McKee, Jr. (VSB No. 68427)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300

4

Facsimile:   (703) 749-1301
Email: bargerd@gtlaw.com
mckeet@gtlaw.com

*Counsel to ULX Partners, LLC, UnitedLex Corporation, and ULX Manager, LLC*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 28th day of January, 2022, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's ECF system, including:

    Erika L. Morabito, Esq.
    Brittany J. Nelson, Esq.
    QUINN EMANUEL
    erikamorabito@quinnemanuel.com
    brittanynelson@quinnemanuel.com

    Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee

    /s/ Thomas J. McKee, Jr.
    Thomas J. McKee, Jr. (VSB No. 68427)
    Greenberg Traurig, LLP
    1750 Tysons Boulevard, Suite 1000
    McLean, Virginia 22102
    Telephone: (703) 749-1300
    Facsimile: (703) 749-1301
    Email: mckeet@gtlaw.com

    *Counsel to ULX Partners, LLC, UnitedLex Corporation, and ULX Manager, LLC*