**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| In re:<br><br>LeClairRyan PLLC,[1]<br><br>      Debtor.<br>_____<br><br>Lynn L. Tavenner, as Chapter 7 Trustee,<br><br>      Plaintiff,<br><br>v.<br><br>ULX Partners, LLC, UnitedLex Corporation, and ULX Manager LLC,<br><br>      Defendants. | Chapter 7<br><br>Case No. 19-34574 (KRH)<br><br><br><br><br><br><br>Adv. Proc. No. 20-03142 (KRH) |

**MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT**

Plaintiff, Lynn L. Tavenner, solely in her capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of LeClairRyan PLLC ("LeClairRyan" or "Debtor") respectfully submits this motion (the "Motion" and/or "Motion to Amend") for an order granting the Trustee

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334 (telephone)
Email:  erikamorabito@quinnemanuel.com
         brittanynelson@quinnemanuel.com

*Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*

leave to file a second amended complaint (a copy of which is attached hereto as Exhibit A and is simultaneously being requested to be filed under seal).[2] In support of this Motion, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1.  By this Motion the Trustee seeks to add a single count of fraudulent inducement against the defendants UnitedLex Corporation ("UnitedLex") and ULX Manager LLC ("ULX Manager").[3] Evidence gathered during fact discovery which ended less than three weeks ago supports this additional claim against the defendants. Moreover, because the claim tracks a theory that the Trustee has already pleaded in her First Amended Complaint, allowing this amendment will cause no prejudice to defendants. The Trustee also seeks leave to make minor edits to several paragraphs, and to Exhibits 4 and 5 to the First Amended Complaint, to add a few pre-petition transfers and increase the dollar amounts of the ULX Transfers and the ULX Preferential Transfers by approximately $555,691 (from $19,357,282 to $19,912,972.66 and from $17,425,405.10 to $17,981,095.66, respectively). The Trustee uncovered these additional pre-petition transfers from the Debtor to ULXP during the course of discovery.[4]

2.  The Trustee's proposed amendment is well within the guidelines of Federal Rule of Civil Procedure 15(a)(2) (made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015). In particular, the Trustee's new claim does not introduce a new legal theory that

---

[2] Concurrently with this Motion, the Trustee is submitting a separate motion to permit her to file this paper in redacted form on the public docket, and without the referenced Exhibit A, and, correspondingly, to seal the redacted portions of this paper and Exhibit A in its entirety, pending further order of the Court.

[4] While these transfers all occurred in August of 2019, the ULX Entities neither generated nor provided to LeClairRyan the relevant invoices until after the petition date in September of 2019. Further, in November of 2019, United Lex appears to have caused the Debtor's books and records to be altered through a ULXP employee to (a) void the August payments and (b) reconcile to mirror how United Lex posted the payments received from LeClairRyan in August of 2019. Accordingly, these transfers initially appeared to be post-petition transfers in September of 2019.

would require defendants to gather or analyze additional facts. In fact, currently before this Court is the defendants' motion for summary judgment, and defendants have devoted an entire section of its memorandum of law to addressing the very issue of fraudulent inducement that the Trustee seeks to add to her complaint. Similarly, the Trustee's new transfers and additional amounts are based on theories that have been in the case for months. The Trustee has been diligent in conducting her investigation and reviewing the millions of pages of documents produced in this case and recent deposition testimony has made clear that that the proposed new claim is well-founded. And because defendants would not be required to marshal new facts or conduct additional discovery, the Trustee believes that amending the complaint as proposed would not require a change to the Court's Scheduling Order. In short, the Trustee's Second Amended Complaint would cause no undue prejudice to defendants and would not otherwise inconvenience the Court.

3. Accordingly, the Trustee respectfully submits that the Motion should be granted.[5]

## JURISDICTION

4. The United States Bankruptcy Court for the Eastern District of Virginia has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Eastern District of Virginia, dated August 15, 1984.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[5] Although not required by Bankruptcy Rule 7015, on February 2, 2022, the Trustee's counsel, as a professional courtesy, provided a draft of her proposed amended complaint to counsel for defendants asking if they would consent to the Trustee amending her First Amended Complaint. As of the time of this filing, none of the defendants has consented to the Trustee amending the initial complaint.

3

## BACKGROUND

7. The Trustee filed her initial complaint against defendants ULX Partners, LLC ("ULXP") and UnitedLex on October 26, 2020. As alleged, LeClairRyan and UnitedLex entered a joint venture, ULXP, pursuant to which the joint venture, under UnitedLex's control, took over the business operations of LeClairRyan and was paid based on the net profits of the law firm. *See* ECF No. 4 (Complaint). Accessing LeClairRyan's financial and other confidential information, UnitedLex and ULXP effectively controlled LeClairRyan, making decisions about the firm's personnel and using their status to, among other things, leapfrog over the firm's other creditors. Among other claims, the complaint asserted fraudulent transfer and preference claims relating to the millions of dollars of purported fees and other payments that the ULX Entities siphoned from the Estate during this time. *See id.* The complaint also alleged statutory and common-law claims against UnitedLex and ULXP for their conspiracy with certain of the Debtor's former officers and directors to engage in self-dealing acts that prioritized their financial interests to the detriment of the Estate. *See id*.

