IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re:<br><br>LeClairRyan PLLC,[1]<br><br>    Debtor. | Chapter 7<br><br>Case No. 19-34574 (KRH) |
| Lynn L. Tavenner, as Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>ULX Partners, LLC, UnitedLex Corporation, and ULX Manager, LLC,<br><br>    Defendants. | Adv. Proc. No. 20-03142 (KRH) |

## ORDER DIRECTING DEFENDANTS TO PRODUCE INSURANCE-RELATED INFORMATION

On March 5 and March 6, Chief Judge Frank J. Santoro (the "**Chief Judge**") conducted an in-person mediation with Plaintiff, Defendants ULX Partners, LLC, UnitedLex Corporation, and

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334 (telephone)
Email:  erikamorabito@quinnemanuel.com
        brittanynelson@quinnemanuel.com

*Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*

ULX Manager, LLC (each a "**Defendant**" and collectively, "**Defendants**"), Nicholas Hinton, Daniel Reed, Travelers Casualty and Surety Company, Continental Casualty Company, Columbia Casualty Company, and their respective counsel. *See* Docket No. 162. At the mediation, the Chief Judge ordered that the Defendants, Mr. Hinton, and Mr. Reed shall each provide certain insurance-related information to the Plaintiff prior to continuing the mediation.

Therefore, pursuant to the authority set forth in the Court's Order, dated February 4, 2022 [Docket No. 142], and the Court's Mediation Order [Docket No. 162], the Chief Judge, as the Court-appointed mediator, hereby ORDERS and DIRECTS the following:

1. On or before ten (10) calendar days from the date of the entry of this Order, the Defendants, Mr. Hinton, and Mr. Reed are directed to provide the Plaintiff the following information:

    a. a full and complete copy of any and all insurance policies[2] (including but not limited to insurance policies of Defendants' subsidiaries, parent companies, or affiliated companies) that may provide any coverage (in full or in part) for any judgments awarded against Defendants in this case, and/or against Mr. Hinton and/or Mr. Reed in the related case (Case No. 21-03095) (the "**Related Case**"); and/or settlement amounts paid by any Defendant and/or by Mr. Hinton and/or Mr. Reed in this case and/or the Related Case; or any fees, costs, and expenses paid or incurred in this case by any Defendant, Mr. Hinton, and/or Mr. Reed in this case and/or the Related Case. Such policies should also include any

---

[2] To the extent the insurance policies include any financial information of the Defendants, Mr. Hinton, and/or Mr. Reed that the Chief Judge ordered or directed to be submitted to only him for *en camera* review, such information does not have to be produced to the Plaintiff.

policies to which any Defendant, Mr. Hinton, and/or Mr. Reed tendered coverage for the claims at issue herein or the Related Case, including all excess policies regardless of the coverage position taken by the relevant insurance company, and

b. all coverage letters and/or denial of coverage letters from any insurance company regarding coverage under any of the policies provided pursuant to paragraph 1(a), including but not limited to coverage positions taken by the insurance company, and any non-privileged or otherwise protected response to such insurance company by the Defendants, Mr. Hinton, and/or Mr. Reed thereto.

2. On the day the production in paragraph 1 is complete, Defendants, Mr. Reed, and Mr. Hinton, are directed to submit a declaration confirming for the Court that such production is complete (the "**Insurance Declaration**").

3. The Chief Judge retains jurisdiction to interpret, implement, and enforce the provisions of this Order.

4. This Order shall be effective and enforceable immediately upon entry.

IT IS SO ORDERED:

ENTERED: 3-8 , 2022

The Honorable Frank J. Santoro
Chief Judge, United States Bankruptcy Court

ENTERED ON DOCKET: Mar 8 2022

3

ACTIVE 63424910v2

WE ASK FOR THIS:


/s/Erika L. Morabito
Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334 (telephone)
Email: erikamorabito@quinnemanuel.com
       brittanynelson@quinnemanuel.com

*Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*


SEEN AND AGREED:


/s/Thomas J. McKee, Jr.
Thomas J. McKee, Jr. (VSB No. 68427)
David G. Barger (VSB No. 21652)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301
Email: mckeet@gtlaw.com
       bargerd@gtlaw.com

and

J. Gregory Milmoe (admitted pro hac vice)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6064
Email: milmoeg@gtlaw.com

*Counsel to Defendant ULX Partners, LLC, ULX Manager LLC, UnitedLex Corporation, Daniel Reed, and Nicholas Hinton*

4

## CERTIFICATION

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed Order has either been endorsed by and/or served upon all necessary parties.

                                                            */s/Erika L. Morabito*

ACTIVE 63424910v2