IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re:<br><br>LeClairRyan PLLC,[1]<br><br>      Debtor.<br>_____<br><br>Lynn L. Tavenner, as Chapter 7 Trustee,<br><br>      Plaintiff,<br><br>v.<br><br>ULX Partners, LLC, UnitedLex Corporation, and ULX Manager, LLC,<br><br>      Defendants. | Chapter 7<br><br>Case No. 19-34574 (KRH)<br><br><br><br>Adv. Proc. No. 20-03142 (KRH) |

### MEDIATION ORDER REGARDING CONFIDENTIALITY

Pursuant to Docket No. 142, this Court previously ordered judicial mediation ("the Mediation Order") and appointed the Honorable Frank J. Santoro as judicial mediator (the "Mediator"). Pursuant to the Mediation Order, the Chief Judge hereby **ORDERS** the following:

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

---

Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334 (telephone)
Email:  erikamorabito@quinnemanuel.com
             brittanynelson@quinnemanuel.com

*Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*

" = "1" "" ""

1. The Mediation Parties include the following: (i) the Trustee; (ii) the Defendants; (iii) Mr. Nicholas Hinton; (iv) Mr. Daniel Reed, and (v) all insurance carriers for the Defendants or Mr. Hinton or Mr. Reed potentially responsible for paying fees, costs, any settlement, or a judgment in connection with the above-captioned Adversary Proceeding (or Adversary Proceeding No. 21-03095, pending against, among others, Mr. Hinton and Mr. Reed), along with any other insurance carrier for any Defendant as requested by the Mediator or as ordered by the Court (each an "Insurer" and, together, the "Insurers") ((i) through (v) each a "Mediation Party" and, together, the "Mediation Parties").

2. All confidential documents produced or received by any Mediation Party and all communications made by and all submissions prepared by a Mediation Party in connection with the Mediation, including but not limited to: (a) discussions among any of the Mediation Parties during the course of the Mediation; (b) discussions with or in the presence of the Mediator; (c) mediation statements and any other documents or information provided to the Mediator and/or the Mediation Parties in the course of the Mediation; and (d) all correspondence, settlement proposals, counterproposals, term sheets and offers of compromise produced for, as a result of, or in connection with the mediation ((a), (b), (c) and (d) collectively, the "Settlement Proposals") shall remain confidential, shall not be made available to the public and, as applicable, shall be subject to the Protective Order; *provided however,* that (i) nothing in this Order shall operate to protect pre-existing documents, materials or information simply because it is shared with the Mediator or otherwise disclosed during the Mediation; and (ii) the Mediation Party making any such Settlement Proposal may agree to the disclosure of its own Settlement Proposal. The materials described in each of the foregoing clauses (a) through (d) of this paragraph shall: (w) be protected from disclosure (and shall not be disclosed) to any other person or party who is not a

Mediation Party except in accordance with this Order or an agreed-upon confidentiality agreement executed by the Mediation Party whose information is sought to be disclosed; (x) not constitute a waiver of any existing privileges and immunities; (y) not be used for any purpose other than the mediation; and (z) be subject to protection under Rule 408 of the Federal Rules of Evidence and any equivalent or comparable state law. For the avoidance of doubt, aside from use in these mediation proceedings, or as required for purposes of seeking Court approval of any settlement agreement that may be reached, the foregoing materials shall not be admissible, usable in any proceedings, or discoverable anywhere, absent consent of the Mediation Party whose materials are at issue. To the extent that there is a conflict between the Local Rules or the Protective Order, the terms of this Order shall govern any issues with respect to any Mediation Party's disclosure of any Settlement Proposals.

3.  For the avoidance of doubt, the Mediation Parties and/or their respective counsel and advisors shall not in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution or Settlement Proposal (subject to paragraph 2 of this Order) that may be made or provided in connection with the Mediation.

4.  Notwithstanding anything in this Order to the contrary, nothing in this Order shall prevent a Mediation Party from disclosing information revealed during the Mediation to any insurers, reinsurers, experts retained for this litigation, and/or as may be required or requested by a governmental or regulatory entity with oversight or other authority over such party, that is within the oversight or other authority of such governmental or regulatory entity or required by statute or court order or other legal or regulatory requirements applicable to such party; *provided, however,*

that if such party is requested or required to disclose any information to any third party or governmental or regulatory authority, such party shall, to the extent not legally prohibited, provide the disclosing party with prompt written notice of such requirement prior to any disclosure and shall furnish only that portion of such information or take only such action as is legally required. Notwithstanding the foregoing, all communications made by and all submissions prepared by a Mediation Party in connection with the mediation shall not be provided to any governmental or regulatory authority (except for the US Trustee) absent a further Court order.

