1

```
 1              IN THE UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF VIRGINIA (RICHMOND)
 2
    In Re:                              )   Case No. 19-34574-KRH
 3                                      )   Richmond, Virginia
    LECLAIRRYAN PLLC,                   )
 4                                      )
              Debtor.                   )   April 19, 2022
 5                                      )   11:21 a.m.
    --------------------------------    )
 6                                      )
    LYNN L. TAVENNER, AS CHAPTER 7      )   Adv. Proc. Case No.
 7   TRUSTEE,                           )   20-03142-KRH
                                        )
 8            Plaintiff,                )
                                        )
 9   v.                                 )
                                        )
10   ULX PARTNERS, LLC, ET AL.,         )
                                        )
11            Defendants.               )
    --------------------------------    )
12
                    TRANSCRIPT OF HEARING ON
13         MOTION TO AMEND FIRST AMENDED COMPLAINT
          BEFORE THE HONORABLE KEVIN R. HUENNEKENS
14                UNITED STATES BANKRUPTCY JUDGE

15  APPEARANCES:
    For the Chapter 7 Trustee:     PAULA BERAN, ESQ.
16                                  TAVENNER & BERAN, PLC
                                    20 North 8th Street
17                                  Richmond, VA 23219

18  Special Counsel for the Chapter ERIKA L. MORABITO, ESQ.
    7 Trustee:                      BRITTANY J. NELSON, ESQ.
19                                  QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
20                                  1300 I Street NW
                                    Suite 900
21                                  Washington, DC 20005

22                                  DAVID M. GRABLE, ESQ.
                                    MATTHEW R. SCHECK, ESQ.
23                                  QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
24                                  865 South Figueroa Street
                                    10th Floor
25                                  Los Angeles, CA 90017
```

```
 1  For ULX Partners, LLC:         J. GREGORY MILMOE, ESQ.
                                    GREENBERG TRAURIG, LLP
 2                                  One Vanderbilt Avenue
                                    New York, NY 10017
 3
                                   DAVID G. BARGER, ESQ.
 4                                 THOMAS J. MCKEE, JR., ESQ.
                                    GREENBERG TAURIG, LLP
 5                                  1750 Tysons Boulevard
                                    Suite 1000
 6                                  McLean, VA 22102

 7  Special Insurance Counsel for  STEPHEN R. MYSLIWIEC, ESQ.
    ULX Partners:                  MILLER FRIEL, PLLC
 8                                  2445 M Street NW
                                    Suite 910
 9                                  Washington, DC 20037

10  For the U.S. Trustee:          SHANNON F. PECORARO, ESQ.
                                    U.S. DEPARTMENT OF JUSTICE
11                                  OFFICE OF THE UNITED STATES
                                    TRUSTEE
12                                  701 East Broad Street
                                    Suite 4304
13                                  Richmond, VA 23219

14

15

16

17

18

19

20

21  Transcription Services:        eScribers, LLC
                                    7227 North 16th Street
22                                  Suite #207
                                    Phoenix, AZ 85020
23                                  (973) 406-2250

24  PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.

25  TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

| | Colloquy | 3 |

1     THE COURT OFFICER:  The United States Bankruptcy Court
2  for the Eastern District of Virginia is now in session.  The
3  Honorable Kevin R. Huennekens presiding.  Please come to order.
4     THE CLERK:  Item number 1, Tavenner v. ULX Partners
5  LLC, motion to amend first amended complaint.
6     THE COURT:  Good morning.
7     MS. MORABITO:  Good morning, Your Honor.
8     MR. BARGER:  Morning, Your Honor.
9     MS. MORABITO:  Good morning, Your Honor; Erika
10 Morabito, Quinn Emanuel, special counsel to the Chapter 7
11 trustee.  With me this morning, I have my colleagues, Ms.
12 Brittany Nelson, Mr. Dave Grable, Mr. Matt Scheck.  Can you
13 hear me okay, Your Honor?
14     THE COURT:  I can, thank you.
15     MS. MORABITO:  Thank you, Your Honor.  And I also have
16 Ms. Tavenner and Ms. Beran together, and hopefully you can see
17 them on your screen.
18     First, the parties want to thank the Court for
19 accommodating us.  I know you have a crazy busy docket this
20 morning.  The good news is, is that we do believe the parties
21 have reached a settlement.  So while we were up preparing for
22 the contested hearing today, we did get a call from Chief Judge
23 Santoro, the Court appointed mediator in this case.  I received
24 a call roughly about thirty-five or forty minutes ago.  And so
25 we are ready to -- not asking for the Court for approval, but

