1                     IN THE UNITED STATES BANKRUPTCY COURT
                        EASTERN DISTRICT OF VIRGINIA (RICHMOND)
2
      In Re:                              )  Case No. 19-34574-KRH
3     LECLAIRRYAN PLLC,                   )  Richmond, Virginia
                  Debtor.                 )
4     ------------------------------- )
      LYNN L. TAVENNER, AS CHAPTER 7  )  July 14, 2022
5     TRUSTEE,                            )  2:06 p.m.
                  Plaintiff,             )
6     v.                                  )  Adv. Proc. 20-03142-KRH
                                          )
7     ULX PARTNERS, LLC, ET AL.,          )
                  Defendants.            )
8     ------------------------------- )

9                          TRANSCRIPT OF HEARING ON
       MOTION TO APPROVE COMPROMISE UNDER FRBP 9019 (IRON MOUNTAIN)
10    FILED BY PAULA S. BERAN OF TAVENNER & BERAN, PLC ON BEHALF OF
                      LYNN L. TAVENNER. [ECF NO. 1424];
11   APPLICATION FOR ADMINISTRATIVE EXPENSES - APPLICATION FOR ORDER
      ALLOWING AND DIRECTING PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM
12            (RELATED DOCUMENT(S)1307 ORDER ON MOTION TO
      SET LAST DAY TO FILE ADMINISTRATIVE CLAIMS) FILED BY NEIL E.
13     MCCULLAGH OF SPOTTS FAIN PROOF OF CLAIM ON BEHALF OF PARK
      TOWERS OFFICE INVESTMENT, LLC, PARK TOWERS INVESTMENT, LLC.
14                  (MCCULLAGH, NEIL) [ECF NO. 1350];
      APPLICATION FOR ADMINISTRATIVE EXPENSES - APPLICATION OF PONTE
15      GADEA WASHINGTON, LLC FOR ALLOWANCE AND PAYMENT OF
      ADMINISTRATIVE EXPENSE CLAIM FILED BY THOMAS JOHN MCKEE JR. OF
16    GREENBERG TRAURIG ON BEHALF OF PONTE GADEA WASHINGTON, LLC;
        APPLICATION FOR ADMINISTRATIVE EXPENSES AND ORDER ALLOWING
17   CHAPTER 11 ADMINISTRATIVEEXPENSE CLAIM FOR POST-PETITION RENT
           (RELATED DOCUMENT(S)1307 ORDER ON MOTION TO SET
18     LAST DAY TO FILE ADMINISTRATIVE CLAIMS) FILED BY RICHARD E.
     LEAR OF HOLLAND & KNIGHTLLP ON BEHALF OF CARLYLE OVERLOOK OWNER
19                LLC. (LEAR, RICHARD) [ECF NO.1358];
          APPLICATION FOR ADMINISTRATIVE EXPENSES FILED BY LORI D.
20     THOMPSON OF SPILMAN, THOMAS BATTLE PLLC ON BEHALF OF LORI D.
              THOMPSON. (ATTACHMENTS: # 1 EXHIBIT(S) A)
21                (THOMPSON, LORI) [ECF NO. 1360];
        MOTION TO seal SETTLEMENT AGREEMENT AND RELATED DOCUMENTS,
22   INFORMATION, AND HEARINGS FILED BY DAVID G. BARGER OF GREENBERG
             TRAURIG, LLP ON BEHALF OF ULX PARTNERS, LLC,
23          ULX MANAGER, LLC, AND UNITEDLEX CORPORATION
     [ECF NO. 1325 AND ECF NO. 207 IN ADV. PRO. NO. 20-03142];
24    CASE STATUS AND REPORT PURSUANT TO LOCAL RULE 2015-(A)-(1)(A)

25

1

                    BEFORE THE HONORABLE KEVIN R. HUENNEKENS
2                     UNITED STATES BANKRUPTCY JUDGE

3      APPEARANCES:
       For the Chapter 7 Trustee:      PAULA S. BERAN, ESQ.
4                                       TAVENNER & BERAN, PLC
                                        20 North 8th Street
5                                       Second Floor
                                        Richmond, VA 23219
6
                                        BRITTANY J. NELSON, ESQ.
7                                       ERIKA L. MORABITO, ESQ.
                                        (Via Zoom)
8                                       QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
9                                       1300 I Street NW
                                        Suite 900
10                                      Washington, DC 20005

11     For the Office of the U.S.       KATHERYN R. MONTGOMERY, ESQ.
       Trustee:                         (Via Zoom)
12                                      DEPARTMENT OF JUSTICE
                                        701 East Broad Street
13                                      Suite 4304
                                        Richmond, VA 23219
14
       For Foley & Lardner LLP:         SUSAN POLL KLAESSY, ESQ.
15                                      FOLEY & LARDNER LLP
                                        3000 K Street, N.W.
16                                      Suite 600
                                        Washington, D.C. 20007
17
       For ULX Partners, LLC and       THOMAS J. MCKEE, ESQ.
18     UnitedLex Corporation:          DAVID G. BARGER, ESQ.
                                        (Via Zoom)
19                                      GREENBERG TRAURIG, LLP
                                        1750 Tysons Boulevard
20                                      Suite 100
                                        McLean, VA 22102
21
                                        J. GREGORY MILMOE, ESQ.
22                                      (Via Zoom)
                                        GREENBERG TRAURIG, LLP
23                                      One International Place
                                        Suite 2000
24                                      Boston, MA 02110

25

```
 1
 2    For CBC Advisors (India)       ERIN ROSENBERG, ESQ.
      Private Ltd.:                  (Via Zoom)
 3                                    White & Case LLP
                                      111 South Wacker Drive
 4                                    Suite 5100
                                      Chicago, IL 60606
 5    Also Present:                  Lynn L. Tavenner, Esq.
                                      Plaintiff
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21    Transcription Services:       eScribers, LLC
                                     7227 North 16th Street
22                                   Suite #207
                                     Phoenix, AZ 85020
23                                   (973) 406-2250

24    PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.

25    TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

Colloquy                                                                          4

1     THE CLERK:  All rise.  The Court is now in session.

2  Please be seated and come to order.

3     THE COURT OFFICER:  LeClairRyan PLLC, items 1 through

4  7 on the amended agenda.

5     MS. BERAN:  Good afternoon, Your Honor.

6     THE COURT:  Good afternoon.

7     MS. BERAN:  For the record --

8     THE COURT:  It's good to see you.

9     MS. BERAN:  It's wonderful seeing you, Your Honor.

10  For the record, Paula Beran of the law firm of Tavenner &

11  Beran.  And with me at counsel table this afternoon is the

12  trustee herself, Ms. Tavenner.  As well, Your Honor, in the

13  virtual courtroom this afternoon, on behalf of the estate, is

14  Ms. Morabito, as well as Ms. Nelson, special litigation counsel

15  to the trustee.

16     As indicated, your Honor, we are here today on the

17  matters listed on the proposed amended agenda found at ECF

18  number 1488.  In support of those matters, and/or in reliance

19  of the trustee's position, we did file yesterday a declaration

20  of Ms. Tavenner, and that can be found at ECF number 1485.  At

21  this point in time, Your Honor, I'd respectfully request that

22  that declaration be admitted into evidence.

23     THE COURT:  Does any party object to the admission of

24  the declaration or wish to cross-examine the trustee?

25     Okay.  Okay.  Seeing no takers, it's admitted.

Colloquy                                                                 5

1          (Declaration of Lynn Tavenner, ECF 1485, was hereby

2    received into evidence as of this date)

3          MS. BERAN:  Thank you, Your Honor.

4          Your Honor, that brings us to item number 1, which is

5    a motion to approve compromise, under bankruptcy Rule 9019,

6    with Iron Mountain.  Your Honor likely recalls this matter

7    being discussed during several case reports at previous

8    hearings.  The trustee and her counsel have been working on

9    this matter for a very long time with Iron Mountain and its

10   counsel.

11         Your Honor likely remembers Iron Mountain's counsel

12   from your days as a Chapter 7 trustee.  It is still the firm of

13   Hackett Feinberg, out of Boston, Massachusetts, specifically,

14   Mr. Frank McGinn.  The trustee has worked with Mr. McGinn for

15   more years than both care to admit, but none of us would know

16   him if he walked through that door, because we've never met

17   him.

18         And as Mr. McGinn transitions to retirement, a female

19   in his firm, Ms. Jacqueline Price, has taken over the Iron

20   Mountain representation.  The trustee desires to express her

21   gratitude to Ms. Price and Iron Mountain for its

22   professionalism in this process.  It really is a testament, or

23   they are a testament of how the process in bankruptcy should

24   work, with what likely will be one of the estate's largest

25   trade creditors.

1      There have been no ugly pleadings.  There have been no

2  negative representations.  And other than a mention in

3  connection with case reports, Your Honor may not even have

4  known Iron Mountain was actively involved in this case, even

5  though the transition of client files, of which most are

6  located at Iron Mountain, was one of the primary reasons

7  pointed to for the need to file a Chapter 11 bankruptcy case.

8      So Your Honor, Iron Mountain has been involved since

9  almost the day Ms. Tavenner was appointed.  Ms. Tavenner worked

10 closely with Iron Mountain and her wind-down team members to

11 better understand the document storage process and related

12 procedures.  She worked with Iron Mountain and the wind-down

13 team to unclog the logjam that related to the transition of

14 client files.