8. On July 20, 2021, the Court ruled on UnitedLex and ULXP's motion to dismiss. *See* ECF Nos. 57-58. The Court sustained most of the Trustee's claims but dismissed the claim for aiding and abetting breach of fiduciary duty (on the ground that Virginia law did not recognize the claim). *See id.*

9. On August 5, 2021, the Trustee filed a motion for leave to amend her complaint and modify the scheduling order, adding Mr. Gary LeClair and ULX Manager as defendants and several additional claims based on the new defendants. On August 24, 2021, the Court granted the Trustee's motion and so, on August 25, 2021, the Trustee filed her First Amended Complaint against UnitedLex, ULXP and ULX Manager (together, the "ULX Entities") and Gary LeClair. *See* ECF No. 86. Included in the First Amended Complaint were claims of common law conspiracy

4

and statutory conspiracy against the ULX Entities. *See id*. One alleged unlawful basis for the conspiracy counts was the ULX Entities' fraudulent inducement to enter into the joint venture agreement. *See id*.

10. On November 3, 2021, the Court denied the ULX Entities' motion to dismiss the First Amended Complaint, retaining all of the Trustee's claims against each defendant. *See* ECF No. 114.

11. On January 18, 2022, the Court approved the joint stipulation for dismissal of defendant Mr. Gary LeClair, leaving the ULX Entities as the sole defendants. *See* ECF No. 130.

12. On February 4, 2022, following a status conference, the Court set a deadline of February 11, 2022 for the Trustee to file any new motion to amend the First Amended Complaint. *See* ECF No. 144.

13. Trial is currently scheduled to begin on April 18, 2022. *See* ECF No. 85.

14. Since filing the First Amended Complaint, the Trustee and her advisers[6] have continued to investigate the misconduct of the ULX Entities and certain of the Debtor's former officers and directors, reviewing millions of pages of documents and conducting 13 depositions of fact witnesses, including testimony by the ULX Entities under Rule 30(b)(6). The documentary evidence combined with the recent depositions have yielded significant evidence that the UnitedLex and ULX Manager induced LeClairRyan to enter the joint venture agreement based on fraudulent representations.

15. In particular, UnitedLex and ULX Manager promised to LeClairRyan that, in exchange for entering into the ULXP joint venture, they would help LeClairRyan get substantial business from multiple specific Fortune 500 companies, including Ford Motor Company, DXC

---

[6] On June 25, 2021, the Court approved the Trustee's retention of Quinn Emanuel Urquhart & Sullivan, LLP, as special counsel, in place of prior special counsel, Foley & Lardner, LLP.

5

Technologies and General Electric. Proposed 2d Am. Compl. ¶¶ 469-74. Once the transaction was complete and LeClairRyan had committed to transferring its valuable assets to ULXP, however, the ULX Entities (and their leader, Dan Reed) immediately and repeatedly undertook actions showing that they never intended to follow through on these promises, including pitching these same lucrative clients on behalf of a law firm that Reed and Defendant ULX owned, called Marshall Denning. *Id* ¶¶ 185-86, 189, 195, 471-72. LeClairRyan's partners placed significant value on Mr. Reed's misrepresentations regarding future business, which he knew and had reason to know would induce LeClairRyan to enter into the joint venture under false pretenses. But for UnitedLex's false promises and representations, the Debtor would never have entered the ULXP transaction with UnitedLex and ULX Manager.

## ARGUMENT

### I.     THE COURT SHOULD GRANT LEAVE TO AMEND

16.     Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)(2)." *Norfolk 302, LLC v. Vassar*, 2009 WL 10689618, at *1 (E.D. Va. Jan. 16, 2009) (omitting citation and quotation marks); *see also Roncales v. Cty. of Henrico*, 2019 WL 8112889, at *1 (E.D. Va. July 11, 2019) (granting motion for leave even though defendants had not yet responded). As the United States Supreme Court has held, "this mandate [of liberal amendment] is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

17.     Consequently, courts should deny leave only in rare cases. Specifically, in the Fourth Circuit, "[c]ourts should deny leave to amend in only three circumstances: (1) bad faith on the part of the moving party; (2) prejudice to the opposing party; or (3) futility." *Terrell v. Thor Motor Coach, Inc.*, 2018 WL 11241189, at *1 (E.D. Va. Apr. 10, 2018) (citing *Johnson v. Oroweat*

*Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).  Indeed, "[t]he Federal rules allow liberal amendment of pleadings throughout the progress of a case," even during summary judgment and trial.  *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001) (affirming district court's grant of summary judgment to conform to proof for claims not raised during pleadings), see also Fed. R. Civ. Pro. 15(b).