5. Additionally, counsel to the Defendants may disclose information revealed in connection with the Mediation to the Board of Directors of UnitedLex Corporation ("Board of Directors") solely for the purposes of providing authority and/or authorization regarding settlement of this matter, so long as each member of the Board of Directors agrees to be bound by the terms and conditions of this Order and agrees to subject himself to the jurisdiction of this Court solely for purposes relating to the enforcement and/or interpretation of this Order, as well as any subsequent consent order as referenced below. Certifications of same can be presented to the Court by way of a subsequent consent order. Counsel for the Defendants will also obtain and provide certifications to the Court and the Trustee that all insurance carriers who are not parties to this Order agree to be bound by the terms and conditions of this Order (a written certification by counsel of such carrier shall be sufficient for these purposes).

6. To the extent that any Mediation Party is in possession of privileged or confidential documents and/or information provided to such party pursuant to the terms and conditions of the Protective Order, such information may, but shall not be required to, be disclosed to the Mediator or other Mediation Parties, but shall otherwise remain privileged and/or confidential. Any Mediation Party may provide documents and/or information to the Mediator that are subject to a

privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine or any other privilege, right or immunity the parties may be entitled to claim or invoke (the "Privileged Information"). By providing the Privileged Information solely to the Mediator and no other party, neither the Mediation Party nor their respective professionals intends to, nor shall, waive, in whole or in part, the attorney-client privilege, the work-product doctrine or any other privilege, right or immunity they may be entitled to claim or invoke with respect to any Privileged Information or otherwise. Any work product, materials or information shared or produced by a Mediation Party with the Mediator, including Privileged Information, shall be subject to all applicable mediation privileges and shall not be shared by the Mediator with any other Mediation Parties without the consent of the sharing or producing party.

7. Nothing in this Order is intended to, nor shall it, waive, release, compromise, or impair in any way whatsoever, any claims or defenses that a party has or may have, whether known or unknown, in connection with or relating to acts or omissions that took place prior to entry of this Order. Further, to the extent that any documents that were provided by a Mediation Party that otherwise would have been required to be produced timely pursuant to Federal Rules of Bankruptcy Procedure 7026, 7034, or any other prior order of the Court, this Order shall not preclude any Mediation Party from using or disclosing such documents.

8. To the extent that there is a conflict between the Local Rules, the Protective Order, ECF 142, and/or ECF 162, the terms of this Order shall govern any issues with respect to any Mediation Party's disclosure of any Settlement Proposals.

9. This Court retains exclusive jurisdiction to enter supplemental orders concerning all matters arising from or related to the implementation, interpretation and enforcement of this Order.

IT IS SO ORDERED:

ENTERED:   April 8, , 2022      */s/ Frank J. Santoro*
                                                         The Honorable Chief Judge Frank S. Santoro
                                                         United States Bankruptcy Judge

WE ASK FOR THIS:                  Entered on Docket: Apr 11 2022

*/s/ Erika L. Morabito*
Erika L. Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334 (telephone)
Email: erikamorabito@quinnemanuel.com
          brittanynelson@quinnemanuel.com

*Special Counsel to Lynn L. Tavenner, Chapter 7 Trustee*

SEEN AND AGREED:

*/s/ Thomas J. McKee*
Thomas J. McKee, Jr. (VSB No. 68427)
David G. Barger (VSB No. 21652)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, VA 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301
Email: mckeet@gtlaw.com
        bargerd@gtlaw.com

and

J. Gregory Milmoe (admitted pro hac vice)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6064
Email: milmoeg@gtlaw.com

*Counsel to Defendant ULX Partners, LLC, ULX Manager LLC, UnitedLex Corporation, Daniel Reed, and Nicholas Hinton*

- and -


 /s/ Margaret T. Karchmer
Margaret T. Karchmer
Wiley Rein LLP
2050 M Street, NW
Washington, DC  20036
(202)719-4198 (telephone)
Email: mkarchmer@wiley.law
*Counsel to CNA*

7

## CERTIFICATION

    I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed Order has been endorsed by and/or served on all necessary parties.

                                              */s/Erika L. Morabito*
                                              Erika L. Morabito