```
 1  Judge Santoro did ask that I put the terms of the settlement on
 2  the record for Your Honor to hear, if that's okay with you,
 3  because obviously we can dispel with the motion to amend and
 4  the motion to seal.
 5          THE COURT:  You may.  Please proceed.
 6          MS. MORABITO:  Thank you, Your Honor.  And I apologize
 7  if it's a little disjointed.  I have chicken scratch from my
 8  call with Judge Santoro, so hopefully I'm going to get all the
 9  terms in.  But I know that I have Greenberg Traurig on here to
10  catch me if I miss something.
11          Your Honor, this is what the deal is comprised of.  It
12  is a twenty-one-million-dollar cash settlement to the estate.
13  Those dollars would come as follows:  there would be 12.25
14  million contributed by CNA, which is the primary insurance
15  carrier in this case.  There will be another 500,000 --  and
16  that's an estimate, and I'll get to that in a minute -- which
17  will be contributed by Travelers Insurance Company.  The reason
18  that's an estimate is that policy is almost exhausted.  The
19  estimate that's left by Travelers is roughly 500,000.  We can
20  count on the 500,000 coming into the estate, however, because
21  whatever shortfall there is from Travelers, UnitedLex has
22  agreed to make up that difference.  So we can count on the
23  500,000.
24          The third component of the 21 million is 8.25 million
25  dollars coming in from a combination of UnitedLex and CVC.
```

1  That would be the total of twenty-one million dollars coming
2  into the estate by way of cash.
3       The way that will be broken down, Your Honor -- and
4  this is all the mediator's proposal.  The way that that would
5  be broken down would be at closing -- and we'll talk about when
6  closing is in a minute, but at closing, the insurance companies
7  would be required to provide their full contribution.  So what
8  we know would come in at closing would be 12.25 from CNA and
9  500,000 dollars from Travelers, and 2 million dollars from
10 UnitedLex and CVC.  And to the extent Travelers is short,
11 UnitedLex and CVC will make up that additional shortfall of the
12 500,000.  So at closing, the estate would receive 14.75
13 million.
14      Subsequent to closing twelve months from settlement,
15 the estate would receive another three million dollars from
16 UnitedLex and CVC.  We are told by Chief Judge Santoro, that
17 that three million dollars will be fully secured by an
18 irrevocable letter of credit.  The last installment would be
19 3.25 million dollars from UnitedLex and CVC, and that would be
20 required to be paid twenty-four months from the date of
21 settlement.  And that, too, would be fully secured by an
22 irrevocable letter of credit.
23      Our understanding is there would be no risk, then, to
24 the estate or to the trustee that those remaining payments of
25 6.25, would come in.



1            The other component to this is UnitedLex Partners
2    filed a claim, claim number 174, in the amount of 8,563,288
3    dollars.  And they also filed claim number 175, again, ULX
4    Partners, and that claim is in the amount of 3,952,025 dollars.
5    The total of those two claims, Your Honor, is 12,515,308
6    dollars.  Currently, those claims are purported as secured
7    claims.  Part of the litigation against UnitedLex was a
8    recharacterization of those claims to unsecured.
9            As part of this deal, and in addition to the 21-
10   million-dollar cash settlement, ULX Partners has agreed to
11   waive the full amount of the 12,515,308 claim.  It will not be
12   a secured, nor will it be an unsecured, or any other claim.
13   They will not be entitled to a 502(h) claim, and none of the
14   defendants will have any claims against the estate.
15           Another component of the agreement -- and the mediator
16   wanted me to state on the record, this was a unilateral
17   mediator's proposal; it was not suggested, nor requested by the
18   Chapter 7 trustee, or by myself or anybody at Quinn Emanuel.
19   For reasons that the mediator said he would be happy to answer
20   any questions from Your Honor, the United States Trustee, or
21   anybody else, the recommendation is that Quinn Emanuel would
22   receive 10.5 million dollars from the settlement proceeds into
23   the estate.  And that would be in lieu of the current
24   agreement, which is the thirty-five percent under the
25   contingency arrangement.