15     And once that process was completed, pursuant to Your

16 Honor's orders, the attention turned to resolving what Iron

17 Mountain maintained was a substantial claim against the Chapter

18 7 estate, of course, which the trustee disputed.  There was a

19 mutual exchange of a substantial amount of information and

20 continued constant dialogue.

21     Don't get me wrong, Your Honor, Ms. Price and I have

22 had our moments where we have agreed to disagree, but we always

23 remained focused on a solution.  And our clients, too, desired

24 that solution and actively participated in trying to find one.

25     So Your Honor, when that solution was reached, we were

1  all excited, as Your Honor likely could tell from my tone

2  during the last hearing when I reported to Your Honor that we

3  had reached a settlement and would be bringing that before Your

4  Honor at the next omnibus hearing.  And Your Honor, we did file

5  that 9019 motion, and to date, there have been no objections

6  received.

7       While in connection with preparing for today's

8  hearing, the trustee did do her declaration.  And as she

9  drafted that declaration, as Ms. Tavenner does in every aspect

10 of her life, she approaches everything with honesty, candor,

11 and openness.  So as she drafted that declaration, she too then

12 had to make representations in connection with that

13 declaration.

14      Specifically, Your Honor, it was always intended that

15 she represented near the end of the negotiations, and it became

16 part of the actual motion, that she intended to seek this

17 Court's authority to pay Chapter 11 administrative expenses in

18 2022.

19      Specifically, at paragraph 8 of that declaration, Ms.

20 Tavenner states:

21      "Since this Court established the administrative claim

22 bar date of May 31, 2022, I have worked towards resolution of

23 all asserted administrative claims.  Given my progress on the

24 same, and the added factor that I had reached a large

25 settlement that, pending court approval, would (a) bring

Colloquy                                                                8

1   substantial sums into the estate in the near future, and (b)

2   foster a systematic reduction of costs, when I negotiated the

3   terms of the Iron Mountain settlement and authorized the filing

4   of the 9019 motion, I fully intended that I would be in a

5   position to file a request with this Court to pay Chapter 11

6   administrative expenses in 2022.

7           "At the time of executing this declaration, I remain

8   hopeful that I will be able to request authority to pay in

9   2022, but am concerned about whether I will now be in a

10  position to do the same, given issues related to the recent

11  appeal noted on the docket in this case, at ECF number 1480, on

12  July 11th, 2022 by the Office of the United States Trustee.

13          "I have already taken steps to address those issues

14  and intend to do everything in my power, that is within my

15  fiduciary duties and is in the best interests of this estate,

16  to protect this estate such that it is able to pay all

17  administrative and priority claims in full and make a

18  meaningful distribution to general unsecured creditors.

19  However, there are items that can negatively impact the same

20  that are beyond my control."

21          Your Honor, I'm sure you can appreciate, when that

22  message was provided to Iron Mountain, its concern.  So there

23  were long, long discussions yesterday as it relates to what to

24  do today and how to address it.

25          And as Ms. Price said it best, she, on behalf of Iron

1   Mountain, doesn't want the UST appeal to unravel a year's worth

2   of negotiations that resulted in the great settlement

3   structure.  So both the trustee and Iron Mountain desire time

4   to see what can be done to keep that settlement intact.

5           And Your Honor, one may wonder, why not just kick it

6   down the road right away, what really is this, you know, less

7   than a week?  But Your Honor, as you will also see in the

8   settlement structure, under the proposed settlement, there were

9   payments that were supposed to start going to Iron Mountain in

10  August.  That also is very important to Iron Mountain.

11          So Your Honor, an initial short continuance allows

12  Iron Mountain to consider the impact, and gives all an

13  opportunity to assess what is in the best interest of this

14  bankruptcy estate.  Therefore, Your Honor, the trustee and Iron

15  Mountain respectfully request that this matter be continued

16  until July 19th at noon.

17          THE COURT:  Does any party wish to be heard in

18  connection with that motion?

19          Mr. Beran, I would be remiss if I didn't say that I'm

20  deeply disappointed in the Office of the U.S. Trustee in

21  appearing to interfere in the administration of a Chapter 7

22  bankruptcy case.  I can't remember when that has occurred.  I

23  don't remember the Office of the U.S. Trustee ever substituting

24  its business judgment for that of a standing Chapter 7 trustee.

25  And quite frankly, I didn't think that that was the province of

1   the Office of the U.S. Trustee.  I will grant the continuance.

2   Thank you.

3          MS. BERAN:  Thank you, Your Honor.  Your Honor, the

4   trustee also did want me to alert Your Honor, right up front,

5   while I -- subject to the Court still having in-person

6   appearance, I absolutely will be here in person, but the

7   trustee would respectfully request if she be allowed to

8   participate by Zoom.

9          She has another engagement where, candidly, she is

10  taking her son to the University of Charleston, for of all

11  things -- and I make fun of the trustee for this, and I feel

12  sorry for her son, but she is taking him to a STEM camp, and

13  it's a day camp.  So she will be in a hotel in Charleston so

14  that her son can attend the STEM camp.

15         THE COURT:  That's granted as well.  And when I do the

16  hybrid hearings, I do it so that, as we make the transition

17  back into the courtroom, everybody can get used to doing it.

18  And I'm certainly not going to penalize anybody for picking

19  option A or B.

20         MS. BERAN:  Thank you, Your Honor.

21         THE COURT:  You're welcome.

22         MS. BERAN:  Your Honor, that then brings us to item

23  number 2, which is an application for administrative expenses.

24         Your Honor, you have entered a stipulation to address

25  this, and as such, the matter may be removed from the Court's

Colloquy                                                         11

1    docket.

2              THE COURT:  That may be removed.

3              MS. BERAN:  Thank you, Your Honor.

4              Item number 3 is another application for

5    administrative expenses.  In connection with this, Your Honor,

6    the movant and the trustee have agreed on the form of a

7    stipulation and proposed --

8              THE COURT:  I think I entered that order about an hour

9    ago.

10             MS. BERAN:  Wonderful, Your Honor.  It may be removed

11   from the docket.

12             THE COURT:  All right.

13             MS. BERAN:  Similarly, Your Honor -- you may have done

14   the exact same thing; I apologize, we were in process up

15   here -- the application for administrative expense by Carlyle

16   Overlook Owner, that too, we've agreed to a proposed

17   stipulation.  It was filed on the docket.  And I do believe Mr.

18   Leer (ph.) BOP'd that over to the Court either Monday or

19   Tuesday of this week.

20             THE COURT:  There was one that came in and we had some

21   formatting issues, and so I think that it needed to be

22   corrected.

23             MS. BERAN:  Okay.

24             THE COURT:  If it's been corrected and I have it.  I

25   know I reviewed it substantively and it was fine.

Colloquy                                                        12

1              MS. BERAN:  Thank you, Your Honor.  So that matter may

2     be removed from the docket.

3              That then brings us to item number 5, which is an

4     application for administrative expenses by Ms. Lori D.

5     Thompson.

6              In connection with that matter, Your Honor, the movant

7     and the trustee are in active discussions to resolve any and

8     all matters related to this bankruptcy estate, not just that

9     Chapter 11 administrative request.  Therefore, the trustee

10    respectfully requests that this matter be continued until the

11    August 25th omnibus hearing.  And the movant, Ms. Thompson, has

12    consented to such a continuance.

13             THE COURT:  Okay.  It will be continued then.

14             MS. BERAN:  Your Honor, that then brings us to item

15    number 6, which is the seal request of the UnitedLex entities.

16             Before I turn the podium over, I did want to answer a

17    question Your Honor indicated would be asked of us all today on

18    this matter, and that relates to what is commonly referred to

19    as the FAO procedures.  Your Honor, those procedures can be

20    found in three orders entered by this Court.  They are found at

21    ECF number 533, 929, and 982.

22             The FAO procedures, Your Honor, really remind me of my

23    mother's favorite saying, no good deed goes unpunished.  Your

24    Honor, I'm sure, recalls the original purpose of those

25    procedures, efficient administration and appropriate due

1   diligence in a manner that respected privacy.  Because, after

2   all, Your Honor, when those procedures were initially put in

3   place, we knew, in the beginning, that many of the defendants

4   would be practicing lawyers who, in certain ways, were not

5   necessarily at fault for specific actions, but nonetheless, due

6   to inactions, would be implicated and subject to, at a minimum,

7   clawback claims.

8          And as my mother predicted, those procedures have been

9   twisted and turned into something nefarious or negative by

10  some.  But nonetheless, Your Honor, the trustee is proud of

11  those procedures and does believe that they have been an

12  efficient way to assist in the administration of this case.

13         So Your Honor, let's talk briefly about those

14  procedures.  In the very beginning, the trustee came before

15  Your Honor recommending certain procedures, after consultation

16  and discussions with the Office of the United States Trustee.

17  Specifically, at that point in time, those discussions were

18  with Mr. Whitehurst and Ms. Pecoraro.

19         Your Honor tweaked the proposed procedures and entered

20  the order that is originally at docket number ECF 533.

21  Thereafter, the trustee sought modification of those

22  procedures, once again, only after consultation with the Office

23  the United States Trustee, this time, Ms. Montgomery, Ms.