18.    Here, the Trustee's proposed amendment falls squarely within the liberal interpretation of Rule 15(a)(2).  The Trustee is seeking to recover appropriate damages for the Estate and has been engaged in detailed fact finding in an extremely complicated matter for many months now.  Justice would not be well served to deny the Trustee appropriate remedies simply because of a procedural matter that would not alter the Court's schedule.  *See, e.g., Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) ("This liberal rule [Rule 15(a)(2)] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities.").

19.    The defendants can point to no factor among the three that would argue for denial of the Trustee's motion.  First, the Trustee has prosecuted this case in the utmost good faith and is making this motion at the earliest possible time given that depositions by key members of UnitedLex management and others were conducted within the final two weeks of fact discovery, which itself ended on January 21, 2022. Indeed, the Fourth Circuit has recognized that a plaintiff is "entitled to a reasonable time to investigate through other sources the information [she has] secured from the deposition of defendant's witnesses." *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (finding that district court abused its discretion in denying motion to amend three months after plaintiff uncovered relevant facts). During the past several months, the Trustee has prosecuted and settled cases against more than 100 parties—including one

7

of the previous defendants in this matter—collecting further support for her claims. Moreover, the Trustee's motion seeks to add only the narrowest of additional claims with the intention that no delay to the Court's schedule will be necessary. And with respect to the additional transfers, these too came to light only in recent months and so appending these changes here is the most efficient way for the Trustee to present all relevant evidence to the Court. In this absence of any delay or inconvenience to defendants, the Trustee's good faith cannot colorably be challenged.

20. Second, no undue prejudice will be created by the Trustee's amended complaint. Courts in the Fourth Circuit have recognized that "an amendment . . . [which] merely adds an additional theory of recovery to the facts already pled is not a proper basis to deny leave to amend." *In re Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 909, 916 (E.D.Va. 2019) (citing *Laber*, 438 F.3d at 437 (4th Cir. 2006) (internal quotations omitted)); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). (where a "defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case."). As noted earlier, adding the Trustee's new claim of fraudulent inducement with still nearly three months left before the scheduled trial date will create no delay to the Court's schedule and will require no need for further discovery by any party. Indeed, the defendants' pending summary judgment motion shows that they will suffer no prejudice from permitting amendment, as that motion devotes several pages to arguing against fraudulent inducement, which is already pled in the existing complaint as a predicate for the conspiracy claims. ECF 130 at 50-53. Defendants have already focused discovery and briefing efforts on the theory to be added; there can be no colorable claim of prejudice. Further, Defendants (a) knew amounts were received in August of 2019, (b) appear to have caused the Debtor's books and records to be altered to mirror how United Lex posted these amounts, and (c) have undertaken

no significant targeted discovery to date with respect to the transfers listed in Exhibits 4 and 5, so any suggestion of prejudice to Defendants would ring hollow.

21. Finally, the Trustee's proposed additional claim can in no way be characterized as futile. *Parker v. Berryhill*, 2018 WL 5255233, at *1 (E.D. Va. Oct. 22, 2018) (M.J. Krask); *see also Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 127 (E.D. Va. 2017) ("[A] court should deny a motion to amend a complaint as futile if it is apparent that the proposed amendments could not withstand a motion to dismiss.") (omitting citation and quotation marks). As noted above, the Trustee's additional claim is based primarily on facts and allegations which the Court has already upheld in the face of the defendants' motion to dismiss. *See* ECF 113 at 26-27. Similarly, the additional transfers do not require any new claims, but simply augment the current pleadings, and therefore present no risk of futility.

## **CONCLUSION**

22. For the foregoing reasons and based on the extensive additional investigation uncovering the new and viable cause of action related to the scheme the Trustee described in her First Amended Complaint, the Trustee respectfully requests that the Motion be granted.

[SPACE INTENTIONALLY LEFT BLANK]

Dated: February 11, 2022

Respectfully submitted,

/s/ *Erika L. Morabito*
Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART
 & SULLIVAN LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
Telephone:   (202) 538-8334
Email:          erikamorabito@quinnemanuel.com
                    brittanynelson@quinnemanuel.com

*Special Counsel to Lynn L. Tavenner, the Chapter 7 Trustee of the Estate of LeClairRyan PLLC*

10

**CERTIFICATE OF SERVICE**

      Pursuant to the Local Rules of this Court, I certify that on this 11th day of February 2022, I served the Defendants with a copy of the Motion and electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all ECF registrants in this case.

      /s/ *Erika L. Morabito*
      Erika L. Morabito (VSB No. 44369)