```
 1          In terms of timing of the settlement, the mediator is
 2   requiring the parties, absent an extension by the mediator
 3   only, to have documents executed.  So that would be the full
 4   settlement agreement and the 9019, which trustee's counsel will
 5   draft.  Those need to be executed by Friday of next week, which
 6   is April 29th.  Our anticipation and hope is that we would be
 7   in a position to file those with the Court on or before that
 8   Monday, which is May 2nd.
 9          We currently don't have an omnibus hearing scheduled
10   in this case; we have one on May 3rd and one on May 31st.  The
11   trustee would ask that since the Court had blocked off for
12   trial May 16 through May 27th, if the Court had a date
13   available that week of May 23rd that was supposed to be trial,
14   it would allow enough time for us to get regular notice out on
15   the 9019 and still be able to have a specially set hearing the
16   week of the 23rd so that we can get this to closing and get
17   money into the estate as soon as possible.
18          I think I have covered everything that Chief Judge
19   Santoro had asked me to cover and to put on the record.  Before
20   I turn it over for affirmation from the defendant's counsel,
21   does Your Honor have any questions?
22          THE COURT:  A couple of questions.  And the first
23   question is, if we proceed with the schedule that you just
24   outlined, when would you anticipate closing occurring?
25          MS. MORABITO:  As soon as the order's entered in
```

1  connection with the 9019.
2          THE COURT:  Okay.  Second question, I assume that
3  there will be mutual releases exchanged among all of the
4  parties.  My question --
5          MS. MORABITO:  That's correct.  That is --
6          THE COURT:  -- is that on the --
7          MS. MORABITO:  I'm sorry.
8          THE COURT:  -- is that on the third anniversary?
9          MS. MORABITO:  That is correct.
10         THE COURT:  Okay, thank you.  I also assume that in
11 this kind of an arrangement, like most arrangements, that
12 there'd be a provision that no parties admitting any liability
13 and that this is a business decision to resolve the case.
14         MS. MORABITO:  That's correct, Your Honor.
15         THE COURT:  One final question.  Do I have permission
16 to talk with the mediator about the unilateral proposal that he
17 has made regarding the change in the fee structure?
18         MS. MORABITO:  You have permission from Quinn Emanuel,
19 and the mediator has indicated you have permission from him.
20 And I would turn it over to Greenberg Traurig to see if they
21 have any objection to that request for permission.
22         THE COURT:  I will ask them the same question in just
23 a moment.  And my last question is, is the trustee agreeable to
24 the change in the compensation structure?
25         MS. MORABITO:  Ms. Tavenner is on the phone.  If you

```
 1  all want to release your mute button, I would ask Lynn to
 2  please speak to that.
 3              THE COURT:  Ms. Tavenner?
 4              MS. BERAN:  Your Honor for the record, Paula Beran on
 5  behalf of the trustee.  The trustee is here and is prepared to
 6  answer any questions.  The way the trustee understands is it is
 7  technically not a change in compensation under the terms of the
 8  engagement letter and court-authorized employment.  Instead,
 9  from the mediator's perspective, it is an equalizer for reasons
10  that the mediator articulated to Ms. Tavenner in connection
11  with a potential resolution.  At the point in time when that
12  was articulated to Ms. Tavenner, we didn't know what the
13  ultimate resolution was going to be, but we knew, if there was
14  a resolution, it would include a type of equalizer.  And for
15  those reasons, based on the fact that it is part of the
16  mediator's proposal, Ms. Tavenner has no objection to it.
17  [REDACTED]
18  [REDACTED]
19  [REDACTED]
20  [REDACTED]
```



1  ███████████████████████.

2        THE COURT: All right. Thank you. Those are all the
3  questions I have.
4        Mr. Barger, are you going to speak on behalf of
5  Greenberg?
6        MR. BARGER: Your Honor, I think Mr. Milmoe will speak
7  on our behalf. The only thing I did want to add is I wanted to
8  introduce Stephen Mysliwiec, who is our outside insurance
9  counsel from the firm of Miller Friel, who was instrumental in
10 the show of diplomacy in resolving it. And he is available,
11 since he was present with Ms. Morabito, should we need
12 additional confirmation. But I did want to note his and the
13 trustee's efforts to resolve it. Thank you.
14       THE COURT: Thank you very much, sir.
15       Mr. Milmoe.
16       MR. MILMOE: And thank you, Your Honor. For the
17 record, Gregory Milmoe for Greenberg Traurig on behalf of the
18 defendants.
19       Ms. Morabito's presentation was accurate in every
20 respect, except for one thing at the very end. And that was
21 the timing of the releases. It is our understanding, and as
22 Ms. Morabito outlined, we're providing irrevocable letters of
23 credit to back the payments coming due in the future. And we,
24 therefore, anticipated and would expect to get releases at the
25 closing.

1       Other than that, I thought the presentation was, as
2   usual, succinct and spot on.  And we would also like to express
3   our gratitude to Chief Judge Santoro for his enormous efforts
4   in bridging the fairly significant gaps between the parties.
5       THE COURT:  Well, obviously, I don't know what's been
6   going on with the mediation.  I do know that each of us, as
7   judicial mediators, are required to file time statements with
8   the Fourth Circuit every month as far as our mediation hours
9   are concerned.  I never thought I would have to keep track of
10  my time anymore.  But in any event, I saw his report go in this
11  month, and it looks to me like I'm eternally indebted to him
12  for the time he has spent with regard to this.  So I share your
13  gratitude to him for what he's been able to accomplish.  It's
14  no mean feat.  And I know that it was difficult for the parties
15  to get to a resolution, but I congratulate everyone on doing
16  that.
17      Is there anything further, Mr. Milmoe?
18      MR. MILMOE:  No, Your Honor.  We would concur with
19  your request about permission to speak with the mediator.  And
20  I think that was the only outstanding item.
21      THE COURT:  Okay.  My conversation would be limited to
22  the one issue, by the way; I'm not going to get into any of the
23  confidential discussions that the parties had with the
24  mediator.
25      Is there any other party that wishes to be heard in