24  Pecoraro and Mr. Shorter.  And Your Honor again tweaked the

25  proposed amended procedures and granted it, as modified.

1      One final modification occurred, which does not impact

2  confidentiality or seal.  And that was really addressing the

3  issues related to the two-year bar statute that was coming up

4  or that the trustee was facing.

5      And those modifications were proposed to Your Honor,

6  and once again, Your Honor tweaked them.  But they were

7  proposed to Your Honor after consultation, again, with the

8  Office of the United States Trustee.  This time it was only Ms.

9  Pecoraro, given that neither seal nor confidentiality was

10  implicated.

11      So yes, Your Honor, to answer your questions, the FAO

12  procedures do apply to the settlement.  So the next question,

13  though, Your Honor, is how does one obtain court approval of a

14  settlement under the FAO procedures?

15      Your Honor, looking at the order found at 533, there

16  are two ways.  Paragraph 4 provides that there can be a

17  negative notice approval process, where there is seal and

18  confidentiality addressed in that paragraph, as well as a

19  procedure for requisite parties to obtain copies of the sealed

20  documents.  Or Your Honor, as found at paragraph 6 of that

21  order, the trustee can seek approval, under the traditional

22  way, through a 9019 motion.

23      So then, Your Honor, the next question that the

24  trustee had me do, in order to answer your questions, she

25  wanted to know if any of the modification orders changed that.

1   And so when you look at order found that ECF number 929, that

2   did modify paragraph 4.  But Your Honor, it just made it more

3   explicit and specific as it related to true creditors being

4   able to obtain copies of any sealed documents, as opposed to an

5   individual or entity who may be wanting to do it for litigation

6   purposes.

7          And then, Your Honor, looking at item number 982, as

8   indicated, that did not impact seal, confidentiality, and/or

9   any type of approval of settlement.  It addressed the pending

10  issues related to the pending two-year statute.

11         So Your Honor, yes, the FAO procedures apply, and the

12  settlement can be approved either by negative notice or 9019.

13  And Your Honor even pointed that out back during the hearing of

14  the initial motion to amend in May of 2021.

15         After a colloquy between Mr. McKee and Your Honor,

16  where Your Honor talked about the two ways to do it, I stood

17  before you -- and this can be found at lines 12 through 15, on

18  page 35, at ECF number 906.  I said, "Your Honor is directly on

19  point as it relates to the way the trustee also envisions that

20  FAO order.  The FAO order allows there to be approval of

21  settlements by either negative notice or by 9019."

22         Your Honor, the settlement at issue in connection with

23  the seal request did proceed under the "or", via 9019.  So the

24  confidentiality provisions of paragraph 4 are not specifically

25  applicable, from the trustee's perspective.

1          And as we all know, confidentiality or seal was not a
2    term of the original settlement construct, but when it was
3    raised after the fact, the trustee immediately, and has always
4    maintained, that the minimum is that seal must have the same
5    protections as if it had been done on negative notice under
6    paragraph 4 of Your Honor's procedure order.  And it must not
7    prevent the trustee from performing her duties.  That was
8    stated from day one, and that is the trustee's position as she
9    sits here today.

10         And one final point the trustee did want me to address
11   before I hand over the podium.  She truly appreciates the
12   concerns of the United States Trustee, as well as the concerns
13   of UnitedLex.  And as it relates to UnitedLex, she understands
14   that one of their big concerns is protecting its business.
15   Let's be clear here today, Your Honor, the trustee wants that
16   business to thrive, first and foremost.

17         Anyone who knows Ms. Tavenner knows she is not a
18   vindictive person, and instead, is a genuinely good person.
19   But putting that aside, Your Honor, think about it, and all
20   parties-in-interest really think about it.  It is in the best
21   interest of this estate for UnitedLex and its subsidiaries to
22   thrive and make lots of money, such that the estate can receive
23   the second and third payments under the settlement agreement,
24   if it is ultimately approved by final order, as quickly as
25   possible, and have final resolution with UnitedLex.

Colloquy                                                    17

1          So with that being said, Your Honor, I do turn the

2    podium over, I believe it's either to Mr. McKee or Mr. Barger,

3    in that it is their motion.  And then I will come back up to

4    address the last part, item number 7, the case status and

5    report.

6          And Your Honor, if I may, may I sit down for that?

7          THE COURT:  Yes, you may.

8          MS. BERAN:  Thank you, Your Honor.

9          THE COURT:  All right.  It's been a long time since

10   we've been standing at the podium, right?

11         So who's going to present the motion to seal the

12   settlement agreement and related documents?

13         MR. BARGER:  Your Honor, Good afternoon.  This is

14   David Barger on behalf of UnitedLex.  Also present is Mr. McKee

15   and Mr. Milmoe.  I have the honor again today, Your Honor.

16         THE COURT:  Okay.  Mr. Barger, thank you.  Please

17   proceed.

18         MR. BARGER:  Thank you, Your Honor.  And a couple of

19   housekeeping points.  One, I apologize that I'm not in person,

20   now that the Court has allowed that as an option.  I was

21   previously scheduled to be out of town, and I'm still out of

22   town.  And where I'm staying we're in the midst of

23   thunderstorms, so if you see lightning or hear noise, it's not

24   me; it's Mother Nature.  So that's item number 1, Your Honor.

25         Item number 2, because this deals with our motion to

1    seal, we would request permission to proceed with the rest of

2    this motion under seal.

3             THE COURT:  All right.

4             MR. BARGER:  Or to the seal courtroom.

5             THE COURT:  Does any party object to sealing the

6    courtroom?

7             MS. MONTGOMERY:  This is Kathryn Montgomery for the

8    United States Trustee.  We would object to that.

9             THE COURT:  All right.  Do you want to make an

10   argument, or just state that you object?

11            MS. MONTGOMERY:  We're just noting our objection --

12            THE COURT:  Thank you, ma'am.

13            MS. MONTGOMERY:  -- Your Honor.

14            THE COURT:  All right.  Does any other party object?

15            All right.  Ms. Montgomery, I'm going to overrule your

16   objection for the time being.  Obviously, there could be a

17   redacted version of today's proceedings at a later time, or

18   maybe we would totally unseal it.  But for purposes of today,

19   I'm going to seal the courtroom and allow Mr. Barger to proceed

20   under seal.

21            So at this point, I need to do two things, one, to

22   seal the virtual courtroom and seal the real courtroom.  So I'm

23   going to ask the parties to do that, Ms. Greenleaf and the

24   court security officer.

25       (Sealed portion of the hearing from 2:28 p.m. until 3:16

1  p.m.)

2          THE COURT:  All right.  Let the record reflect that

3  the courtroom is now open and the virtual courtroom is now

4  open.

5          All right.  Ms. Beran?

6          MS. BERAN:  Thank you, Your Honor.  Your Honor, we are

7  now on item number 7 on the proposed agenda, and that is the

8  case status and report pursuant to the Local Rules.

9          In connection with that, Your Honor, starting with

10 where we start always, I guess it's near and dear to everyone's

11 heart, as it relates to cash balances.

12          In connection with what's commonly referred to as the

13 HSBC operating account, there was $127,585.96.  In connection

14 with the Virginia Iolta account, there was $299,775.36.  In

15 connection with what is commonly referred to as the Cape

16 account, there is $954,692.37.

17          That then brings us to the accounts that the trustee

18 maintains through her trustee banking system at Signature Bank.

19 And specifically, Your Honor, there is a checking account.  In

20 that checking account, there is $66,766.58, as well as, Your

21 Honor, a money market account, in which there is -- that is

22 $8,465,653.30.

23          Your Honor, these balances reflect the payment of all

24 allowed Chapter 7 administrative expenses other than amounts

25 that are due in pursuant to court orders of Your Honor in

1 | connection with payments due to Tavenner & Beran.

2 | Your Honor, then turning to operations and case
3 | administrative items.  As Your Honor, I'm sure, appreciates,
4 | it's only been a little over two-and-a-half weeks since we
5 | stood before you in the virtual courtroom and addressed many of
6 | these items.  Given the hour, the trustee respectfully requests
7 | that I only provide an additional update to say that, in
8 | addition to the items last reported, it is likely apparent to
9 | Your Honor that it's been a busy two-and-a-half weeks
10 | addressing claims and appeal items.

11 | And as I'm sure Your Honor remembers, the trustee's
12 | brief, in connection with what has been commonly referred to as
13 | the two equity security holder list appeals, that's due at the
14 | district court level next week.  So there's been a lot of
15 | activity with the trustee and her counsel in connection with
16 | that brief.

17 | With that being said, Your Honor, I would respectfully
18 | turn it over to Ms. Morabito for a brief update on litigation
19 | items.

20 | THE COURT:  All right.  Ms. Morabito?

21 | MS. MORABITO:  Good morning, Your Honor.  Erika
22 | Morabito, Quinn Emanuel, special counsel for the Chapter 7
23 | trustee.  Can you hear me okay?

24 | THE COURT:  I can.  Actually, it's afternoon here,
25 | so --

1        MS. MONTGOMERY:  Oh, and I am in North Carolina today,

2   Your Honor, so it's afternoon here too.  So maybe you should

3   not listen to anything else I have to say with that

4   introduction.  I'm sorry about that.  I wish I could be in

5   person; hopefully soon.