```
 1   connection with this matter?
 2               MS. PECORARO:  Yes, Your Honor.  Shannon Pecoraro for
 3   the United States Trustee's office.  Can --
 4               THE COURT:  Please don't object.
 5               MS. PECORARO:  Your Honor, I can't speak as to whether
 6   we would object or not object.  I'm just finding out about this
 7   deal about twenty minutes ago, and I have not had an
 8   opportunity to discuss it with my superiors.  So I just wanted
 9   to put on the record that we reserve any and all rights until
10   we can actually see the terms of the deal.
11               THE COURT:  I understand.  Thank you very much for
12   that.  I do appreciate it.
13               Does any other party wish to be heard?
14               All right, so Ms. Morabito, I think you quite
15   accurately figured out that my docket is pretty clear for those
16   two weeks that we had previously set aside.  So I'm sure that
17   you can get a date from my courtroom deputy.  I'm loathe to
18   give dates out my own self because I always screw it up.  So if
19   you would, please make arrangements with Ms. Gary, and get a
20   date, and I'll make sure that she understands she can give you
21   whatever date is most convenient for the parties during that
22   time slot that we had otherwise set aside so that we can give
23   the proper notice to all of the creditors in the case.
24               Is there any other business we need to take up in this
25   matter today?
```

```
 1         MS. MORABITO:  There's not, Your Honor, and I just
 2   want to conclude again with thank you.  I know this has not
 3   been an easy case.  It's gone on for a long period of time.
 4   The Court is certainly, in addition to Judge Santoro, who did
 5   an extraordinary job -- sometimes when the judicial branch
 6   pushes the parties the way in which you all did, we get to a
 7   resolution that I guess nobody's thrilled with, but I guess
 8   that means it's a good settlement.  So again, we are very
 9   appreciative of the efforts.  Judge Santoro put in weekends and
10   late nights and his law clerk.  Unfortunately, he's gone to
11   another firm, but his law clerk, Jake Lange (ph.), was
12   exceptional as well.  So thank you, Your Honor again.
13         And thank you to the defendants.  I know this has been
14   a difficult case for all of us, but I do appreciate everybody
15   coming together to work at the end, including Mr. Mysliwiec --
16   and I'm sure I said your name incorrectly -- but we do -- the
17   trustee does appreciate everybody's efforts.  So we have
18   nothing further, Your Honor, and thank you.
19         THE COURT:  All right.  Thank you, all.  I do
20   appreciate it.  You know as they say, the devil's in the
21   detail.  So go and get this documented and such.  I'm sure that
22   Chief Judge Santoro is not going to leave you in the wilderness
23   on that front and will give you some guidance with regard to
24   that as well, if you need help.  And he is extremely
25   experienced.
```

1     It's amazing, you know we were classmates together at
2  William & Mary.  I've known him for a long time.  I've
3  litigated many cases with him, and we've entered into many
4  settlements.  I know how he thinks and how he proceeds, and I
5  think he knows how I think and how I would have proceeded.  I
6  think you've reached a good settlement.
7           MS. MORABITO:  Thank you, Your Honor.
8           MR. BARGER:  Thank you, Judge.
9           THE COURT:  All right.
10          THE CLERK:  Your Honor?
11          THE COURT:  Yes?
12          THE CLERK:  Your Honor.  What about items 2 and 3 on
13 today's docket?
14          THE COURT:  Are we continuing everything, Ms.
15 Morabito?
16          MS. MORABITO:  I mean, it was the motion to amend,
17 yes, and the motion to seal, so I think we should continue
18 those subject to the execution of the settlement just in case.
19          THE COURT:  Okay.
20          MR. BARGER:  That's fine, Your Honor.
21          THE COURT:  Okay.  Everything would just be continued
22 to the date that we select for approval of the settlement, and
23 hopefully we can get this across the finish line completely,
24 but it sounds like we're there.
25          MS. MORABITO:  Thank you, Ms. Gary.  Thank you, Your

```
 1  Honor.
 2          THE COURT:  Thank you, all.  We will be in recess.
 3          THE COURT OFFICER:  The Court is now in recess.
 4     (Whereupon these proceedings were concluded at 11:43 AM)
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Case 19-30451-KRH  Doc 1362  Filed 06/06/22  Entered 06/06/22 14:43:57  Desc Main
Document      Page 17 of 17

17

# C E R T I F I C A T I O N

I, Ashley Bennett, the court-approved transcriber, do hereby certify the foregoing is a true and correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

*Ashley Bennett*          April 22, 2022
_____    _____
ASHLEY BENNETT             DATE

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net