6        Your Honor, I will be brief.  As Ms. Beran said, as

7   we've done historically, we just want to walk you through an

8   update from the last status.

9        So I'm going to start with UnitedLex.  That's going to

10  be pretty quick.  Obviously, Your Honor, we share the

11  sentiment, it goes without saying, in being just deeply

12  disappointed in the appeal, but we're here in purposes of next

13  steps for the appeal, so Your Honor has these calendar dates in

14  your mind.  July 25th is the deadline for the U.S. Trustee to

15  file their designations of record and statement of issues on

16  appeal.  The appellate brief is due thirty days from the date

17  of the designation of records transmitted to the district

18  court.  And then the  appellee's brief is thirty days from the

19  date that the appellant's brief is filed and served.

20        But because of the appeal, obviously, we were looking

21  forward to August 2nd, which was the first date of the closing,

22  where the estate had anticipated getting initial payments of

23  14.75 million into the estate.  That now is unfortunately

24  delayed, which does impact some of the work that Quinn Emanuel

25  is doing, as special litigation counsel, in other matters that

1   we've been working on.

2           One of those matters, it's really not a matter, but

3   it's something that came up at the last hearing that I do want

4   to address, that had to do with Foley and Quinn talking about

5   how to resolve any issues, or at least a procedure to resolve

6   issues with respect to the two firms, as it relates to fees.

7           We're mindful of that and your instruction.  And prior

8   to Monday, we have had a discussion about -- preliminary

9   discussions about a way to get there, at least in terms of

10  presenting an agreed-upon procedure to Your Honor.  Both firms

11  take that very seriously.  We do think we're going to get to an

12  agreement.  It's just not the appropriate time right now, given

13  all that's going on.

14          We're going to continue to work on that.  We do have

15  other matters that are still left to be resolved.  So in the

16  meantime, if Quinn is to file any further interim applications,

17  fee applications, which we do expect to file them probably

18  tomorrow, we will continue to protect and make sure that all

19  the reservations and rights from all parties are included in

20  any future -- in our order, as we've done in the past.

21          We'll also draw language from Your Honor's previous

22  order with respect to reservation of rights.  But everybody's

23  rights are protected.  Two firms can then get together at the

24  appropriate time to come up with a procedure, and we'll present

25  that to the Court.  But both firms are working intimately

1   together to try to get to a -- not just a procedure but an

2   ultimate resolution.  So I did want to update you on that.

3          With respect to the other FAO actions, we were before

4   Your Honor on June 28th.  My colleague, Ms. Nelson, gave you an

5   update at that time, where we were with settlements.  It's not

6   that long ago, but we did settle a couple more with another

7   90,000 dollars that will be coming into the estate.  And we

8   continue to make progress on these cases.

9          As Your Honor will see, and consistent with previous

10  reporting at omnibus hearings, we will be filing, tomorrow, a

11  notice of settlement that memorializes approximately fifteen

12  more settlements that have been reached under the FAO order.

13         So in total, for all FAO matters, including UnitedLex,

14  for about two years, two-and-a-half years, there's been an

15  approximate settlement totaling 40.6 million dollars.  That

16  amount does include the UnitedLex settlement of 21 million, as

17  well as approximately 19.6 million dollars of other settlements

18  that the Chapter 7 trustee has been responsible for bringing

19  into the estate.

20         Of those that remain, Your Honor, you may recall, when

21  we first started the special litigation at Foley, and then

22  transitioning over to Quinn, we initiated more than 220 demand

23  letters.  We have about sixteen matters left that are pending

24  in various jurisdictions and states, state law claims.

25         In addition, we have obviously dismissed certain

Colloquy                                                                24

1   counts to some of the lawsuits, due to settlements that have

2   been entered or approved by this Court.  In light of the

3   appeal, with respect to those litigation matters that were tied

4   up as part of the overall global settlement, we have talked to

5   counsel for each of those parties, including CBC and the other

6   litigants that were party to the CBC litigation, the

7   individuals.  We've reached agreements with them to enter into

8   tolling agreements, or extensions, or a continuance until the

9   appeal has been resolved.  All counsel are working amicably to

10  make sure that that gets done.

11          Other than that, Your Honor, we think the progress has

12  been very great to date, in just under two years, for a case as

13  complex as this.  The Chapter 7 trustee has done a great job.

14  We're going to continue to prosecute, mediate, and settle the

15  remaining cases.

16          If anything's left -- we hope that it's not -- we'll

17  certainly set trial dates of those, if needed, and we would do

18  that in the near future.  Obviously, the Chapter 7 trustee is

19  focused on getting through the administration of the estate as

20  quickly as she can.

21          So I have nothing further, Your Honor.  I'm happy to

22  answer any questions.

23          THE COURT:  Does any party have any questions or

24  comments?

25          MS. ROSENBERG:  Yes, Your Honor, this is Erin

Colloquy                                                          25

1    Rosenbergwith White & Case.  Can you hear me?

2              THE COURT:  I can, ma'am.  Please proceed.

3              MS. ROSENBERG:  Thank you, Your Honor.  Again, Erin

4    Rosenberg with White & Case, counsel for CBC Advisors (India)

5    Private Ltd. (ph.).  I'm here also with my local counsel Mikay

6    Saes (ph.) and Roy Rogers (ph.).  I've been admitted pro hac

7    vice.

8              I just wanted to put in one minor point of

9    clarification to Ms. Morabito's statement.   We received a

10   request today to accommodate that tolling that she described.

11   We have it under consideration.  We'll reach out and we'll

12   communicate with her further.  But I just wanted it to be clear

13   on the record that that's something that we're going to

14   discuss.  And I'm sure you'll hear more from the parties on

15   that in due course.

16             THE COURT:  All right.  Thank you very much, ma'am.

17             Does any other party wish to be heard?

18             All right.  Back to you, Ms. Beran.

19             MS. BERAN:  Thank you, Your Honor.  Your Honor, that

20   concludes the items on today's agenda as proposed by the

21   trustee.  The trustee, as Your Honor is aware, is in the

22   courtroom, and is happy to answer any questions Your Honor may

23   have and/or any other party-in-interest may have of her.

24             THE COURT:  All right.  Thank you.

25             Is there any other business we need to take up in this

1  matter today?

2          All right.  Hearing none, again, I share the remarks

3  that were made earlier about the wonderful job that the Chapter

4  7 trustee continues to do in administering this case.  And keep

5  up the good work and thank you.

6          MS. BERAN:  Thank you.

7          THE COURT:  We'll be adjourned.

8          THE CLERK:  All rise.  Court is now adjourned.

9      (Whereupon the sealed portion of this hearing concluded at

10  3:27 PM)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                              I N D E X

2    EXHIBITS:  DESCRIPTION                       MARK   ADMIT

3    FOR THE DEBTOR:

4             Declaration of Lynn Tavenner,          5
             ECF 1485

5

6    RULINGS:                                    PAGE   LINE

7    Motion to Approve Compromise under           10      1
     FRBP 9019 (Iron Mountain) is continued

8    to July 19, 2022

9    Application for administrative               12     13
     expenses by Ms. Lori D. Thompson

10   continued to August 25, 2002

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1         C E R T I F I C A T I O N

2

3         I, Sharona Shapiro, the court-approved transcriber, do

4    hereby certify the foregoing is a true and correct transcript

5    from the official electronic sound recording of the proceedings

6    in the above-entitled matter.

7

8

9                                    July 15, 2022

10   _____   _____

11   SHARONA SHAPIRO                    DATE

12   AAERT Certified Electronic Transcriber CET-492

13

14

15

16

17

18

19

20

21

22

23

24

25

LeClairRyan PLLC - 19-34574-KRH
Tavenner vs. ULX Partners, LLC - 20-03142-KRH

July 14, 2022

## $

**$127,585.96 (1)**
19:13
**$299,775.36 (1)**
19:14
**$66,766.58 (1)**
19:20
**$8,465,653.30 (1)**
19:22
**$954,692.37 (1)**
19:16

## A

**able (3)**
8:8,16;15:4
**absolutely (1)**
10:6
**accommodate (1)**
25:10
**account (6)**
19:13,14,16,19,20,
21
**accounts (1)**
19:17
**actions (2)**
13:5;23:3
**active (1)**
12:7
**actively (2)**
6:4,24
**activity (1)**
20:15
**actual (1)**
7:16
**Actually (1)**
20:24
**added (1)**
7:24
**addition (2)**
20:8;23:25
**additional (1)**
20:7
**address (6)**
8:13,24;10:24;
16:10;17:4;22:4
**addressed (3)**
14:18;15:9;20:5
**addressing (2)**
14:2;20:10
**adjourned (2)**
26:7,8
**administering (1)**
26:4
**administration (4)**
9:21;12:25;13:12;
24:19
**administrative (12)**
7:17,21,23;8:6,17;
10:23;11:5,15;12:4,
9;19:24;20:3

**admission (1)**
4:23
**admit (1)**
5:15
**admitted (3)**
4:22,25;25:6
**Advisors (1)**
25:4
**afternoon (7)**
4:5,6,11,13;17:13;
20:24;21:2
**again (7)**
13:22,24;14:6,7;
17:15;25:3;26:2
**against (1)**
6:17
**agenda (4)**
4:4,17;19:7;25:20
**ago (2)**
11:9;23:6
**agreed (3)**
6:22;11:6,16
**agreed-upon (1)**
22:10
**agreement (3)**
16:23;17:12;22:12
**agreements (2)**
24:7,8
**alert (1)**
10:4
**allow (1)**
18:19
**allowed (3)**
10:7;17:20;19:24
**allows (2)**
9:11;15:20
**almost (1)**
6:9
**always (4)**
6:22;7:14;16:3;
19:10
**amend (1)**
15:14
**amended (3)**
4:4,17;13:25
**amicably (1)**
24:9
**amount (2)**
6:19;23:16
**amounts (1)**
19:24
**and/or (3)**
4:18;15:8;25:23
**anticipated (1)**
21:22
**anything's (1)**
24:16
**apologize (2)**
11:14;17:19
**apparent (1)**
20:8
**appeal (9)**
8:11;9:1;20:10;

21:12,13,16,20;24:3,
9
**appeals (1)**
20:13
**appearance (1)**
10:6
**appearing (1)**
9:21
**appellant's (1)**
21:19
**appellate (1)**
21:16
**appellee's (1)**
21:18
**applicable (1)**
15:25
**application (4)**
10:23;11:4,15;
12:4
**applications (2)**
22:16,17
**apply (2)**
14:12;15:11
**appointed (1)**
6:9
**appreciate (1)**
8:21
**appreciates (2)**
16:11;20:3
**approaches (1)**
7:10
**appropriate (3)**
12:25;22:12,24
**approval (6)**
7:25;14:13,17,21;
15:9,20
**approve (1)**
5:5
**approved (3)**
15:12;16:24;24:2
**approximate (1)**
23:15
**approximately (2)**
23:11,17
**argument (1)**
18:10
**aside (1)**
16:19
**aspect (1)**
7:9
**asserted (1)**
7:23
**assess (1)**
9:13
**assist (1)**
13:12
**attend (1)**
10:14
**attention (1)**
6:16
**August (3)**
9:10;12:11;21:21
**authority (2)**

7:17;8:8
**authorized (1)**
8:3
**aware (1)**
25:21
**away (1)**
9:6

## B

**back (4)**
10:17;15:13;17:3;
25:18
**balances (2)**
19:11,23
**Bank (1)**
19:18
**banking (1)**
19:18
**bankruptcy (6)**
5:5,23;6:7;9:14,
22;12:8
**bar (2)**
7:22;14:3
**Barger (7)**
17:2,13,14,16,18;
18:4,19
**became (1)**
7:15
**beginning (2)**
13:3,14
**behalf (3)**
4:13;8:25;17:14
**BERAN (24)**
4:5,7,9,10,11;5:3;
9:19;10:3,20,22;
11:3,10,13,23;12:1,
14;17:8;19:5,6;20:1;
21:6;25:18,19;26:6
**best (4)**
8:15,25;9:13;
16:20
**better (1)**
6:11
**beyond (1)**
8:20
**big (1)**
16:14
**BOP'd (1)**
11:18
**Boston (1)**
5:13
**both (4)**
5:15;9:3;22:10,25
**brief (7)**
20:12,16,18;21:6,
16,18,19
**briefly (1)**
13:13
**bring (1)**
7:25
**bringing (2)**
7:3;23:18

**brings (5)**
5:4;10:22;12:3,14;
19:17
**business (4)**
9:24;16:14,16;
25:25
**busy (1)**
20:9

## C

**calendar (1)**
21:13
**came (3)**
11:20;13:14;22:3
**camp (3)**
10:12,13,14
**can (18)**
4:20;8:19,21;9:4;
10:14,17;12:19;
14:16,21;15:12,17;
16:22;20:23,24;
22:23;24:20;25:1,2
**candidly (1)**
10:9
**candor (1)**
7:10
**Cape (1)**
19:15
**care (1)**
5:15
**Carlyle (1)**
11:15
**Carolina (1)**
21:1
**case (14)**
5:7;6:3,4,7;8:11;
9:22;13:12;17:4;
19:8;20:2;24:12;
25:1,4;26:4
**cases (2)**
23:8;24:15
**cash (1)**
19:11
**CBC (3)**
24:5,6;25:4
**certain (3)**
13:4,15;23:25
**certainly (2)**
10:18;24:17
**changed (1)**
14:25
**Chapter (14)**
5:12;6:7,17;7:17;
8:5;9:21,24;12:9;
19:24;20:22;23:18;
24:13,18;26:3
**Charleston (2)**
10:10,13
**checking (2)**
19:19,20
**claim (2)**
6:17;7:21

Case 20-03142-KRH    Doc 274    Filed 07/19/22    Entered 07/19/22 10:46:22    Desc Main
LeClairRyan PLLC - 19-34574-KRH
Document    Page 30 of 35
Tavenner vs. ULX Partners, LLC - 20-03142-KRH

July 14, 2022

**claims (5)**
7:23;8:17;13:7;
20:10;23:24
**clarification (1)**
25:9
**clawback (1)**
13:7
**clear (2)**
16:15;25:12
**CLERK (2)**
4:1;26:8
**client (2)**
6:5,14
**clients (1)**
6:23
**closely (1)**
6:10
**closing (1)**
21:21
**colleague (1)**
23:4
**colloquy (1)**
15:15
**coming (2)**
14:3;23:7
**comments (1)**
24:24
**commonly (4)**
12:18;19:12,15;
20:12
**communicate (1)**
25:12
**completed (1)**
6:15
**complex (1)**
24:13
**compromise (1)**
5:5
**concern (1)**
8:22
**concerned (1)**
8:9
**concerns (3)**
16:12,12,14
**concluded (1)**
26:9
**concludes (1)**
25:20
**confidentiality (6)**
14:2,9,18;15:8,24;
16:1
**connection (14)**
6:3;7:7,12;9:18;
11:5;12:6;15:22;
19:9,12,13,15;20:1,
12,15
**consented (1)**
12:12
**consider (1)**
9:12
**consideration (1)**
25:11
**consistent (1)**

23:9
**constant (1)**
6:20
**construct (1)**
16:2
**consultation (3)**
13:15,22;14:7
**continuance (4)**
9:11;10:1;12:12;
24:8
**continue (4)**
22:14,18;23:8;
24:14
**continued (4)**
6:20;9:15;12:10,
13
**continues (1)**
26:4
**control (1)**
8:20
**copies (2)**
14:19;15:4
**corrected (1)**
11:22,24
**costs (1)**
8:2
**counsel (12)**
4:11,14;5:8,10,11;
20:15,22;21:25;24:5,
9;25:4,5
**counts (1)**
24:1
**couple (2)**
17:18;23:6
**course (2)**
6:18;25:15
**Court (45)**
4:1,3,6,8,23;7:21,
25;8:5;9:17;10:5,15,
21;11:2,8,12,18,20,
24;12:13,20;14:13;
17:7,9,16,20;18:3,5,
9,12,14,24;19:2,25;
20:14,20,24;21:18;
22:25;24:2,23;25:2,
16,24;26:7,8
**courtroom (11)**
4:13;10:17;18:4,6,
19,22,22;19:3,3;
20:5;25:22
**Court's (2)**
7:17;10:25
**creditors (3)**
5:25;8:18;15:3
**cross-examine (1)**
4:24

**D**

**date (7)**
5:2;7:5,22;21:16,
19,21;24:12
**dates (2)**

21:13;24:17
**David (1)**
17:14
**day (3)**
6:9;10:13;16:8
**days (3)**
5:12;21:16,18
**deadline (1)**
21:14
**deals (1)**
17:25
**dear (1)**
19:10
**declaration (10)**
4:19,22,24;5:1;
7:8,9,11,13,19;8:7
**deed (1)**
12:23
**deeply (2)**
9:20;21:11
**defendants (1)**
13:3
**delayed (1)**
21:24
**demand (1)**
23:22
**described (1)**
25:10
**designation (1)**
21:17
**designations (1)**
21:15
**desire (1)**
9:3
**desired (1)**
6:23
**desires (1)**
5:20
**dialogue (1)**
6:20
**diligence (1)**
13:1
**directly (1)**
15:18
**disagree (1)**
6:22
**disappointed (2)**
9:20;21:12
**discuss (1)**
25:14
**discussed (2)**
5:7
**discussion (1)**
22:8
**discussions (5)**
8:23;12:7;13:16,
17;22:9
**dismissed (1)**
23:25
**disputed (1)**
6:18
**distribution (1)**
8:18

**district (2)**
20:14;21:17
**docket (6)**
8:11;11:1,11,17;
12:2;13:20
**document (1)**
6:11
**documents (3)**
14:20;15:4;17:12
**dollars (3)**
23:7,15,17
**done (7)**
9:4;11:13;16:5;
21:7;22:20;24:10,13
**door (1)**
5:16
**down (2)**
9:6;17:6
**drafted (2)**
7:9,11
**draw (1)**
22:21
**due (8)**
12:25;13:5;19:25;
20:1,13;21:16;24:1;
25:15
**during (3)**
5:7;7:2;15:13
**duties (2)**
8:15;16:7

**E**

**earlier (1)**
26:3
**ECF (8)**
4:17,20;5:1;8:11;
12:21;13:20;15:1,18
**efficient (2)**
12:25;13:12
**either (4)**
11:18;15:12,21;
17:2
**else (1)**
21:3
**Emanuel (2)**
20:22;21:24
**end (1)**
7:15
**engagement (1)**
10:9
**enter (1)**
24:7
**entered (5)**
10:24;11:8;12:20;
13:19;24:2
**entities (1)**
12:15
**entity (1)**
15:5
**envisions (1)**
15:19
**equity (1)**

20:13
**Erika (1)**
20:21
**Erin (2)**
24:25;25:3
**established (1)**
7:21
**estate (14)**
4:13;6:18;8:1,15,
16;9:14;12:8;16:21,
22;21:22,23;23:7,19;
24:19
**estate's (1)**
5:24
**even (3)**
6:3,4;15:13
**everybody (1)**
10:17
**everybody's (1)**
22:22
**everyone's (1)**
19:10
**evidence (2)**
4:22;5:2
**exact (1)**
11:14
**exchange (1)**
6:19
**excited (1)**
7:1
**executing (1)**
8:7
**expect (1)**
22:17
**expense (1)**
11:15
**expenses (6)**
7:17;8:6;10:23;
11:5;12:4;19:24
**explicit (1)**
15:3
**express (1)**
5:20
**extensions (1)**
24:8

**F**

**facing (1)**
14:4
**fact (1)**
16:3
**factor (1)**
7:24
**FAO (10)**
12:19,22;14:11,
14;15:11,20,20;23:3,
12,13
**fault (1)**
13:5
**favorite (1)**
12:23
**fee (1)**

22:17

**feel (1)**
10:11

**fees (1)**
22:6

**Feinberg (1)**
5:13

**female (1)**
5:18

**fiduciary (1)**
8:15

**fifteen (1)**
23:11

**file (7)**
4:19;6:7;7:4;8:5;
21:15;22:16,17

**filed (2)**
11:17;21:19

**files (2)**
6:5,14

**filing (2)**
8:3;23:10

**final (4)**
14:1;16:10,24,25

**find (1)**
6:24

**fine (1)**
11:25

**firm (3)**
4:10;5:12,19

**firms (4)**
22:6,10,23,25

**first (3)**
16:16;21:21;23:21

**focused (2)**
6:23;24:19

**Foley (2)**
22:4;23:21

**foremost (1)**
16:16

**form (1)**
11:6

**formatting (1)**
11:21

**forward (1)**
21:21

**foster (1)**
8:2

**found (8)**
4:17,20;12:20,20;
14:15,20;15:1,17

**Frank (1)**
5:14

**frankly (1)**
9:25

**front (1)**
10:4

**full (1)**
8:17

**fully (1)**
8:4

**fun (1)**
10:11

**further (3)**
22:16;24:21;25:12

**future (3)**
8:1;22:20;24:18

## G

**gave (1)**
23:4

**general (1)**
8:18

**genuinely (1)**
16:18

**gets (1)**
24:10

**Given (5)**
7:23;8:10;14:9;
20:6;22:12

**gives (1)**
9:12

**global (1)**
24:4

**goes (1)**
12:23;21:11

**Good (8)**
4:5,6,8;12:23;
16:18;17:13;20:21;
26:5

**grant (1)**
10:1

**granted (2)**
10:15;13:25

**gratitude (1)**
5:21

**great (3)**
9:2;24:12,13

**Greenleaf (1)**
18:23

**guess (1)**
19:10

## H

**hac (1)**
25:6

**Hackett (1)**
5:13

**hand (1)**
16:11

**happy (2)**
24:21;25:22

**hear (4)**
17:23;20:23;25:1,
14

**heard (2)**
9:17;25:17

**hearing (9)**
7:2,4,8;12:11;
15:13;18:25;22:3;
26:2,9

**hearings (3)**
5:8;10:16;23:10

**heart (1)**

19:11

**hereby (1)**
5:1

**herself (1)**
4:12

**historically (1)**
21:7

**holder (1)**
20:13

**honesty (1)**
7:10

**Honor (102)**
4:5,9,12,16,21;5:3,
4,6,11;6:3,8,21,25;
7:1,2,4,4,14;8:21;
9:5,7,11,14;10:3,3,4,
20,22,24;11:3,5,10,
13;12:1,6,14,17,19,
22,24;13:2,10,13,15,
19,24;14:5,6,7,11,13,
15,20,23;15:2,7,11,
13,15,16,18,22;
16:15,19;17:1,6,8,
13,15,15,18,24;
18:13;19:6,6,9,19,
21,23,25;20:2,3,9,19,
17,21;21:2,6,10,13;
22:10;23:4,9,20;
24:11,21,25;25:3,19,
19,21,22

**Honor's (3)**
6:16;16:6;22:21

**hope (1)**
24:16

**hopeful (1)**
8:8

**hopefully (1)**
21:5

**hotel (1)**
10:13

**hour (2)**
11:8;20:6

**housekeeping (1)**
17:19

**HSBC (1)**
19:13

**hybrid (1)**
10:16

## I

**immediately (1)**
16:3

**impact (5)**
8:19;9:12;14:1;
15:8;21:24

**implicated (2)**
13:6;14:10

**important (1)**
9:10

**inactions (1)**
13:6

**include (1)**

23:16

**included (1)**
22:19

**including (2)**
23:13;24:5

**India (1)**
25:4

**indicated (3)**
4:16;12:17;15:8

**individual (1)**
15:5

**individuals (1)**
24:7

**information (1)**
6:19

**initial (3)**
9:11;15:14;21:22

**initially (1)**
13:2

**initiated (1)**
23:22

**in-person (1)**
10:5

**instead (1)**
16:18

**instruction (1)**
22:7

**intact (1)**
9:4

**intend (1)**
8:14

**intended (3)**
7:14,16;8:4

**interest (2)**
9:13;16:21

**interests (1)**
8:15

**interfere (1)**
9:21

**interim (1)**
22:16

**intimately (1)**
22:25

**into (9)**
4:22;5:2;8:1;
10:17;13:9;21:23;
23:7;19;24:7

**introduction (1)**
21:4

**involved (2)**
6:4,8

**Iolta (1)**
19:14

**Iron (19)**
5:6,9,11,19,21;6:4,
6,8,10,12,16;8:3,22,
25;9:3,9,10,12,14

**issue (1)**
15:22

**issues (8)**
8:10,13;11:21;
14:3;15:10;21:15;
22:5,6

**item (10)**
5:4;10:22;11:4;
12:3,14;15:7;17:4,
24,25;19:7

**items (8)**
4:3;8:19;20:3,6,8,
10,19;25:20

## J

**Jacqueline (1)**
5:19

**job (2)**
24:13;26:3

**judgment (1)**
9:24

**July (3)**
8:12;9:16;21:14

**June (1)**
23:4

**jurisdictions (1)**
23:24

## K

**Kathryn (1)**
18:7

**keep (2)**
9:4;26:4

**kick (1)**
9:5

**knew (1)**
13:3

**known (1)**
6:4

**knows (2)**
16:17,17

## L

**language (1)**
22:21

**large (1)**
7:24

**largest (1)**
5:24

**last (5)**
7:2;17:4;20:8;
21:8;22:3

**later (1)**
18:17

**law (2)**
4:10;23:24

**lawsuits (1)**
24:1

**lawyers (1)**
13:4

**least (2)**
22:5,9

**LeClairRyan (1)**
4:3

**Leer (1)**
11:18

left (3)
22:15;23:23;24:16
less (1)
9:6
letters (1)
23:23
level (1)
20:14
life (1)
7:10
light (1)
24:2
lightning (1)
17:23
likely (5)
5:6,11,24;7:1;20:8
lines (1)
15:17
list (1)
20:13
listed (1)
4:17
listen (1)
21:3
litigants (1)
24:6
litigation (7)
4:14;15:5;20:18;
21:25;23:21;24:3,6
little (1)
20:4
Local (2)
19:8;25:5
located (1)
6:6
logjam (1)
6:13
long (5)
5:9;8:23,23;17:9;
23:6
look (1)
15:1
looking (3)
14:15;15:7;21:20
Lori (1)
12:4
lot (1)
20:14
lots (1)
16:22
Ltd (1)
25:5
Lynn (1)
5:1

**M**

ma'am (3)
18:12;25:2,16
maintained (2)
6:17;16:4
maintains (1)
19:18

manner (1)
13:1
many (2)
13:3;20:5
market (1)
19:21
Massachusetts (1)
5:13
matter (10)
5:6,9;9:15;10:25;
12:1,6,10,18;22:2;
26:1
matters (9)
4:17,18;12:8;
21:25;22:2,15;23:13,
23;24:3
may (16)
6:3;7:22;9:5;
10:25;11:2,10,13;
12:1;15:5,14;17:6,6,
7;23:20;25:22,23
maybe (2)
18:18;21:2
McGinn (3)
5:14,14,18
McKee (3)
15:15;17:2,14
meaningful (1)
8:18
meantime (1)
22:16
mediate (1)
24:14
members (1)
6:10
memorializes (1)
23:11
mention (1)
6:2
message (1)
8:22
met (1)
5:16
midst (1)
17:22
Mikay (1)
25:5
million (4)
21:23;23:15,16,17
Milmoe (1)
17:15
mind (1)
21:14
mindful (1)
22:7
minimum (2)
13:6;16:4
minor (1)
25:8
modification (3)
13:21;14:1,25
modifications (1)
14:5

modified (1)
13:25
modify (1)
15:2
moments (1)
6:22
Monday (2)
11:18;22:8
money (2)
16:22;19:21
Montgomery (7)
13:23;18:7,7,11,
13,15;21:1
Morabito (5)
4:14;20:18,20,21,
22
Morabito's (1)
25:9
more (6)
5:15;15:2;23:6,12,
22;25:14
morning (1)
20:21
most (1)
6:5
mother (2)
13:8;17:24
mother's (1)
12:23
motion (11)
5:5;7:5,16;8:4;
9:18;14:22;15:14;
17:3,11,25;18:2
Mountain (18)
5:6,9,20,21;6:4,6,
8,10,12,17;8:3,22;
9:1,3,9,10,12,15
Mountain's (1)
5:11
movant (3)
11:6;12:6,11
much (1)
25:16
must (2)
16:4,6
mutual (1)
6:19

**N**

Nature (1)
17:24
near (4)
7:15;8:1;19:10;
24:18
necessarily (1)
13:5
need (3)
6:7;18:21;25:25
needed (2)
11:21;24:17
nefarious (1)
13:9

negative (6)
6:2;13:9;14:17;
15:12,21;16:5
negatively (1)
8:19
negotiated (1)
8:2
negotiations (2)
7:15;9:2
neither (1)
14:9
Nelson (2)
4:14;23:4
next (5)
7:4;14:12,23;
20:14;21:12
noise (1)
17:23
none (2)
5:15;26:2
nonetheless (2)
13:5,10
noon (1)
9:16
nor (1)
14:9
North (1)
21:1
noted (1)
8:11
notice (5)
14:17;15:12,21;
16:5;23:11
noting (1)
18:11
number (17)
4:18,20;5:4;8:11;
10:23;11:4;12:3,15,
21;13:20;15:1,7,18;
17:4,24,25;19:7

**O**

object (5)
4:23;18:5,8,10,14
objection (2)
18:11,16
objections (1)
7:5
obtain (3)
14:13,19;15:4
Obviously (5)
18:16;21:10,20;
23:25;24:18
occurred (2)
9:22;14:1
Office (7)
8:12;9:20,23;10:1;
13:16,22;14:8
OFFICER (2)
4:3;18:24
omnibus (3)
7:4;12:11;23:10

once (2)
6:15;13:22;14:6
one (14)
5:24;6:6,24;9:5;
11:20;14:1,13;16:8,
10,14;17:19;18:21;
22:2;25:8
only (4)
13:22;14:8;20:4,7
open (2)
19:3,4
openness (1)
7:11
operating (1)
19:13
operations (1)
20:2
opportunity (1)
9:13
opposed (1)
15:4
option (2)
10:19;17:20
order (14)
4:2;11:8;13:20;
14:15,21,24;15:1,20,
20;16:6,24;22:20,22;
23:12
orders (4)
6:16;12:20;14:25;
19:25
original (1)
12:24;16:2
originally (1)
13:20
out (5)
5:13;15:13;17:21,
21;25:11
over (8)
5:19;11:18;12:16;
16:11;17:2;20:4,18;
23:22
overall (1)
24:4
Overlook (1)
11:16
overrule (1)
18:15
Owner (1)
11:16

**P**

page (1)
15:18
paragraph (7)
7:19;14:16,18,20;
15:2,24;16:6
part (5)
7:16;17:4;24:4
participate (1)
10:8
participated (1)

6:24
**parties (5)**
14:19;18:23;
22:19;24:5;25:14
**parties-in-interest (1)**
16:20
**party (7)**
4:23;9:17;18:5,14;
24:6,23;25:17
**party-in-interest (1)**
25:23
**past (1)**
22:20
**Paula (1)**
4:10
**pay (4)**
7:17;8:5,8,16
**payment (1)**
19:23
**payments (4)**
9:9;16:23;20:1;
21:22
**Pecoraro (3)**
13:18,24;14:9
**penalize (1)**
10:18
**pending (4)**
7:25;15:9,10;
23:23
**performing (1)**
16:7
**permission (1)**
18:1
**person (5)**
10:6;16:18,18;
17:19;21:5
**perspective (1)**
15:25
**ph (4)**
11:18;25:5,6,6
**picking (1)**
10:18
**place (1)**
13:3
**pleadings (1)**
6:1
**Please (3)**
4:2;17:16;25:2
**PLLC (1)**
4:3
**pm (3)**
18:25;19:1;26:10
**podium (4)**
12:16;16:11;17:2,
10
**point (6)**
4:21;13:17;15:19;
16:10;18:21;25:8
**pointed (2)**
6:7;15:13
**points (1)**
17:19
**portion (2)**

18:25;26:9
**position (4)**
4:19;8:5,10;16:8
**possible (1)**
16:25
**power (1)**
8:14
**practicing (1)**
13:4
**predicted (1)**
13:8
**preliminary (1)**
22:8
**preparing (1)**
7:7
**present (3)**
17:11,14;22:24
**presenting (1)**
22:10
**pretty (1)**
21:10
**prevent (1)**
16:7
**previous (3)**
5:7;22:21;23:9
**previously (1)**
17:21
**Price (4)**
5:19,21;6:21;8:25
**primary (1)**
6:6
**prior (1)**
22:7
**priority (1)**
8:17
**privacy (1)**
13:1
**Private (1)**
25:5
**pro (1)**
25:6
**probably (1)**
22:17
**procedure (6)**
14:19;16:6;22:5,
10,24;23:1
**procedures (16)**
6:12;12:19,19,22,
25;13:2,8,11,14,15,
19,22,25;14:12,14;
15:11
**proceed (5)**
15:23;17:17;18:1,
19;25:2
**proceedings (1)**
18:17
**process (6)**
5:22,23;6:11,15;
11:14;14:17
**professionalism (1)**
5:22
**progress (3)**
7:23;23:8;24:11

**proposed (10)**
4:17;9:8;11:7,16;
13:19,25;14:5,7;
19:7;25:20
**prosecute (1)**
24:14
**protect (2)**
8:16;22:18
**protected (1)**
22:23
**protecting (1)**
16:14
**protections (1)**
16:5
**proud (1)**
13:10
**provide (1)**
20:7
**provided (1)**
8:22
**provides (1)**
14:16
**province (1)**
9:25
**provisions (1)**
15:24
**purpose (1)**
12:24
**purposes (3)**
15:6;18:18;21:12
**pursuant (3)**
6:15;19:8,25
**put (2)**
13:2;25:8
**putting (1)**
16:19

**Q**

**quick (1)**
21:10
**quickly (2)**
16:24;24:20
**Quinn (5)**
20:22;21:24;22:4,
16;23:22
**quite (1)**
9:25

**R**

**raised (1)**
16:3
**reach (1)**
25:11
**reached (5)**
6:25;7:3,24;23:12;
24:7
**real (1)**
18:22
**really (6)**
5:22;9:6;12:22;
14:2;16:20;22:2

**reasons (1)**
6:6
**recall (1)**
23:20
**recalls (2)**
5:6;12:24
**receive (1)**
16:22
**received (3)**
5:2;7:6;25:9
**recent (1)**
8:10
**recommending (1)**
13:15
**record (5)**
4:7,10;19:2;21:15;
25:13
**records (1)**
21:17
**redacted (1)**
18:17
**reduction (1)**
8:2
**referred (4)**
12:18;19:12,15;
20:12
**reflect (2)**
19:2,23
**related (8)**
6:11,13;8:10;12:8;
14:3;15:3,10;17:12
**relates (6)**
8:23;12:18;15:19;
16:13;19:11;22:6
**reliance (1)**
4:18
**remain (2)**
8:7;23:20
**remained (1)**
6:23
**remaining (1)**
24:15
**remarks (1)**
26:2
**remember (2)**
9:22,23
**remembers (2)**
5:11;20:11
**remind (1)**
12:22
**remiss (1)**
9:19
**removed (4)**
10:25;11:2,10;
12:2
**report (2)**
17:5;19:8
**reported (2)**
7:2;20:8
**reporting (1)**
23:10
**reports (2)**
5:7;6:3

**representation (1)**
5:20
**representations (2)**
6:2;7:12
**represented (1)**
7:15
**request (10)**
4:21;8:5,8;9:15;
10:7;12:9,15;15:23;
18:1;25:10
**requests (2)**
12:10;20:6
**requisite (1)**
14:19
**reservation (1)**
22:22
**reservations (1)**
22:19
**resolution (3)**
7:22;16:25;23:2
**resolve (3)**
12:7;22:5,5
**resolved (2)**
22:15;24:9
**resolving (1)**
6:16
**respect (4)**
22:6,22;23:3;24:3
**respected (1)**
13:1
**respectfully (6)**
4:21;9:15;10:7;
12:10;20:6,17
**responsible (1)**
23:18
**rest (1)**
18:1
**resulted (1)**
9:2
**retirement (1)**
5:18
**reviewed (1)**
11:25
**right (17)**
9:6;10:4;11:12;
17:9,10;18:3,9,14,
15;19:2,5;20:20;
22:12;25:16,18,24;
26:2
**rights (3)**
22:19,22,23
**rise (2)**
4:1;26:8
**road (1)**
9:6
**Rogers (1)**
25:6
**ROSENBERG (3)**
24:25;25:3,4
**Rosenbergwith (1)**
25:1
**Roy (1)**
25:6

Case 20-03142-KRH    Doc 274    Filed 07/19/22    Entered 07/19/22 10:46:22    Desc Main
Document    Page 34 of 35

LeClairRyan PLLC - 19-34574-KRH
Tavenner vs. ULX Partners, LLC - 20-03142-KRH

July 14, 2022

**Rule (1)**
  5:5
**Rules (1)**
  19:8

## S

**Saes (1)**
  25:6
**same (5)**
  7:24;8:10,19;
  11:14;16:4
**saying (2)**
  12:23;21:11
**scheduled (1)**
  17:21
**seal (16)**
  12:15;14:2,9,17;
  15:8,23;16:1,4;
  17:11;18:1,2,4,19,
  20,22,22
**sealed (4)**
  14:19;15:4;18:25;
  26:9
**sealing (1)**
  18:5
**seated (1)**
  4:2
**second (1)**
  16:23
**security (2)**
  18:24;20:13
**seeing (2)**
  4:9,25
**seek (2)**
  7:16;14:21
**sentiment (1)**
  21:11
**seriously (1)**
  22:11
**served (1)**
  21:19
**session (1)**
  4:1
**set (1)**
  24:17
**settle (2)**
  23:6;24:14
**settlement (19)**
  7:3,25;8:3;9:2,4,8,
  8;14:12,14;15:9,12,
  22;16:2,23;17:12;
  23:11,15,16;24:4
**settlements (5)**
  15:21;23:5,12,17;
  24:1
**several (1)**
  5:7
**share (2)**
  21:10;26:2
**short (1)**
  9:11
**Shorter (1)**
  13:24
**Signature (1)**
  19:18
**Similarly (1)**
  11:13
**sit (1)**
  17:6
**sits (1)**
  16:9
**sixteen (1)**
  23:23
**solution (3)**
  6:23,24,25
**son (3)**
  10:10,12,14
**soon (1)**
  21:5
**sorry (2)**
  10:12;21:4
**sought (1)**
  13:21
**special (4)**
  4:14;20:22;21:25;
  23:21
**specific (2)**
  13:5;15:3
**specifically (6)**
  5:13;7:14,19;
  13:17;15:24;19:19
**standing (2)**
  9:24;17:10
**start (3)**
  9:9;19:10;21:9
**started (1)**
  23:21
**starting (1)**
  19:9
**state (2)**
  18:10;23:24
**stated (1)**
  16:8
**statement (2)**
  21:15;25:9
**states (8)**
  7:20;8:12;13:16,
  23;14:8;16:12;18:8;
  23:24
**status (3)**
  17:4;19:8;21:8
**statute (1)**
  14:3;15:10
**staying (1)**
  17:22
**STEM (2)**
  10:12,14
**steps (2)**
  8:13;21:13
**still (4)**
  5:12;10:5;17:21;
  22:15
**stipulation (3)**
  10:24;11:7,17
**stood (2)**
**storage (1)**
  6:11
**structure (2)**
  9:3,8
**subject (2)**
  10:5;13:6
**subsidiaries (1)**
  16:21
**substantial (3)**
  6:17,19;8:1
**substantively (1)**
  11:25
**substituting (1)**
  9:23
**sums (1)**
  8:1
**support (1)**
  4:18
**supposed (1)**
  9:9
**sure (7)**
  8:21;12:24;20:3,
  11;22:18;24:10;
  25:14
**system (1)**
  19:18
**systematic (1)**
  8:2

## T

**table (1)**
  4:11
**takers (1)**
  4:25
**talk (1)**
  13:13
**talked (2)**
  15:16;24:4
**talking (1)**
  22:4
**Tavenner (10)**
  4:10,12,20;5:1;
  6:9,9;7:9,20;16:17;
  20:1
**team (2)**
  6:10,13
**term (1)**
  16:2
**terms (2)**
  8:3;22:9
**testament (2)**
  5:22,23
**Thereafter (1)**
  13:21
**Therefore (2)**
  9:14;12:9
**third (1)**
  16:23
**thirty (2)**
  21:16,18
**Thompson (2)**
**though (2)**
  6:5;14:13
**three (1)**
  12:20
**thrive (2)**
  16:16,22
**thunderstorms (1)**
  17:23
**tied (1)**
  24:3
**today (10)**
  4:16;8:24;12:17;
  16:9,15;17:15;
  18:18;21:1;25:10;
  26:1
**today's (3)**
  7:7;18:17;25:20
**together (2)**
  22:23;23:1
**tolling (2)**
  24:8;25:10
**tomorrow (2)**
  22:18;23:10
**tone (1)**
  7:1
**total (1)**
  23:13
**totaling (1)**
  23:15
**totally (1)**
  18:18
**towards (1)**
  7:22
**town (2)**
  17:21,22
**trade (1)**
  5:25
**traditional (1)**
  14:21
**transition (3)**
  6:5,13;10:16
**transitioning (1)**
  23:22
**transitions (1)**
  5:18
**transmitted (1)**
  21:17
**trial (1)**
  24:17
**true (1)**
  15:3
**truly (1)**
  16:11
**trustee (50)**
  4:12,15,24;5:8,12,
  14,20;6:18;7:8;8:12;
  9:3,14,20,23,24;
  10:1,4,7,11;11:6;
  12:7,9;13:10,14,16,
  21,23;14:4,8,21,24;
  15:19;16:3,7,10,12,
  15;18:8;19:17,18;
**12:5,11**
**20:6,15,23;21:14;**
  23:18;24:13,18;
  25:21,21;26:4
**trustee's (4)**
  4:19;15:25;16:8;
  20:11
**try (1)**
  23:1
**trying (1)**
  6:24
**Tuesday (1)**
  11:19
**turn (3)**
  12:16;17:1;20:18
**turned (2)**
  6:16;13:9
**turning (1)**
  20:2
**tweaked (3)**
  13:19,24;14:6
**twisted (1)**
  13:9
**two (8)**
  14:16;15:16;
  18:21;20:13;22:6,
  23;23:14;24:12
**two-and-a-half (3)**
  20:4,9;23:14
**two-year (2)**
  14:3;15:10
**type (1)**
  15:9

## U

**ugly (1)**
  6:1
**ultimate (1)**
  23:2
**ultimately (1)**
  16:24
**unclog (1)**
  6:13
**under (12)**
  5:5;9:8;14:14,21;
  15:23;16:5,23;18:2,
  20;23:12;24:12;
  25:11
**understands (1)**
  16:13
**unfortunately (1)**
  21:23
**United (6)**
  8:12;13:16,23;
  14:8;16:12;18:8
**UnitedLex (9)**
  12:15;16:13,13,21,
  25;17:14;21:9;
  23:13,16
**University (1)**
  10:10
**unpunished (1)**
  12:23

**unravel (1)**
9:1
**unseal (1)**
18:18
**unsecured (1)**
8:18
**up (9)**
10:4;11:14;14:3;
17:3;22:3,24;24:4;
25:25;26:5
**update (5)**
20:7,18;21:8;23:2,
5
**used (1)**
10:17
**UST (1)**
9:1

**V**

**various (1)**
23:24
**version (1)**
18:17
**via (1)**
15:23
**vice (1)**
25:7
**vindictive (1)**
16:18
**Virginia (1)**
19:14
**virtual (4)**
4:13;18:22;19:3;
20:5

**W**

**walk (1)**
21:7
**walked (1)**
5:16
**wants (1)**
16:15
**way (4)**
13:12;14:22;
15:19;22:9
**ways (3)**
13:4;14:16;15:16
**week (3)**
9:7;11:19;20:14
**weeks (2)**
20:4,9
**welcome (1)**
10:21
**what's (1)**
19:12
**Whereupon (1)**
26:9
**White (2)**
25:1,4
**Whitehurst (1)**
13:18

**who's (1)**
17:11
**wind-down (2)**
6:10,12
**wish (4)**
4:24;9:17;21:4;
25:17
**within (1)**
8:14
**without (1)**
21:11
**wonder (1)**
9:5
**wonderful (3)**
4:9;11:10;26:3
**work (4)**
5:24;21:24;22:14;
26:5
**worked (4)**
5:14;6:9,12;7:22
**working (4)**
5:8;22:1,25;24:9
**worth (1)**
9:1
**wrong (1)**
6:21

**Y**

**years (4)**
5:15;23:14,14;
24:12
**year's (1)**
9:1
**yesterday (2)**
4:19;8:23

**Z**

**Zoom (1)**
10:8

**1**

**1 (3)**
4:3;5:4;17:24
**11 (4)**
6:7;7:17;8:5;12:9
**11th (1)**
8:12
**12 (1)**
15:17
**14.75 (1)**
21:23
**1480 (1)**
8:11
**1485 (2)**
4:20;5:1
**1488 (1)**
4:18
**15 (1)**
15:17
**19.6 (1)**

23:17
**19th (1)**
9:16

**2**

**2 (2)**
10:23;17:25
**2:28 (1)**
18:25
**2021 (1)**
15:14
**2022 (5)**
7:18,22;8:6,9,12
**21 (1)**
23:16
**220 (1)**
23:22
**25th (2)**
12:11;21:14
**28th (1)**
23:4
**2nd (1)**
21:21

**3**

**3 (1)**
11:4
**3:16 (1)**
18:25
**3:27 (1)**
26:10
**31 (1)**
7:22
**35 (1)**
15:18

**4**

**4 (4)**
14:16;15:2,24;
16:6
**40.6 (1)**
23:15

**5**

**5 (1)**
12:3
**533 (3)**
12:21;13:20;14:15

**6**

**6 (2)**
12:15;14:20

**7**

**7 (13)**
4:4;5:12;6:18;
9:21,24;17:4;19:7,

24;20:22;23:18;
24:13,18;26:4

**8**

**8 (1)**
7:19

**9**

**90,000 (1)**
23:7
**9019 (7)**
5:5;7:5;8:4;14:22;
15:12,21,23
**906 (1)**
15:18
**929 (2)**
12:21;15:1
**982 (2)**
12:21;15:7